**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ASSATA ACEY, | ) | |
| | ) | CASE NO. |
| Plaintiff, | ) | |
| | ) | JUDGE |
| v. | ) | |
| | ) | **Removed from the Court of Common** |
| INDUCTEV | ) | **Pleas of Chester County, Pennsylvania** |
| | ) | **(Case No. 2023-01782-CT)** |
| Defendant. | ) | |
| | ) | |
| | ) | |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant, InductEV ("Defendant") by and through its attorneys, Fox Rothschild LLP, hereby removes this action pursuant to 28 U.S.C. §§ 1331 and 1441(a) in the above-captioned matter from the Court of Common Pleas of Chester County, where it is now pending, to the United States District Court for the Eastern District of Pennsylvania. The grounds in support of this Notice of Removal are as follows:

**INTRODUCTION**

1. This action was commenced by the filing of a Complaint in the Court of Common Pleas of Chester County, Pennsylvania, Case No. 2023-01782-CT. A true and correct copy of Plaintiff's Complaint is attached as Exhibit A.

2. A copy of the Complaint was served on Defendant on March 29, 2023. A true and correct copy of the Affidavit of Service of Summons and Complaint is attached hereto with Exhibit A.

3. The state court docket and all other filings in state court are attached hereto as Exhibit B.

**PARTIES**

4. Defendant InductEV is a corporation formed under the laws of Delaware with a principal place of business at 660 Allendale Road, King of Prussia, Pennsylvania 19406.

5. Plaintiff is an adult individual residing at 5121 Brown Street, Philadelphia, Pennsylvania 19406.

**TIMELINESS**

6. This Notice is timely pursuant to 28 U.S.C. § 1446(b) because it is filed prior to the expiration of the statutorily allowed 30-day period beginning when Plaintiff served Defendant with the Complaint.

7. Removal of this matter to the Eastern District of Pennsylvania is proper because this district "embraces the place where such action is pending." 28 U.S.C. § 1441(a). The Common Pleas Court of Chester County, Pennsylvania is within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

**GROUNDS FOR REMOVAL**

8. Plaintiff's Complaint asserts several claims and seeks damages for alleged discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"); Section 1981 of the Civil Rights Act of 1990, 42 U.S.C. § 1981 ("Section 1981"); The Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"); The Pennsylvania Human Relations Act; 42 P.S. §951-963 ("PHRA"), and Intentional Infliction of Emotional Distress ("IIED") under Pennsylvania law. (*See* Exhibit A, Compl. at p.1)

9. Plaintiff alleges she was subject to discrimination based upon race and disability, and sexually harassed during her employment with Defendant in violation of State and Federal

law, therefore causing intentional infliction of emotional distress. (*See generally,* Exhibit A, Compl.)

10. "Article III of the Constitution gives the federal courts power to hear cases 'arising under' federal statutes." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 807 (1996) (discussing requirements of federal question jurisdiction).

11. "A case 'arises under' federal law within the meaning of § 1331 . . . if a 'well pleaded complaint establishes either that federal law creates the cause of action or the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Lane v. CBS Broadcasting Inc.*, 612 F. Supp. 2d 623, 627-28 (E.D. Pa. 2009) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006)).

12. Because Plaintiff asserts claims under Title VII (42 U.S.C. § 2000e), the ADA (42 U.S.C. § 12101, *et seq.*), and Section 1981 (42 U.S.C. § 1981**)**, Plaintiff's claims arise under federal based upon the face of Plaintiff's Complaint. *See Caterpillar v. Williams*, 482 U.S. 386, 392 (1987) ("federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint").

## NOTICE

13. Promptly after filing this Notice of Removal, Defendant will provide written notice to all parties and a copy of this Notice of Removal will be filed with the Clerk of the Common Pleas Court of Chester County, Pennsylvania, in accordance with the provisions of 28 U.S.C. § 1446(d).

14. In filing this Notice of Removal, Defendant does not waive any defense or counterclaim that may otherwise be available to them.

WHEREFORE, Defendant, in conformity with the requirements set forth in 28 U.S.C. § 1446, hereby gives notice that the State Court Action, which is presently pending in the Common Pleas Court of Chester County, Pennsylvania is hereby removed to this Court.

Dated: April 14, 2023

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By: */s/ Randall C. Schauer*
Randall C. Schauer, Esquire
Alberto M. Longo, Esquire
747 Constitution Drive, Suite 100
P.O. Box 673
Exton, PA 19341
610-458-7500
rschauer@foxrothschild.com
alongo@foxrothschild.com

***Attorneys for Defendant***

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2023, the foregoing was electronically filed with the Clerk of the Court via the Court's CM/ECF filing system and was served upon the following via First Class Mail.

Assata Acey
5121 Brown St.
Philadelphia, PA 19139
*Plaintiff (Pro Se)*

/s/ *Randall C. Schauer, Esq.*
Randall C. Schauer Esq.

*Attorney for Defendant*