**Gmail**

Assata Acey <aceyassata@gmail.com>

# Request for coordination for service

1 message

---

**Assata Acey** <aceyassata@gmail.com>                                    10 March 2023 at 12:53
To: "Post, May Mon" <Maymon.post@bunkerray.com>, Alexa Heisler <Alexa.Heisler@momentumdynamics.com>, Patti Rensel <Patti.rensel@momentumdynamics.com>

 Good afternoon,
Attached is my complaint which I intend to file by monday, 03/13/2022.
For the purposes of service, please let me know if counsel have changed, or if there is another address or method in which you would prefer to receive service.

> On Fri, 21 Oct 2022 at 14:45, Post, May Mon <maymon.post@bunkerray.com> wrote:
>
> Ms. Acey:
>
> Our position has not changed. The fact that you agreed to resign and dismiss your claims in exchange for $50,000 is not in dispute, is confirmed by you in writing, and constitutes an enforceable contract. Your latest email does not even dispute these terms – your only objection is that resignation would occur after execution of the agreement. Accordingly, even assuming a fact finder found in your favor, they would conclude resignation was effective no later than the time allotted to have the agreement reviewed by counsel.
>
> Nevertheless, if you wish to review the settlement agreement with an attorney and propose a counteroffer, including the date of your resignation date (i.e., effective the date of execution of the settlement agreement), I will forward the counteroffer to my client as soon as I receive it from you. Would two weeks (Friday, November 4, 2022) be enough for you to review the agreement with an attorney and get back to me? Please advise.
>
> Nothing in this email constitutes a counteroffer or a new offer, and my client has no obligation to accept the terms of your counteroffer. However, I will do my best to persuade them to take it into consideration, if reasonable. With respect to our position as outlined in my email dated October 17th, my client reserves all rights and waives none.
>
> Thank you.
>
> **May Mon Post, Esq. | Lead Employment Attorney | Bunker & Ray**
>
> Employees of ACE American Insurance Company, a Chubb Company
>
> 436 Walnut St. | WA01A | Philadelphia, PA 19106
> (215) 845-6154 📞(direct) |   (267) 372-1240 (mobile)
>
> maymon.post@bunkerray.com
>
> This email (which includes any attachments) is intended to be read only by the person(s) to whom it is addressed. This email may contain confidential, proprietary information and may be a confidential attorney-client communication, exempt from disclosure under applicable law. If you have received this email in error, do not print it, forward it or disseminate or use it or its contents. In

such event, please notify the sender by return email (or by phone at the number shown above) and delete the email file immediately thereafter. Thank you for your cooperation.

We strive to be a paperless office. I encourage you to send all correspondence via email instead of U.S. mail when at all possible. If you email a document to me, it is not necessary to send a separate copy via U.S. mail. Thank you.

---

**From:** Assata Acey <aceyassata@gmail.com>
**Sent:** Monday, October 17, 2022 7:18 PM
**To:** Post, May Mon <maymon.post@bunkerray.com>
**Subject:** [EXTERNAL] Re: Acey, Assata v. Momentum Dynamics Corporation; CLAIMS REF NO KY22K2593096-A DOL 06/22/2022

Thank you for your correspondence.

I have been as forthcoming as possible, submitting all communications regarding this dispute to EEOC.
I did not agree to resign effective September 19. And was of the impression, as communicated, that I would receive a settlement contract (for review with optional legal counsel) detailing resignation effective on the date of execution.
Your communicated understanding of our mediation was that I would resign effective sept 19 with or without prior receipt/execution of a written agreement.

These understandings are not the same. If your understanding of our mediation as shown in your emails and submitted contract is different than mine, then we did not reach an agreement.

With this understanding, I am under no obligation to accept any agreement that I did not verbally agree to.

On Mon, 17 Oct 2022 at 15:26, Post, May Mon <maymon.post@bunkerray.com> wrote:

Good afternoon, Ms. Acey:

Your claims against InductEV (f/k/a Momentum Dynamics Corporation) were fully resolved during mediation on September 19th. Your September 27th email provides written confirmation of the parties' agreement: you agreed to "resign and dismiss existing claims" in exchange "for a settlement amount of [$]50,000." At mediation, I made it repeatedly and unambiguously clear that settlement was contingent on resignation being effective immediately. You accepted. InductEV did not (and would never) agree to a resignation at some unknown point in the future – that's an unreasonable assertion on its face since it would defeat the entire purpose of settling the claims.

Be advised that the parties' agreement reached on September 19th – later confirmed by you in writing – constitutes a binding contract and InductEV will take all necessary action to ensure you honor and comply with that agreement, as outlined below.

You cannot void or invalidate your agreement by stating it "was contingent on a contract that included agreeable material terms." Regardless, the document I provided includes all of and only the material terms the parties agreed upon (including, for example, you agreeing to a general release, non-disparagement and confidentiality, and InductEV agreeing to provide a neutral reference). Any other language is immaterial to the agreement to settle your claims and was included because it is either standard practice or legally required. In any event, I do appreciate you may have been taken aback by a document containing legal language you may be unfamiliar with. We strongly recommend that you retain a lawyer to help you understand all the terms. If you do not plan to hire one, I am willing

to simplify the document and/or remove specific language you are uncomfortable with, provided those changes do not modify the material terms we agreed to on September 19th.

Regardless of whether we have a formal signed document memorializing of our settlement, our agreement is a binding, enforceable contract.  If you continue pursuing your claims against my client this will constitute breach of contract.  When the matter reaches court, InductEV will seek dismissal of your claims and enforcement of the settlement agreement.  More importantly, InductEV will sue for breach of contract and demand reimbursement of all attorneys' fees it has incurred as a result of your breach, including all fees spent on defending against claims you already agreed to settle. InductEV may take any other legal and equitable action available to it regarding your breach, now or in the future.  My client reserves all rights and waives none.

To avoid any such consequences, we need to execute a document that memorializes the terms agreed to by both parties at mediation on September 19th. If you would like me to revise any terms or language in that document, please let me know and, as mentioned above, I will do my best to work with you to arrive at a document that contains mutually agreeable language.  Please see attached Word version of the settlement agreement, which you can feel free to mark up.  I look forward to hearing from you.

If we do not hear back from you by the end of this Friday, October 21st, we will assume you have chosen to reject your contractual obligations and InductEV will proceed accordingly.

Thank you.


**May Mon Post, Esq. | Lead Employment Attorney | Bunker & Ray**

Employees of ACE American Insurance Company, a Chubb Company

436 Walnut St. | WA01A | Philadelphia, PA 19106
(215) 845-6154 📞(direct) |   (267) 372-1240 (mobile)

maymon.post@bunkerray.com


This email (which includes any attachments) is intended to be read only by the person(s) to whom it is addressed. This email may contain confidential, proprietary information and may be a confidential attorney-client communication, exempt from disclosure under applicable law. If you have received this email in error, do not print it, forward it or disseminate or use it or its contents. In such event, please notify the sender by return email (or by phone at the number shown above) and delete the email file immediately thereafter. Thank you for your cooperation.


We strive to be a paperless office. I encourage you to send all correspondence via email instead of U.S. mail when at all possible. If you email a document to me, it is not necessary to send a separate copy via U.S. mail. Thank you.


This email (including any attachments) is intended for the designated recipient(s) only, and may be confidential, non-public, proprietary, and/or protected by the attorney-client or other privilege. Unauthorized reading, distribution, copying or other use of this communication is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) should not be deemed a waiver of any privilege or protection. If you are not the intended recipient or if you believe that you have received this email in error, please notify the sender immediately and delete all copies from your computer system without reading, saving, printing, forwarding or using it in any manner. Although it has been checked for viruses and other malicious software ("malware"), we do not warrant, represent or guarantee in any way that this communication is free of malware or potentially damaging defects. All liability for any actual or alleged loss, damage, or injury arising out of or resulting in any way from the receipt, opening or use of this email is expressly disclaimed.

Gmail - Request for coordination for service

**Chester County Complaint.pdf**
1550K

**Chester County Complaint.pdf**
1550K