## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| **ASSATA ACEY,** | | : | |
| | *Plaintiff* | : | **CIVIL ACTION** |
| v. | | : | |
| | | : | |
| **INDUCTEV,** | | : | |
| | *Defendant* | : | **No. 23-1438** |

### MEMORANDUM

PRATTER, J.                                                   FEBRUARY 2⁷, 2024

Assata Acey filed a pro se complaint alleging employment discrimination by her former employer, InductEV. InductEV advances three basic arguments in support of its motion to dismiss Ms. Acey's complaint: (1) Ms. Acey released her claims in a settlement agreement; (2) Ms. Acey has not administratively exhausted her claims; and (3) each of Ms. Acey's 20 counts fails to state a claim upon which relief can be granted. The Court cannot conclude at this early stage whether a settlement agreement exists between Ms. Acey and InductEV, or whether her amended complaint before the Equal Employment Opportunity Commission (EEOC) is sufficient to exhaust her claims. However, 10 of Ms. Acey's 20 claims fail to state a claim upon which relief can be granted. Thus, the Court grants in part and denies in part InductEV's motion to dismiss the pro se complaint.

### BACKGROUND

When Ms. Acey started working for InductEV as a Product Introduction Technician in May 2021, she was the only African American woman in a workplace of about 80 employees. She avers that she should have been hired as a Senior Technician, but she did not originally suspect that racial or sex-based bias tainted InductEV's hiring process.

At some point during her employment, anonymous complaints were lodged about Ms. Acey. Ms. Acey viewed these complaints as unfair and became concerned that she was being racially stereotyped by her coworkers. This concern grew when one colleague publicly joked that

1

Ms. Acey was from "the wrong side of the tracks" and another publicly compared her to dark chocolate during a company ice cream day. Ms. Acey also allegedly overheard a "Black philanthropy coordinator" express concern about how few Black employees were at InductEV. Ms. Acey communicated her concerns to her supervisor, who worked with her to create a plan to reduce tensions.

Ms. Acey also became concerned that she was being "targeted" at work for being a woman. For example, she once perceived that a team member muttered "bitch" at her under his breath, and she also noticed that male colleagues were uncooperative with both her and another female colleague. Additionally, she avers that a male colleague at one point "accidental[ly] graz[ed]" her. After InductEV's head of Human Resources responded to Ms. Acey's concerns with an anecdote that Ms. Acey found unhelpful, Ms. Acey did not feel that her concerns were "significant enough to be taken seriously by [Human Resources]."

By the end of 2021, Ms. Acey believed that her duties exceeded the scope of her title and "felt that this was due to race and gender." She communicated her concerns to her supervisor and proposed potential job titles, but her role did not change. Around this time, Ms. Acey was told by someone working in Human Resources that the spelling of her name did not matter, and she was prohibited from carrying her cell phone in the laboratory at work.

In early 2022, Ms. Acey's colleagues had allegedly become so uncooperative with her that her emails to the team were screened by her supervisor, who approved Ms. Acey's emails before disseminating them to her colleagues. During this period, Ms. Acey created a "curated movie list for Black History Month," which the Human Resources Director declined to share with Ms. Acey's colleagues. In a meeting about that decision, Ms. Acey complained about several instances of "hostility" towards her by white colleagues, including a door slammed in her face, notes snatched

from her hands, and criticism leveled against her in a team group chat. In a follow-up meeting, Ms. Acey felt nauseated, and the HR Director allegedly asked whether she was pregnant and recommended a gynecologist to Ms. Acey. In April 2022, Ms. Acey also complained to HR about a safety report made against her by a colleague, which Ms. Acey believed to be motivated by bias.

Also in April 2022, Ms. Acey "experienced an onset of symptoms that would later become a chronic condition," which eventually required her to take an unpaid medical leave beginning on May 16. Ms. Acey disapproved of InductEV's policy about time off from work, which initially required her to use paid time off (PTO) instead of immediately starting unpaid leave. After HR denied her initial request for unpaid leave, Ms. Acey "resolved to evaluate [her] experiences in totality" and filed a complaint with the Pennsylvania Human Relations Commission (PHRC).

In early June, before InductEV was served with Ms. Acey's PHRC complaint, InductEV asked her to sign a form before her leave could be extended longer than one month. Ms. Acey was concerned that much of the form she was asked to sign was blank, but InductEV declined to fill in the form until after she signed it. It is unclear whether Ms. Acey signed this form.

The PHRC determined that it lacked jurisdiction over Ms. Acey's case and transferred it to the EEOC in late June. The parties privately mediated the dispute on September 19, 2022. A tentative agreement was discussed whereby InductEV would pay Ms. Acey $50,000 in return for her resignation and the release of her claims, but no final agreement was reduced to writing. At the end of the mediation, the mediator allegedly told Ms. Acey that her tentative agreement with InductEV was not final.

On September 27, Ms. Acey was presented with a written settlement agreement that was "sent concurrently with [her] being locked out of company databases." Ms. Acey refused to sign this agreement. However, InductEV insisted that the settlement agreement had been finalized,

3

declined to allow Ms. Acey to start work again, and allegedly threatened to sue Ms. Acey if she did not withdraw her pending complaint before the EEOC.

On October 24, 2022, Ms. Acey filed an amended complaint before the EEOC. Her amended complaint averred five categories of violations: (1) discriminatory terms, conditions, and privileges of employment based on race and gender; (2) harassment based on race and gender; (3) retaliation for protesting InductEV's PTO policy; (4) discrimination based on disability; and (5) retaliation for filing an EEOC complaint.

On December 16, 2022, the EEOC issued Ms. Acey a Notice of Right to Sue, informing her that she had 90 days to file a lawsuit against InductEV. Exactly 90 days later, on March 14, 2023, Ms. Acey filed a complaint against InductEV in the Court of Common Pleas of Chester County. Ms. Acey's complaint alleges 20 counts against InductEV, including: violations of Title VII for racial and sex-based discrimination and retaliation (Counts I, V, VII, X, XVIII); violations of the Pennsylvania Human Relations Act (PHRA) for racial, sex-based, and disability-based discrimination and retaliation (Counts II, III, VI, XI, XII, XIV, XVI, XVII, XIX); various violations of the Civil Rights Act of 1866 (Counts IV, VIII, IX); violations of the Americans with Disabilities Act (ADA) (Counts XIII, XV); and intentional infliction of emotional distress (Count XX). InductEV removed the case to federal court in April and timely filed a motion to dismiss Ms. Acey's complaint.[1]

---

[1]    Ms. Acey filed a pro se motion, styled a motion for summary judgment, on April 24, 2023, ten days after InductEV filed its removal notice. Mot. for Summary Judgment, Doc. No. 5. The opening line of this motion reads: "Due to Defendant's failure to plead, I, Assata Acey am asking for an order granting Summary Judgment according to the undisputed facts of my complaint[.]" *Id.* at 1. Because Ms. Acey's predicate for filing this motion was InductEV's putative failure to plead, the Court construes this as a motion for default judgment and denies it as premature. The Court granted InductEV's motion for an extension of time to respond to Ms. Acey's complaint, Order of April 26, 2023, Doc. No. 7, and InductEV timely filed its motion to dismiss by the Court-ordered deadline of April 27. Doc. No. 10. The Court mooted Ms. Acey's motion to vacate this extension and expressly permitted InductEV's motion to dismiss. Order of May 1,

LEGAL STANDARD

At the motion to dismiss stage, the Court must accept factual allegations as true, but it is not "compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (internal citations and quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

DISCUSSION

InductEV's motion to dismiss advances three arguments: (1) Ms. Acey released her claims as part of a binding settlement agreement; (2) Ms. Acey failed to exhaust her claims before the EEOC; and (3) Ms. Acey failed to state claims upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court addresses each argument in turn.

## I. InductEV has not demonstrated the existence of a binding settlement agreement.

Ms. Acey has specifically, plausibly, and clearly pled that she did not conclude a final settlement agreement with InductEV. Compl. ¶¶ 66-72, 82-84, Doc. No. 1-2. At the Rule 12 stage, the Court must accept these allegations as true. *Baraka*, 481 F.3d at 195. InductEV attempts to demonstrate the existence of a settlement agreement by pointing to language from a September 27, 2022 email from Ms. Acey, which reads: "I did agree to a verbal agreement in which I would resign and dismiss existing claims . . . in return for a settlement amount of [$]50,000[.]" Mem. of

---

2023, Doc. No. 13. Because InductEV timely responded to Ms. Acey's complaint, her motion for default judgment is denied.

L. in Supp. of Mot. to Dismiss at 11, Doc. No. 10 (quoting Compl. ¶ 266, Doc. No. 1-2). However, the next sentence of Ms. Acey's email reads, "The execution of this agreement was contingent on a contract that included agreeable material terms." Compl. ¶ 266, Doc. No. 1-2. In context, this email suggests that the putative settlement agreement between Ms. Acey and InductEV may have been subject to a condition precedent, namely a writing containing agreeable terms. *See Am. Diabetes Ass'n v. Friskney Family Tr., LLC*, 177 F. Supp. 3d 855, 877 (E.D. Pa. 2016) (quoting *Acme Markets, Inc. v. Fed. Armored Exp., Inc.*, 648 A.2d 1218, 1220 (Pa. Super. Ct. 1994)) ("[A] condition precedent may be defined as a condition which must occur before a duty to perform under a contract arises."). The Court expresses no opinion at this early stage about either whether a binding settlement agreement was reached or whether any such agreement was subject to a condition precedent. Ms. Acey has pled that no agreement was reached, and the evidence before the Court of a binding agreement is equivocal. The Court takes Ms. Acey's allegation as true.

InductEV's conclusory assertion that Ms. Acey "developed" *post hoc* reasons that she was not bound by her putative settlement agreement fails to persuade the Court, especially in the absence of a writing memorializing the agreement. Of course, a binding settlement agreement may exist absent a writing, *Commerce Bank v. First Union Nat'l Bank*, 911 A.2d 133, 147 (Pa. Super. Ct. 2006), and InductEV is free to gather evidence of a binding oral agreement for the Court to consider at summary judgment. However, accepting the allegations of the complaint as true, the Court declines to find that Ms. Acey's claims are barred by a settlement agreement.

Thus, the Court denies InductEV's motion to dismiss insofar as it relies on the existence of a binding settlement agreement in this matter.

## II.    InductEV has failed to demonstrate Ms. Acey's failure to exhaust.

InductEV further argues that Ms. Acey failed to exhaust her administrative remedies under Title VII, the ADA, and the PHRA. However, the exhaustion section of InductEV's motion to

6

dismiss focuses entirely on the deficiencies of Ms. Acey's original complaint before the EEOC, *not* her more comprehensive amended EEOC complaint. *See* Reply in Further Supp. of Mot. to Dismiss at 2, Doc. No. 17. InductEV's reply brief invites the Court to strictly construe the factual allegations contained in Ms. Acey's amended EEOC complaint in order to conclude that the allegations contained in her judicial complaint are not "fairly within the scope of [her] prior EEOC complaint." *Larochelle v. Wilmac Corp.*, 210 F. Supp. 3d 658, 699 (E.D. Pa. 2016) (quoting *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984)). The Court declines the invitation.

The Court analyzes EEOC charges with the awareness that they "are most often drafted by one who is not well versed in the art of legal description." *Hicks v. ABT Assocs., Inc.*, 572 F.2d 960, 965 (3d Cir. 1978); *Houle v. Walmart Inc.*, 447 F. Supp. 3d 261, 276 (M.D. Pa. 2020). Thus, "the scope of the original charge should be liberally construed." *Hicks*, 572 F. 2d at 965. The touchstone for determining whether a plaintiff has exhausted administrative remedies is whether the factual allegations of the judicial complaint are "fairly within the scope of" the liberally construed EEOC complaint. *Parsons v. City of Phila. Coordinating Off. Drug & Abuse Programs*, 822 F. Supp. 1181, 1184 (E.D. Pa. 1993). Finally, because failure to exhaust is an affirmative defense, the defendant "bears the burden of pleading and proving" the plaintiff's failure to exhaust. *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997); *see also Walker v. Wetzel*, No. 20-4460, 2022 WL 17650456, at *1 (E.D. Pa. Dec. 13, 2022) (citing *Jones v. Bock*, 549 U.S. 199, 212, 216-17 (2007)) ("Failure to exhaust is an affirmative defense the defendant must plead and prove, not a pleading requirement for the plaintiff.").

InductEV has not met its burden. Ms. Acey's amended EEOC complaint avers that InductEV both discriminated against her on the basis of race, sex, and disability and then retaliated against her for filing an EEOC complaint. InductEV's motion to dismiss analyzed the wrong

7

EEOC complaint, and its reply brief tried to remedy this mistake with conclusory statements that Ms. Acey's amended EEOC complaint was insufficient for exhaustion purposes. *See, e.g.*, Reply in Further Supp. of Mot. to Dismiss at 4-5, Doc. No. 17 (quoting the amended EEOC complaint and asserting without citation to authority that "these narrow and particular allegations are not reasonably related to the dozens . . . of race and gender based allegations in Plaintiff's Complaint"). The mistaken motion and conclusory brief fail to prove that Ms. Acey did not exhaust.

Thus, the Court denies InductEV's motion to dismiss insofar as it relies upon Ms. Acey's alleged failure to exhaust administrative remedies.

### III.      Failure to state a claim pursuant to Rule 12(b)(6)

InductEV moves to dismiss each of Ms. Acey's 20 counts for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court grants InductEV's motion in part and denies it in part.

To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). The Court accepts the complaint's factual allegations as true, but mere "bald assertions" or "legal conclusions" are insufficient. *Mores v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

#### A.   <u>Ms. Acey's Title VII and PHRA Discrimination and Hostile Work Environment Claims</u>

Ms. Acey avers four violations of Title VII for race and sex-based discrimination (Counts I, V, VII, and X). She also avers five violations of the PHRA for race and sex based discrimination (Counts II, III, VI, XI, XII). The Court dismisses Counts I, II, and III with prejudice. Although Counts X, XI, and XII do not adequately allege sex-discrimination claims, they sufficiently allege hostile work environment claims to survive InductEV's motion to dismiss.

8

To state a claim for discrimination under Title VII, a plaintiff must demonstrate: (1) that she "is a member of a protected class;" (2) that she was qualified for the position she sought to attain or retain; (3) that she "suffered an adverse employment action;" and (4) that "the action occurred under circumstances that could give rise to an inference of intentional discrimination." *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008). "Generally, claims brought under the PHRA are analyzed under the same standards as their federal counterparts." *Kroptavich v. Pa. Power & Light Co.*, 795 A.2d 1048, 1055 (Pa. Super. Ct. 2002).

### 1. Counts I, II, and III do not state a claim for either discrimination or hostile work environment.

Ms. Acey's first count, "Discriminatory Intimidation for Opposing Unlawful Racial Harassment," avers a Title VII violation based on Ms. Acey's belief that InductEV's efforts to reduce racial bias were insufficient, and HR declined to take her suggestions for improving them. Compl. ¶¶ 90-102, Doc. No. 1-2. Her second count, "Aiding and Abet[t]ing Unlawful Employment Discrimination," avers a PHRA violation and relies on the same allegations as Count I. Similarly, Count III, "Discriminatory Intimidation on the Basis of Opposing Forbidden Racial Discrimination," avers a PHRA violation based on InductEV declining to share Ms. Acey's movie list for Black History Month with her colleagues. *Id.* ¶ 110.

The Court of Appeals for the Third Circuit has "defined an adverse employment action under Title VII as an action by an employer that is serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." *Magerr v. City of Philadelphia*, No. 15-4264, 2016 WL 1404156, *5 (E.D. Pa. Apr. 11, 2016) (internal quotation marks omitted) (quoting *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004)). As the Supreme Court has explained, "[a] tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly

different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998). However, "[w]hat constitutes an 'adverse employment action' in the context of a discrimination case is not to be determined on a 'one-size-fits-all basis.'" *Daniels v. Sch. Dist. of Phila.*, 982 F. Supp. 2d 462, 479 (E.D. Pa. 2013) (quoting *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 411 (3d Cir. 1999)). Instead, the elements of a prima facie discrimination case under Title VII and the PHRA "depend on the facts of the particular case." *Jones*, 198 F.3d at 411.

Ms. Acey has failed to plead that InductEV took an adverse employment action against her when the human resource department declined to take her recommendations regarding employee programming. Ms. Acey was hired as a technician, and the conditions of her job as a technician were not altered in any tangible way when InductEV did not take its technician's advice about how to reduce racial bias in the workplace. Her pay, position, and benefits remained the same, and she has not averred that her responsibilities involved participating in the creation of content for employee programming of any kind. Thus, Ms. Acey has not stated a claim for discrimination in Counts I, II, or III of her complaint.

Construing Ms. Acey's pro se complaint liberally, these same counts could also aver hostile work environment claims against InductEV. To establish a hostile work environment claim under Title VII, Ms. Acey must show: (1) that she suffered intentional discrimination because of her race or sex; (2) that this discrimination was severe or pervasive; (3) that the discrimination detrimentally affected the plaintiff; (4) that the discrimination would detrimentally affect a reasonable person of the same race or sex in the plaintiff's position; and (5) that *respondeat superior* liability exists. *Burgess v. Dollar Tree Stores, Inc.*, 642 F. App'x 152, 154-55 (3d Cir. 2016) (quoting *Huston v. Procter & Gamble Paper Prods. Corp.*, 568 F.3d 100, 104 (3d Cir.

2009)); *Williams v. Mercy Health Sys.*, 866 F. Supp. 2d 490, 501 (E.D. Pa. 2012) (citing *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 267 (3d Cir. 2001)).

Ms. Acey has failed to plead a claim for a hostile work environment because she has not pled that she suffered intentional discrimination when InductEV declined to follow her advice about employee programming. "Discriminatory intent has been defined as proof of an actual motive; [it is] not a legal presumption drawn from a factual showing of anything else than actual motive." *Wise v. Ridgewood Corp.*, No. 06-CV-1344 (FSH), 2008 WL 11510332, at *3 (D.N.J. Feb. 11, 2008) (citing *Pullman-Standard v. Swint*, 456 U.S. 273, 290 (1982)). In these counts, Ms. Acey merely makes conclusory statements that InductEV intentionally discriminated against her. *See, e.g.*, Compl. ¶¶ 102, 107, 114-15. However, the Court is not required to accept legal conclusions as true at the motion to dismiss stage. *Baraka*, 481 F.3d at 195. Ms. Acey has simply averred that she made suggestions about programming to reduce racial bias at InductEV, and InductEV did not take her suggestions. Notwithstanding her bare assertions that InductEV declined with the intent to discriminate against her, Ms. Acey has failed to plead any facts that lend this account credibility. Therefore, Ms. Acey has not stated a claim for relief on the basis of a hostile work environment.

Thus, the Court dismisses Counts I, II and III with prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

### 2. Counts V and VI state a claim for hostile work environment.

The Court construes Ms. Acey's fifth count, "Racial Harassment as a Discriminatory Condition of Employment in Violation of Title VII," as a hostile work environment claim. Count V avers that Ms. Acey experienced "ongoing and pervasive racial harassment as a condition of [her] employment at [InductEV]." Compl ¶ 120, Doc. No. 1-2. In support, Ms. Acey alleges that she was: accused of stealing time and missing meetings, subject to criticism for her work

attendance and work ethic, sabotaged by coworkers, and the butt of jokes about studying physics and coming from "the wrong side of the tracks." *Id.* ¶ 121. A senior co-worker of Ms. Acey's at InductEV also "[c]ompared [her] to dark chocolate in front of another colleague during a company ice cream day." *Id.* ¶ 25. Tensions between Ms. Acey and her coworkers allegedly forced Ms. Acey to undertake "additional labor," including documenting her work for her teammates and getting manager approval before sending emails to her teammates. *Id.* ¶¶127-28. Ms. Acey's sixth count of the same name reproduces her fifth count as a violation of the PHRA.

Ms. Acey has sufficiently pled hostile work environment claims against InductEV based on racial discrimination. The Court notes that most of Ms. Acey's work experiences are not facially related to race. *Cf. Chandler v. La-Z-Boy, Inc.*, 621 F. Supp. 3d 568, 574 (E.D. Pa. 2022) ("The taunts from Chandler's colleagues . . . do not support her claim because those taunts, on their face, were not racially based, and there are no facts alleged that otherwise suggest that they were racially motivated"). However, Ms. Acey's pro se complaint avers that these experiences were based on "prevailing racial stereotypes," and she supports that averment by alleging that other Black employees of InductEV were also subject to unfair criticism based on the same racial stereotypes. Compl. ¶ 123, Doc. No. 2-1. "[A]n unpleasant isolated incident" would be insufficient to sustain a hostile work environment claim. *Chandler*, 621 F. Supp. 3d at 573 (quoting *Hoff v. Spring House Tavern*, No. 13-0662, 2013 WL 2434615, at *4 (E.D. Pa. June 5, 2013). But multiple racially discriminatory jokes, some from a senior InductEV employee, comparing Ms. Acey to chocolate ice cream and suggesting that she is from the "wrong side of the tracks," in a workplace where Black workers are routinely subjected to unfair criticism and disproportionate obstacles to their employment as a result of their race could sustain a hostile work environment claim.

Thus, the Court denies InductEV's motion to dismiss Counts V and VI.

### 3. Count VII states a claim for employment discrimination under Title VII.

The Court construes Ms. Acey's seventh count, "Discriminatorily Limited Opportunity on the Basis of Race in Violation of Title VII," as a discrimination claim for the failure of InductEV to promote Ms. Acey due to her race. The Court denies InductEV's motion to dismiss Count VII.

Ms. Acey avers that, although she was assigned all the responsibilities of a Senior Technician, she was designated a Technician only, which limited her compensation. Compl. ¶¶ 146, 160, Doc. No. 1-2. This designation was cited by InductEV when Ms. Acey's request for a raise was denied. *Id.* ¶ 160. Ms. Acey points out that seven white colleagues were promoted by InductEV during and around the time of her employment, but she was not promoted to Senior Technician, even though she was already fulfilling all of the duties of the senior role. *Id.* ¶¶ 144-46. She also notes that only one Black employee of InductEV has been promoted in the company's 12-year history. *Id.* ¶ 151.

The Court finds that Ms. Acey has sufficiently pled, at the Rule 12 stage, a claim for employment discrimination based on InductEV's failure to promote her. Ms. Acey has pled that she was qualified for the position of Senior Technician and received less pay because she was designated as a Technician instead. Failure to promote constitutes an adverse employment action under Title VII. *Barnes v. Nationwide Mut. Ins. Co.*, 598 F. App'x 86, 90 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a)(1)). The disproportionate promotion of white employees instead of Black employees at InductEV, paired with Ms. Acey's allegations of both personal racial discrimination and her observations about the treatment of Black colleagues at InductEV, "could give rise to an inference of intentional discrimination." *Makky*, 541 F.3d at 214.

Thus, the Court denies InductEV's motion to dismiss Count VII.

### 4. Counts X, XI, and XII do not state a claim for intentional discrimination on the basis of sex.

Ms. Acey's tenth, eleventh, and twelfth counts aver intentional discrimination on the basis of sex in violation of Title VII and the PHRA. To state a claim for sex discrimination under Title VII, a plaintiff must demonstrate: (1) that she is a member of a protected class; (2) that she was qualified for the position she sought to attain or retain; (3) that she suffered an adverse employment action; and (4) that the action occurred under circumstances that could give rise to an inference of intentional discrimination. *Makky*, 541 F.3d at 214. "Generally, claims brought under the PHRA are analyzed under the same standards as their federal counterparts." *Kroptavich*, 795 A.2d at 1055.

Ms. Acey does not aver that she suffered an adverse employment action under circumstances that could give rise to an inference of discrimination. She disapproved of InductEV's training for employees about sexual harassment. *See* Compl. ¶¶ 177-83. She avers that colleagues discriminated against her on the basis of sex by staring at her, commenting on her physical activity, asking whether all other employees had left, brushing against her in an open corridor, and "behav[ing] lewdly towards [her.]" *Id.* ¶¶ 184, 190. Ms. Acey was dissatisfied with the response of human resources when she complained about this behavior. *Id.* ¶¶ 189-91. However, Ms. Acey's supervisor "went out of his way to redirect" a colleague "when he stared at [Ms. Acey's] backside" and asked another colleague's supervisor to stop pressuring Ms. Acey to attend group lunches with him. *Id.* ¶ 190, 192. Because none of these averments identify an adverse employment action, Ms. Acey's claims for sex discrimination under Title VII and the PHRA fail to state a claim pursuant to Rule 12(b)(6).

### 5. Counts X, XI, and XII do state a claim for hostile work environment.

Construing Ms. Acey's pro se complaint liberally, these same three counts could also be understood to aver a hostile work environment claim. To establish a hostile work environment

claim under Title VII, Ms. Acey must show: (1) that she suffered intentional discrimination because of her sex; (2) that this discrimination was severe or pervasive; (3) that the discrimination detrimentally affected her; (4) that the discrimination would detrimentally affect a reasonable person of the same sex in the plaintiff's position; and (5) that *respondeat superior* liability exists. *Burgess*, 642 F. App'x at 154-55 (quoting *Huston*, 568 F.3d at 104); *Mercy Health*, 866 F. Supp. 2d at 501 (citing *Abramson*, 260 F.3d at 267). As the Third Circuit Court of Appeals has explained, "[a]n employer is not always vicariously liable for a hostile work environment." *Hitchens v. Montgomery County*, 278 F. App'x 233, 235 (3d Cir. 2008 ) (alteration in original) (quoting *Kunin v. Sears Roebuck & Co.*, 175 F.3d 289, 293 (3d Cir. 1999)). An employer is only liable for a hostile work environment "for an actionable hostile environment *created by a supervisor* with immediate (or successively higher) authority over the employee." *Id.* at 235-36 (emphasis added) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998)).

The Court finds that Ms. Acey has sufficiently pled a claim for a hostile work environment based on sex discrimination. Ms. Acey was "admonished" to bring sexual harassment concerns to Judy Talis, InductEV's Chief Administrative Officer. Compl. ¶ 185. However, when Ms. Acey complied, Ms. Talis, a C-level officer of the company, allegedly dismissed her concerns, discouraged Ms. Acey from bringing further details about sexual harassment to her attention, refrained from investigating, and "did not act in good faith to . . . prevent further instances of harassment." *Id.* ¶¶ 185-89, 191. This left Ms. Acey uncertain about how to communicate her concerns about sexual harassment at InductEV. *Id.* ¶ 190. By contrast, Ms. Acey pled that, when she complained about her colleagues to her supervisor, he "went out of his way" to address her concerns. However, she was instructed not to bring these concerns to her helpful supervisor. Instead, she was to bring them to the allegedly dismissive Chief Administrative Officer, Ms. Talis.

To the extent that the significant sexual harassment alleged by Ms. Acey was the result of Ms. Talis' dismissive response to Ms. Acey's concerns, Ms. Acey has adequately pled a hostile work environment claim under Title VII to survive InductEV's motion to dismiss.

The Court denies InductEV's motion to dismiss Counts X, XI, and XII.

### B.  Ms. Acey's ADA and PHRA Claims for Disability Discrimination

Ms. Acey brings four counts against InductEV for disability-based discrimination. However, Ms. Acey has not alleged with specificity that she is disabled within the meaning of the Americans with Disabilities Act. The Court dismisses Counts XIII, XV, and XVI without prejudice and grants Ms. Acey leave to amend. Count XIV is dismissed with prejudice.

### 1. Counts XIII, XV, and XVI do not sufficiently plead ADA violations to survive a motion to dismiss.

Ms. Acey has not adequately pled an ADA violation or PHRA violation based on disability discrimination to survive a motion to dismiss. A plaintiff bringing a discrimination claim under the ADA must show that she is "(1) disabled within the meaning of the ADA, (2) can perform essential functions of her job with or without reasonable accommodation, and (3) suffered an adverse employment action as a result of discrimination based on her disability." *Doe v. Triangle Doughnuts, LLC*, 472 F. Supp. 3d 115, 137 (E.D. Pa. 2020) (internal quotation marks omitted) (quoting *Drummer v. Trustees of Univ. of Pennsylvania*, 286 F. Supp. 3d 674, 682 (E.D. Pa. 2017). "Generally, claims brought under the PHRA are analyzed under the same standards as their federal counterparts." *Kroptavich*, 795 A.2d at 1055. A plaintiff averring discrimination under the ADA "need not affirmative[ly] plead each prime facie element, but rather must simply state facts sufficient to indicate that discovery can reasonably be expected to lead to evidence satisfying the claim's elements." *Triangle Doughnuts*, 472 F. Supp. 3d at 137 (citing *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)).

Ms. Acey's pro se complaint does not sufficiently allege that she is disabled within the meaning of the ADA. She has vaguely averred that in April 2022 she "experienced an onset of symptoms that would later become a chronic condition." Compl. ¶ 44, Doc. No. 1-2. Her complaint is written in the first person and proceeds to refer to "my disability." *See id.* ¶¶ 69, 214, 220, 226. The ADA defines an "individual with a disability" as someone who has "(1) a physical or mental impairment which substantially limits one or more of such person's major life activities, (2) has a record of such an impairment, or (3) is regarded as having such an impairment." *Wishkin v. Potter*, 476 F.3d 180, 185 (3d Cir. 2007) (citing 29 U.S.C. § 705(20)(B)). Ms. Acey's complaint contains vague allegations relating to her putative disability but does not contain sufficient factual matter for the Court to determine whether she qualifies as disabled under the ADA. Whatever her disability may be, the Court does construe her complaint to aver that Ms. Acey could return to work if provided an accommodation in the form of medical leave. *See* Compl. ¶ 73 (stating that Ms. Acey provided a return to work letter from her doctor).

With respect to the third element of an ADA claim, Ms. Acey has averred her dissatisfaction with the procedures InductEV employed to determine her eligibility for medical leave. Compl. ¶¶ 205-13. She vaguely asserts InductEV's request that she sign a blank form "would provide fraudulent aid to [her] being terminated on the basis of [her] disability." Compl. ¶¶ 205-14. The Court liberally construes the pro se complaint to aver that InductEV fired Ms. Acey because of her disability. At the motion to dismiss stage, this satisfies "the post-*Twombly* pleading standard[,]" which "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements." *Connelly*, 809 F.3d at 789 (3d Cir. 2016) (quoting *Phillips v. County. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (internal

quotation marks omitted)). However, Ms. Acey will need to produce further evidence of discrimination based on disability through the discovery process.

The Court dismisses Counts XIII, XV, and XVI without prejudice and grants Ms. Acey leave to amend her complaint to address the deficiency as to the first element of a claim of disability discrimination.

### 2. Count XIV does not state a claim upon which relief can be granted.

Ms. Acey's fourteenth claim avers that InductEV's Chief Administrative Officer, Ms. Talis, aided and abetted InductEV's discriminatory termination of Ms. Acey by undertaking a course of action in Ms. Talis' role as InductEV's Chief Administrative Officer. Compl. ¶¶ 221-26. However, a defendant "cannot aid and abet its own unlawful conduct." *Hewitt v. BS Transp. of Ill., LLC*, 355 F. Supp. 3d 227, 239 (E.D. Pa. 2019). Ms. Talis could not have aided and abetted InductEV's alleged discrimination while acting as an agent of InductEV itself.

Thus, the Court dismisses Count XIV with prejudice.

### C. Ms. Acey's Retaliation Claims

The Court construes Ms. Acey's seventeenth, eighteenth, and nineteenth counts as Title VII retaliation claims.[2] The elements of a Title VII retaliation claim are: (1) the plaintiff "engaged in activity protected by Title VII; (2) the employer took adverse employment against her; and (3) there was a causal connection between her participation in the protected activity and the adverse

---

[2]     To the extent that Count XVII, "Attempting to Coerce Unlawful Discrimination—Constructive Termination," alleges a constructive discharge claim, it is dismissed. There are two elements of a constructive discharge claim: "A plaintiff must prove first that he was discriminated against by his employer to the point where a reasonable person in his position would have felt compelled to resign. But he must also show that he actually resigned." *Green v. Brennan*, 578 U.S. 547, 555 (2016). Ms. Acey has not pled that she resigned but that she was terminated. Compl. ¶ 261, Doc. No. 1-2. Thus, she has not pled a claim for constructive discharge.

employment action." *Selvato v. SEPTA*, 658 F. App'x 52, 56 (3d Cir. 2016) (quoting *Nelson v. Upsala Coll.*, 51 F.3d 383, 386 (3d Cir. 1995)).

Ms. Acey engaged in activity protected by Title VII by filing an EEOC complaint, and she has pled that InductEV terminated her after she exercised that right. InductEV argues that it never fired Ms. Acey but merely acted on her putative agreement to resign in exchange for $50,000. However, the Court has already explained that it cannot conclude at this stage whether an agreement was actually reached. Simply put, Ms. Acey has pled that she filed an EEOC complaint and engaged in mediation with InductEV that did not yield a final agreement. Eight days later, InductEV allegedly fired her. This so-called termination may have in fact been in accordance with a settlement agreement reached during mediation, but Ms. Acey has plausibly pled that she was terminated eight days after her EEOC mediation failed to yield any such agreement. The Court also notes Ms. Acey's allegation that InductEV told her she would be sued if she did not withdraw her EEOC complaint.

Thus, the Court denies InductEV's motion to dismiss Counts XVII, XVIII, and XIX.

### D. Alleged Violations of 42 U.S.C. § 1981

Ms. Acey's fourth, eighth, and ninth counts aver violations of 42 U.S.C. § 1981. To state a claim under § 1981 based on race, a plaintiff must allege: "(1) that plaintiff is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute, which includes the right to make and enforce contracts[.]" *Jordan v. Staffing Plus, Inc.*, 315 F. Supp. 3d 844, 847 (E.D. Pa. 2018) (citing *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001)).

#### 1. Unequal Pains

Counts IV and IX aver that Ms. Acey's efforts to oppose racial harassment were an "unequal pain" imposed upon her in violation of § 1981(a). Compl. ¶¶ 117, 172. The statute reads:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). Ms. Acey argues that "had [she] not been Black[,] [she] would not have had to oppose racial harassment," which constitutes "an unequal pain compared to White citizens." Compl. ¶ 117, Doc. No. 1-2. The Court understands the averred "unequal pain" to be that Ms. Acey recommended changes to InductEV's employee programming with respect to race, which InductEV declined to follow. However, as discussed above, Ms. Acey has not pled that she suffered intentional discrimination when InductEV declined to follow her advice about employee programming. Thus, Ms. Acey has not pled that InductEV intentionally discriminated against her in the course of her efforts to oppose racial harassment.

The Court grants InductEV's motion to dismiss Counts IV and IX with prejudice.

### 2. Right to Make and Enforce Contracts

Count VIII avers that Ms. Acey's "right to make and enforce contracts" pursuant to § 1981(b) was infringed when InductEV declined to promote her. Compl. ¶¶ 165-66. The statute defines the right to make and enforce contracts as including: "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Ms. Acey seizes on the statutory word "modification," arguing that InductEV's failure to promote her constituted a denial of her right to modify her contract. *See* Compl. ¶¶ 165-66.

InductEV summarily asserts that this count should be dismissed because the paragraphs that appear underneath it in Ms. Acey's pro se complaint are "vague and conclusory allegations that do not suffice under Rule 8." However, InductEV ignores Ms. Acey's allegations elsewhere

relating to white colleagues who were promoted during the relevant time period, *see id.* ¶¶ 144-46, the dearth of promoted Black employees at InductEV, *see id.* at ¶ 151, and the mismatch between her qualifications and responsibilities on the one hand and her formal designation and pay on the other, which InductEV cited to deny her a raise, *see id.* at ¶¶ 146, 160. As the Court has already explained, these averments "could give rise to an inference of intentional discrimination." *Makky*, 541 F.3d at 214. Facially, Ms. Acey has plausibly pled that she was discriminated against on the basis of her race when she was prevented from engaging in contract-modification, an activity specifically enumerated in § 1981.

Thus, the Court denies InductEV's motion to dismiss Count VIII.

### E. <u>Intentional Infliction of Emotional Distress</u>

Ms. Acey's twentieth count avers that InductEV is liable for intentional infliction of emotional distress, or IIED. To state a claim for intentional infliction of emotional distress, a plaintiff must plead that the defendant's conduct: (1) was "extreme and outrageous," (2) was "intentional or reckless," and (3) caused severe emotional distress. *Jordan v. Pa. State Univ.*, 276 A.3d 751, 775 (Pa. Super. Ct. 2022) (quoting *Madreperla v. Williard Co.*, 606 F. Supp. 874, 879-90 (E.D. Pa. 1985)). To satisfy the first element of an IIED claim, the conduct alleged must be "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting *Rineheimer v. Luzerne Cty. Cmty. Coll.*, 539 A.2d 1298, 1305 (Pa. 1988)).

The Court does not minimize either the importance or severity of Ms. Acey's claims. However, she has not averred misconduct by InductEV that rises to the level of atrocity required to support an IIED claim. "[R]acial discrimination alone does not meet the 'extreme and outrageous conduct' standard necessary to state a claim for intentional infliction of emotional distress." *Jackson v. Lehigh Valley Physicians Grp.*, No. 08-3043, 2009 WL 229756, at *9 (E.D.

Pa. Jan. 30, 2009) (quoting *Hargraves v. City of Philadelphia*, No. 05-CV-4759, 2007 WL 1276937, at *3 (E.D. Pa. Apr. 26, 2007). In support of her IIED claim, Ms. Acey avers that InductEV has failed to fulfill its obligation to "work[] in good faith to prevent, address[,] or eliminate unlawful discrimination[.]" Compl. ¶ 279, Doc. No. 1-2. However, the Court cannot conclude that a company with room to improve its employee programming about combating workplace bias has gone "beyond all possible bounds of decency" by failing to do so. *Jordan*, 276 A.3d at 775. Thus, Ms. Acey has not plausibly pled a claim for IIED.

The Court grants InductEV's motion to dismiss Count XX with prejudice.

### CONCLUSION

Ms. Acey has plausibly pled claims for discrimination and a hostile work environment based on race; a hostile work environment based on sex; retaliation for exercising rights protected by Title VII; and a claim for racial discrimination under § 1981. InductEV has not demonstrated either the existence of an enforceable settlement agreement or that Ms. Acey failed to exhaust her claims. Pursuant to Rule 12(b)(6), the Court dismisses Counts I, II, III, IV, IX, XIII, XIV, XV, XVI, and XX. The Court grants Ms. Acey leave to amend her complaint to address deficiencies in those counts dismissed without prejudice, namely Counts XIII, XV, and XVI. An appropriate order follows.

BY THE COURT:

**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**