IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASSATA ACEY, | : | |
| *Plaintiff* | : | CIVIL ACTION |
| v. | : | |
| | : | |
| INDUCTEV, | : | |
| *Defendant* | : | No. 23-1438 |

## MEMORANDUM

PRATTER, J.                                                                                           MARCH 12, 2024

InductEV allegedly discriminated against Assata Acey on the basis of race, sex, and disability during her term of employment. Ms. Acey's original complaint contained 20 counts, and InductEV filed a motion to dismiss. The Court dismissed half of Ms. Acey's counts, and Ms. Acey filed a motion to reconsider regarding five of the dismissed counts. The Court denies Ms. Acey's motion to reconsider.

### LEGAL STANDARD

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). The party seeking reconsideration "must show that (1) there has been 'an intervening change in controlling law,' (2) new evidence is available, and/or (3) there is a 'need to correct a clear error of law or fact to prevent manifest injustice.'" *Davender v. Warden Fairton FCI*, 757 F. App'x 74, 77 (3d Cir. 2018) (quoting *Max's Seafood Café*, 176 F.3d at 677).

1

DISCUSSION

Ms. Acey asks the Court to reconsider in part its partial grant of the motion to dismiss filed by InductEV. Specifically, she asks the Court to reconsider its dismissal of Counts I, III, IV, IX, and XX. Mot. for Recons. ¶¶ 3–4, Doc. No. 51.

Ms. Acey's motion does not argue either that the law controlling this case has changed or that new evidence is available. Because she has neither demonstrated clear factual or legal error in the Court's opinion nor identified any manifest injustice in the Court's partial grant of InductEV's motion to dismiss, the Court denies her the motion for reconsideration.

## I. Discrimination Claims

Counts I and III could be construed as averring discrimination or hostile work environment claims. *See* Mem. Op. at 9–10, Doc. No. 49. The Court dismissed the discrimination claims insofar as Ms. Acey failed to plead that InductEV took an adverse employment action against her. *Id.* at 10. Ms. Acey's motion highlights her averment that she "relayed specific instances of racial harassment" and then received an email "claiming [she] had not provided specific instances." Mot. for Recons. ¶ 8, Doc. No. 51. However, when an employee receives an email that describes a meeting otherwise than they recall that meeting, no "tangible employment action constitut[ing] a significant change in employment status" has occurred. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998). Thus, Ms. Acey has failed to demonstrate a clear error of law or fact with respect to these discrimination claims.

## II. Hostile Work Environment and § 1981 Claims

The Court dismissed the hostile work environment claims conceivably brought under Counts I and III, as well as the § 1981 claims brought under Counts IV and IX, insofar as Ms. Acey failed to plead that InductEV intentionally discriminated against her on the basis of race after the aforementioned meeting. *See* Mem. Op. at 10–11, 19–20, Doc. No. 49. Though Ms. Acey avers

2

that the aforementioned email "was sent with the intent and effect of intimidating [her] for opposing racial discrimination," Mot. for Recons. ¶ 8, Doc. No. 51, the Court is not required to accept legal conclusions couched as factual averments at the Rule 12 stage, *see Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Ms. Acey asserts that the only "logical purpose" for sending an email that did not accord with her recollection was to "convey to [her] that they were purposefully ignoring [her] allegations." Mot. for Recons. ¶ 8, Doc. No. 51. But this rigid interpretation ignores Ms. Acey's own allegations that, after Ms. Acey shared instances of discrimination with her employer, her employer asked to "clarify details" about those instances and requested notes about that discrimination to improve future trainings. Compl. ¶¶ 97–98, Doc. No. 1-2. In light of these allegations, Ms. Acey has failed to demonstrate a clear error of fact or law simply because the Court declined to adopt her legal conclusion about the allegedly discriminatory intent behind this email.

Ms. Acey also appears to suggest that the Court's reasoning with respect to her hostile work environment claims based on sex discrimination should apply equally to her claims based on race discrimination. *See* Mot. for Recons. ¶ 10, Doc. No. 51. In support, she vaguely references four supposed facts "from the Case records" without explanation. *Id.* ¶ 11. This conclusory argument fails to identify any "clear error of law or fact," much less a manifest injustice. *See Davender*, 757 F. App'x at 77.

The Court denies Ms. Acey's motion to reconsider its dismissal of Counts I, III, IV, and IX.

### III. Intentional Infliction of Emotional Distress

Ms. Acey contends that the Court erred by dismissing her claim for intentional infliction of emotional distress ("IIED") under Count XX. Mot. for Recons. ¶¶ 13–15, Doc. No. 51. She

appears to assert that all of her averments against InductEV collectively make out a claim for IIED. *See id.* ¶ 15. Specifically, Ms. Acey avers she was "subjected to an egregious and ongoing combination of various forms of unlawful harassment" at the hands of InductEV. Compl. ¶ 278, Doc. No. 1-2. However, to state a claim for IIED, a plaintiff must plead conduct that is "outrageous in character and . . . *extreme in degree.*" *Jordan v. Pa. State Univ.*, 276 A.3d 751, 775 (Pa. Super. Ct. 2022) (emphasis added) (quoting *Rinehimer v. Luzerne Cty. Cmty. Coll.*, 539 A.2d 1298, 1305 (Pa. Super. Ct. 1988)). Averring *many* grievances against a defendant in a lengthy complaint is insufficient to make out a claim for IIED because IIED requires the plaintiff to aver *extreme* conduct. Though Ms. Acey vaguely invokes the entirety of her complaint, she has failed to demonstrate a clear error of fact or law with respect to the Court's analysis of Count XX. *Davender*, 757 F. App'x at 77.

The Court denies Ms. Acey's motion to reconsider its dismissal of Count XX.

## CONCLUSION

Ms. Acey has not met her burden. The Court therefore denies her motion to reconsider. An appropriate order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE