## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASSATA ACEY<br><br>    Plaintiff,<br><br>v.<br><br>INDUCTEV<br><br>    Defendant. | Case No.: 2:23-cv-01438<br><br>Judge Gene E.K. Pratter |

### ANSWER AND AFFIRMATIVE DEFENSES

Defendant InductEV ("Defendant" or "InductEV"), by and through its attorneys, Fox Rothschild LLP, hereby files its Answer and Affirmative Defenses to the Complaint of Plaintiff Assata Acey ("Plaintiff") less dismissed Counts after the Court's Decision on Defendant's Motion to Dismiss, and states as follows:

### I. PARTIES AND JURISDICTION

1. Plaintiff, Assata Acey, is an adult individual residing in Philadelphia, Pennsylvania with a mailing address of 5121 Brown Street, Philadelphia, PA 19139.

**ANSWER: Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

2. Defendant, InductEV, formerly known as Momentum Dynamics Corporation (hereinafter "Defendant") is a company, owned and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 660 Allendale Road, King of Prussia, PA 19406.

**ANSWER: Admitted.**

3. Defendant was Plaintiff's employer for all relevant times herein.

**ANSWER:**   Denied as a conclusion of law to which no responsive pleading is required.

4.      Plaintiff worked for the Defendant's facility, formerly located at 3 Pennsylvania Ave, Malvern, PA 19355.

**ANSWER:**   Admitted.

5.      At all times material hereto, Defendant qualifies as Plaintiff's employer.

**ANSWER:**   Denied as a conclusion of law to which no responsive pleading is required.

6.      At all times material hereto, Defendant acted by and through its agents, servants, and employees, former and current, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

**ANSWER:**   Denied as a conclusion of law to which no responsive pleading is required.

7.      I have exhausted my administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act. (See Exhibit "A," a true and correct copy of a "right-to-sue" issued by the Equal Employment Opportunity Commission).

**ANSWER:**   Denied as a conclusion of law to which no responsive pleading is required.

8.      This action is instituted pursuant to Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 2000e, Section 1981 of the Civil Rights Act of 1990; 42 U.S.C. § 1981, The Americans with Disabilities Act of 1990; 42 U.S.C. § 12101 et. seq., Pennsylvania Human Relations Act; 43 P.S. § 951 - 963, and Pennsylvania tort law regarding IIED, and applicable federal and state law.

**ANSWER:**   Denied as a conclusion of law to which no responsive pleading is

**required.**

9.    Jurisdiction is conferred by 42 Pa.C.S.A. § 931.

**ANSWER:    Denied as a conclusion of law to which no responsive pleading is required.**

10.    Supplemental jurisdiction over my federal law claims is conferred pursuant to 42 Pa.C.S.A. § 5301.

**ANSWER:    Denied as a conclusion of law to which no responsive pleading is required.**

11.    The venue is properly laid in this district because the Defendant conducted business in this district and because a substantial part of the acts and omissions giving rise to the claims set forth herein occurred in this judicial district. 42 Pa.C.S.A. § 5301 (1)(i) and (2)(iii). Plaintiff was working in Chester County, Pennsylvania at the time of the illegal conduct by the Defendant, as set forth herein.

**ANSWER:    Denied as a conclusion of law to which no responsive pleading is required.**

## II.    HISTORY OF THE CASE

1.    I am an African American Woman.

**ANSWER:    Admitted.**

2.    I accepted an employment offer from Defendant for the role of Product Introduction Technician on 31, May 2021.

**ANSWER:    Admitted.**

3.    I did not see the employment offer as fair, because Defendant requested the same tasks were communicated during the Senior Technician interview process, for lower title and negotiating power. Despite this and, as a company outsider, I did not have reason to suspect the

hiring decision of being rooted in racial or gender bias.

**ANSWER:** **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

4.      After beginning employment on June 14, 2021, I became aware of my being the only Black woman out of more than 80 employees.

**ANSWER:** **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

5.      Several colleagues, including then team member Rob Rosenberg, made comments about the nature and scope of my work.

**ANSWER:** **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

6.      I continued to bring these to my manager, providing direct quotes when possible and requesting clarification over my job duties to ensure good performance.

**ANSWER:** **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

7.      Eventually, I was informed by my supervisor of additional anonymous work complaints made to him regarding my bathroom break frequency, attendance, and time I spent working vs talking.

**ANSWER:** **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

8.      I came to view these complaints as biased, due to their contradiction of:

    a)      Communications of collaborative workplace culture

    b)      My working regular overtime as often the last to leave.

    c)      Comparative time that colleagues of greater esteem spent talking.

**ANSWER:**   **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

9.     I resolved to discuss my reflections and concerns of being racially stereotyped to my supervisor, including stereotypical depiction of Black people as lazy or untrustworthy and how those receiving comparatively less criticism and most coworkers, thus eligible complainers, were both White men.

**ANSWER:**   **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

10.    As criticisms continued, I felt so concerned about my role that I requested and attended another meeting with my supervisor to confirm that I was performing the expected duties.

**ANSWER:**   **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

11.    The scrutiny over my work increased to the point that my supervisor and I planned and implemented use of Teamwork software to document my tasks for the team to see, to reduce tension, and assist team members in the documentation of their work.

**ANSWER:**   **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

12.     I faced experiences where I felt targeted for my gender. Team meetings routinely divulged into tension between myself and former team member Rob-I noticed he would more regularly butt heads with myself and fellow blk team member that the only other regular conflict appeared to be female mech engineer woman, led me to conclude that my being a woman and Black had intensified his conflict towards me.

**ANSWER:**   **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

13.     This suspicion grew the first time he muttered "bitch" under his breath. At the time it sounded to be directed to Maria because he was acting on Maria's request (to stretch one of the larger cabinet unit's tubing to remove the kinks) because he did not trust me to do it. I was skeptical of what I had heard because I did not think Rob cursed. Later observations, such as Rob calling a test bay jig a "bitch" after struggling with it, dispelled my skepticism. This is why when he referred to me as "that bitch" it no longer seemed surprising that he would:

      a)     Curse

      b)     Curse about a woman.

**ANSWER:**   **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

This was supported by circumstantial evidence such as:

      a)     Removing tools from my workstation whenever a tool from the main set went missing regardless of my culpability

      b)     Complaining profusely about my use of the test bay lifts and, when a

dedicated lift was bought to prevent others (including me) from using his lift, constantly and aggressively confiscating the lift from my building area.

**ANSWER:** **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

14.      A close colleague of Rosenberg (Rob R)'s was Rob Sweirzawski (Rob S), and he exhibited the same behavior mostly towards myself and Maria. During early weeks, he was reported by his supervisor and reprimanded by Judy Talis (Defendant's former Chief Administrative Officer (CAO) and head of Human resources (HR)) for racially joking in front of colleagues about me being from "the wrong side of the tracks". In contrast, his subsequent actions were either unnoticed, unreported, or unreprimanded by HR or his manager, even while my supervisor worked with me to mitigate his behavior.

**ANSWER:** **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

15.      My builds had to pass QA dept to enter Rob S's station- and Sweirzawski would often, on a whim, and regardless of priority, insist on waiting until a whole or half day had passed from completion, before reviewing a build. And, when he did conduct these inspections, he refrained from disclosing the time of the checks until after they were done, essentially assuring my absence during many of them.

**ANSWER:** **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

16.     At one point I went out to company's smoking dock to beg Rob S to do a check on the same day he had indicated in his email. I was accosted with silent hostility before he responded that he was smoking.

**ANSWER:     Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

17.     In contrast, Rob S and Rob R were kind to one another and Quality checks relating to the test bay seemed to schedule and meet approval without a hitch.

**ANSWER:     Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

18.     Rob S also often eschewed the assembly documents, choosing to determine major points irrespective of design intent or documented tolerances, resisted writing reasons for failing a unit and would find new issues in subsequent checks that were either minor to the assembly intent (a speck of dust/details unspecified by the SOP) , inconsistent with his previous rejection reasons (something he saw before but did not mention), or inconsistent with my build notes and memory( an unplugged cable when all connections had been tightened and torque painted).

**ANSWER:     Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

19.     His purposeful negative impact on my work became so unreasonable that I:

a)     Coordinated with my supervisor to have same attend all "pop-up" inspections.

b)     Advocated and adopted the use of signed seals to prevent pre-inspection tampering.

**ANSWER:     Denied as a conclusion of law to which no responsive pleading is**

**required. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

20.     There was little else I could do about Rob S' behavior but his bias towards women became as apparent as his bias towards Black people when, having been included in a time-consuming effort to investigate and correct a deviation in expensive PAI product, he disclosed to my face that he had purposefully ignored Maria's design stipulation when approving these products for my in house use or for compliance at PAI warehouses.

**ANSWER:    Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

21.     The investigation had started when he raised a complaint about my installation of an assembly, thus rejecting the build, AND spurring further review that exposed the cause of error to be the assembly itself instead of its installation.

**ANSWER:    Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

22.     The malice behind his actions was clarified in his statement, because it proved he was the only one to know or be best positioned to know his actions to be the true cause of his complaint- yet he remained committed to, withholding information, shifting blame and risking further issue in the field for the chief purposes(or known outcomes), obstructing my work, and exerting authority over Maria's documents.

**ANSWER:    Denied as a conclusion of law to which no responsive pleading is**

**required. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

23.     At that point I was able to connect his behavior towards my work and constant recklessness towards cabinet assembly procedures to his:

      a)     Racial opposition towards myself

      b)     Sexually biased opposition towards following Maria's documents (especially since she was one of two female engineers on the male-dominated lab floor-and the only one with a senior designation).

**ANSWER:     Denied.**

24.     At one point, during my 90-day check in, I expressed concern about sexual harassment at work and how I appreciated having my supervisor's support.

**ANSWER:     Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

25.     After CAO admonished me for relying on my supervisor instead of her, I described an experience with a senior member of the electrical engineering team, Bogdan Proca, who had:

      a)     Stared me down in orientation before commenting on relationships between subordinates and superiors being "natural".

      b)     Compared me to dark chocolate in front of another colleague during a company ice cream day.

      c)     Pursued me from across the lab while asking if we were the only

employees left in the building.

**ANSWER:   Denied.  Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

26.     In response to the fear and discomfort I described, CAO launched into an anecdote about a male worker staring at a female worker's breast; how they became close friends after the female worker learned that the male's "unconscious staring" was caused by autism.

**ANSWER:   Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

27.     CAO's response stuck with me throughout my time at Defendant.

**ANSWER:   Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

28.     As I continued to hear sexist comments by Electrical Engineer John Wolgemuth and experience discomforting stares from Proca, no level of sexual harassment, even an "accidental" grazing by PCB designer Mike Russel felt significant enough to be taken seriously by HR

**ANSWER:   Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, Defendant denies those allegations.**

29.     At one time, the company's history of not hiring African Americans was expressed by a Black philanthropy coordinator, stating Defendant had "come a long way" by having more than three Black employees, as he had "told [acting CEO] Andy [that if he did not see more Black employees at his next visit] the money [is] off".

**ANSWER:   Denied. Defendant is without knowledge or information sufficient to**

form a belief as to the allegations contained within this paragraph.

30.     His statements, made within earshot of coordinator, Diana Wilmes, added to my concern over the company's possible bias against Black workers, being that there were 6 Black employees including me at the time.

**ANSWER:     Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, Defendant denies those allegations.**

31.     Concurrently I received enhanced scrutiny and harassment from HR, including instances where:

    a)    After trying to make light of a recruiter's misspelling of my name, I was told that my name's spelling "did not matter", and I was making myself look "unprofessional" for responding to an RSVP 10 minutes before the same recruiter chose to complain.

    b)    I was informed that I would be the only employee disallowed to carry my cellphone in the lab space—despite previous complaints of my being late for meetings and most of my job duties taking place in the lab.

**ANSWER:     Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, Defendant denies those allegations.**

32.     Before the end of 2021, it became clear that the nature of my job duties was objectively more advanced than the formal designation of my role.

**ANSWER:     Denied.**

33.     After tasks of organizing meetings to formalize the relationship between Quality

and Mechanical departments, providing theoretical chemical consultation to maximize product use, and drafting circuitry for an upcoming high stakes project, it became clear that my task types were not aligned with my job classification- and as the one of the lower-ranking members of my team, I felt that this was due to race and gender.

**ANSWER:**    **Denied.**

34.    I made sure to document these contributions in my performance review while hinting my desire to be properly compensated for future advanced duties.

**ANSWER:**    **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

35.    I also took the time to communicate the concerns of being misclassified to my supervisor- even going so far as to send potential job titles and descriptions in line with current duties.

**ANSWER:**    **Denied as a conclusion of law to which no responsive pleading is required. By way of further response, the allegations in this paragraph refer to writings that should be examined for their content. To the extent Plaintiff mischaracterizes those writings, Defendant denies those mischaracterizations.**

36.    Despite this I continued to find myself completing advanced tasks such as, providing ANSI compliant calculations, documentation, and PPE procurement for laser usage— all without any change in role.

**ANSWER:**    **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

37.    This continued until my leave of absence.

**ANSWER:**    **Denied. Defendant is without knowledge or information sufficient to**

**form a belief as to the allegations contained within this paragraph.**

38.     Between January and April of 2022, lack of cooperation from colleagues who had

criticized me grew to be so great that my supervisor had to have me submit emails to him so that

he could forward them to others with his stamp of approval—instead of the teamwide procedure

of emailing others directly and cc-ing him as needed.

**ANSWER:     Denied. By way of further response, the allegations in this paragraph**
**refer to writings that should be examined for their content. To the extent Plaintiff**
**mischaracterizes those writings, Defendant denies those mischaracterizations.**

39.     On February 7, 2022, in a meeting held by CAO to explain why we couldn't share

my curated movie list for Black History Month-- I discussed recent experiences and why I saw

the need for an ongoing diversity initiative.

**ANSWER:     Denied. Defendant is without knowledge or information sufficient to**
**form a belief as to the allegations contained within this paragraph.**

40.     These experiences included:

a)     Witnessing a White employee complaining to two other non-Black

        employees, that Julian needed to "get off his lazy ass" to close a garage

        door sooner.

        **ANSWER:     Denied. Defendant is without knowledge or information**
        **sufficient to form a belief as to the allegations contained within this**
        **paragraph.**

b)     An event where one of those same witnessing employees had

        unrelentingly questioned me to regarding my job tasks and how I was

        "spending my time" while supporting a project at a location where they

had been unable to surveil me.

**ANSWER:     Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

c)      Various acts of hostility towards me by a White team member including:

   i)      Snatching my notes from my hands to prevent me from describing our joint project to supervising engineer.

   ii)     Slamming a door in my face, after holding open the door for a White woman

   iii)    Criticizing me in our shared team group chat with disproportionate and inappropriate fierceness.

**ANSWER:     Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

41.      Immediately following our meeting, I summarized its content to my supervisor in a Teams message.

**ANSWER:     The allegations in this paragraph refer to a writing that speaks for itself. To the extent Plaintiff mischaracterizes that writing, Defendant denies those mischaracterizations.**

42.      In the days following, HR chose to call me again to confirm details, before emailing that I had not reported any events and was invited to recount details in writing along with suggestions for the annual diversity training.

**ANSWER:     Denied. Defendant is without knowledge or information sufficient to**

**form a belief as to the allegations contained within this paragraph.**

43.     Upon hearing I was working from home with nausea during one of the confirmation calls, CAO asked if I was pregnant and doubled down in suggesting that I see her daughter's gynecologist.

    **<u>ANSWER:</u>     Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

44.     Around April 18, 2022, I experienced an onset of symptoms that would later become a chronic condition.

    **<u>ANSWER:</u>     Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

45.     On April 18 I emailed CAO to request access to unpaid time off and complained that the current PTO policy placed ill people on a short track for probation and encouraged employees to prioritize attendance over safe execution of tasks.

    **<u>ANSWER:</u>     The allegations in this paragraph refer to a writing that speaks for itself. To the extent Plaintiff mischaracterizes that writing, Defendant denies those mischaracterizations.**

46.     During CAO's insisted in-person meeting to discuss these concerns off record, I again shared my impression about a safety infraction where I:

    a)     Sought and received permission from Test Bay employees to view a model on behalf of a mechanical engineering employee.

    b)     Briefly approached the model while keeping my hands raised and exaggerated standing as far away as possible.

    c)     Responded to another employee's assertion of the dangerous voltage level

in stating, "I know".

**ANSWER:   Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph. To the extent this paragraph contains allegations of fact, Defendant denies those allegations.**

47.     The safety report made about me had suggested that I was combative towards the Rob member when he tried to keep me from "touching" the high voltage model.

**ANSWER:   The allegations in this paragraph refer to a writing that speaks for itself. To the extent Plaintiff mischaracterizes that writing, Defendant denies those mischaracterizations.**

48.     In my review, I expressed frustration that the accusations:

     a)     Were patently false.

     b)     Contrasted verbal or visual cues before and while viewing the model.

**ANSWER:   Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph. To the extent this paragraph contains allegations of fact, Defendant denies those allegations.**

49.     I also expressed concern that bias had motivated the misconception, since:

     a)     My perceived noncompliance contrasted with the electrical safety etiquette I had demonstrated over my time at the company.

     b)     Those who were accusing me routinely ignored the safety rules and each other's noncompliance.

     c)     My experience in high voltage testing, which I discussed with Rob when he interviewed me, contrasted the reckless behavior others had expected of me, as I was trained to operate with voltages more than 30x of what the

Test department was using.

**ANSWER:** **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph. To the extent this paragraph contains allegations of fact, Defendant denies those allegations.**

50. HR responded to my concern about the bias behind the dismissed report and the stress it had caused me by stating that no one would have seen my resume to know my qualifications.

**ANSWER:** **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

51. I was also reassured, during our 04/18/2022 meeting, that I would be allowed to take unpaid time following the communication of my conditions and, that there was an option to modify my role or tasks in a way that fit me and the company.

**ANSWER:** **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

52. I immediately recounted these reassurances to my supervisor in hopes that it would be of use to another chronically ill team member.

**ANSWER:** **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

53. Despite this, I was informed only 2 days before close of the pay period that my accommodations would only take place in the next pay period.

**ANSWER:** **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

54. This caused me to immediately stay after hours while symptomatic to make up time

taken to go to two doctor's appointments that day.

**ANSWER:    Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

55.    HR continued to affirm that I was denied unpaid time by emailing before the weekend and calling after I asked my supervisor to inform them of my abnormal MRI results—to request that I submit a PTO request for "missing time".

**ANSWER:    Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

56.    The trauma of being harassed by HR while simultaneously coming to terms with my sudden regard as having a serious illness was so jarring, that I resolved to evaluate my experiences in totality.

**ANSWER:    Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

57.    Finding several instances where I was treated below the legal standard, and holding no faith that these issues would cease to occur without further action, I filed a complaint to the PHRC office.

**ANSWER:    Denied as a conclusion of law to which no responsive pleading is required. By way of further response, the allegations in this paragraph refer to a writing that speaks for itself. To the extent Plaintiff mischaracterizes that writing, Defendant denies those mischaracterizations. It is admitted that Plaintiff filed a Complaint with the Pennsylvania Human Resources Commission.**

58.     Due to the implications of medical results, I was placed on medical leave effective May 16, 2022.

**ANSWER:     Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

59.     On 06/07/2022, I was presented with an FMLA form and directed to sign it if my leave would be extended beyond 06/16/2022.

**ANSWER:     To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

60.     When reviewing the form to sign, and thus, confirm elections and understanding of all notices, I realized all sections, including the one indicating my job security during the leave were left blank.

**ANSWER:     It is admitted that the Employer section of the FMLA form was not completed as that step occurs after receiving complete information on the Department of Labor form.  To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

61.     When I enquired after why I was given a blank form to sign off on and requested a filled one instead, I was told only that I would receive a filled form after my leave had been extended.

**ANSWER:     Admitted.**

62.     The actions and explanation created a fear of being set up for firing while my illness was being investigated; this feeling was reasonably distressing.

**ANSWER:     Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

63.     On 06/22/2022, the company was served notice of my complaint from PHRC.

**ANSWER:     Admitted.**

64.     The pace and effects of medical treatment caused me to worry that I would not be able to attend EEOC- scheduled mediation, so, I coordinated with private mediation provider, Cora services to mediate with Defendant on 09/19/2022.

**ANSWER:     Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

65.     In order to attend, Defendant and I each signed separate agreements to mediate that detailed any binding agreement would be typed up and signed during mediation—with the sole exception of technological limitations.

**ANSWER:     The allegations in this paragraph refer to a writing that speaks for itself. To the extent Plaintiff mischaracterizes that writing, Defendant denies those mischaracterizations.**

66.     There had been no final, drafted agreement reached between myself and respondent at the end of mediation.

**ANSWER:     Denied as a conclusion of law to which no responsive pleading is required. By way of further response, Defendant specifically denies that the parties did not reach a final binding agreement at the end of mediation.**

67.     Respondent forwent a partial agreement, instead opting to write up a final

agreement after mediation.

**ANSWER:   Denied as a conclusion of law to which no responsive pleading is required. By way of further response, Defendant specifically denies that the parties did not reach a final binding agreement at the end of mediation.**

68.   Instead, respondent and I had tentatively agreed that so long as I presented a return-to-work letter by September 26th, Defendant would present me with a contract contractual agreement to resign and drop my claims in exchange for $50,000, and so long as long as other terms seemed reasonable, I would consider this agreement.

**ANSWER:   Admitted in part; denied in part. It is admitted only that Plaintiff agreed to resign and release Defendant in exchange for $50,000. Defendant specifically denies that the parties did not reach a final binding agreement at the end of mediation.**

69.   Regarding a more formal medical disclosure on my disability and qualifying limitations, Defendant stated traditional accommodations forms "would not be necessary" and they just needed it documented that I was cleared to return to work "with or without" limitations.

**ANSWER:   Admitted.**

70.   My grandmother is witness to the events described in mediation, as she was brought on virtually, as nonparticipating emotional support.

**ANSWER:   Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

71.   I had largely assumed that additional terms, such as resignation date, opportunity to complete employee training, would continue to be negotiated.

**ANSWER:   Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

72.     This was affirmed in the mediators' parting statements and assurances that:

a)      Discussed terms were not final, no one was pressuring me to sign anything that day

**ANSWER:     Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

b)      Remaining terms would continue to be negotiated as one agreement: leaving open the risk of settlement negotiations falling apart.

**ANSWER:     Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

c)      They [the mediators] recommended bring any written contract from the respondent to a lawyer for review before signing.

**ANSWER:     Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

73.     On 09/21/2022 I provided the required return to work letter from my doctor.

**ANSWER:     Admitted.**

74.     I received no response from the respondent.

**ANSWER:     Denied.**

75.     On 09/22/2022, instead of receiving the promised contract for review, I was copied in an email to the EEOC mediator requesting that the case be closed due to us reaching "settlement".

- 23 -

**ANSWER:**   **The allegations in this paragraph refer to a writing that speaks for itself. To the extent Plaintiff mischaracterizes that writing, Defendant denies those mischaracterizations. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

76.     Seeing my case be recommended for closure without my receipt or review of any promised contract caused me to question the respondent's initial designs for obtaining my return-to-work letter.

**ANSWER:**   **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

77.     In order to act in good faith while protecting my interests, I maintained business as usual professional communications, including a PTO request to extending my leave 2 days beyond that allowed in FMLA, for the purposes of:

      a)     Giving the respondent more time to produce a contract in case a settlement could be reached before returning to work.

      b)     Maintain good standing so that I could return to work if negotiations fell through.

**ANSWER:**   **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

78.     On Friday 09/23/2022, the respondent had not sent any contract to review, instead choosing to assert that I was not permitted to use previously assured PTO, that I had resigned or would be soon, and that I would be paid sooner if I resigned sooner.

**ANSWER:**   **The allegations in this paragraph refer to a writing that speaks for**

**itself. To the extent Plaintiff mischaracterizes that writing, Defendant denies those mischaracterizations. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

79.     I became shocked, scared, and angry at the realization that the Respondent might intend to exploit my legal inexperience good faith efforts by:

   a)      Disqualifying me for the disability that I used to pay bills.

   b)      Blocking me from the ability to remain in good standing and earn income through an accommodated return to work.

**ANSWER:      Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

80.     With those emotions, I emailed them to reemphasize my position, confront the previous false assertion of our having "settled", present conditions that I would be interested in as well as my intent to return to work until or unless negotiations worked out.

**ANSWER:      The allegations in this paragraph refer to a writing that speaks for itself. To the extent Plaintiff mischaracterizes that writing, Defendant denies those mischaracterizations. By way of further response, Defendant specifically denies that the parties did not reach a final binding agreement at the end of mediation.**

81.     I also made sure to request PTO within the system that I gained access to through tech support and report to work on 09/27/2022.

**ANSWER:      The allegations in this paragraph refer to a writing that speaks for**

itself.

82.     That same evening, I was presented with a settlement agreement that requested my resignation effective sept 19 while asserting that I would have 11 days from signing to recant my agreement.

**ANSWER:     The allegations in this paragraph refer to a writing that speaks for itself. To the extent Plaintiff mischaracterizes that writing, Defendant denies those mischaracterizations. By way of further response, Defendant specifically denies  that the parties did not reach a final binding agreement at the end of mediation.**

83.     The agreement was attached to an email stating that I had "verbally agreed to resign" and sent concurrently with my being locked out of company databases.

**ANSWER:     The allegations in this paragraph refer to a writing that speaks for itself. To the extent Plaintiff mischaracterizes that writing, Defendant denies those mischaracterizations. By way of further response, Defendant specifically denies that the parties did not reach a final binding agreement at the end of mediation.**

84.     I rejected this offer on the principle that its terms were already being coercively enforced by my wrongful termination.

**ANSWER:     Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

85.     I also explained to respondent on several occasions why I did not see any legal obligation to accept and sign the proposed contract.

**ANSWER:     Denied as a conclusion of law to which no responsive pleading is**

**required.**

86.     Reasons included:

a)     Lack of any signed agreement

**ANSWER:      Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

b)     Lack of any verbal, non-contingent agreement to sign the presented contract.

**ANSWER:      Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

c)     Non-discussion of all monetary terms (resignation date and access to then offered company training)

**ANSWER:      Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

d)     Impression that all discussed terms had only been tentatively discussed.

**ANSWER:      Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to**

**form a belief as to the allegations contained within this paragraph.**

e)     There having been no meeting of minds regarding whether we had been

finalizing terms in part or tentatively negotiating partial terms before

reviewing and approving all terms together as one agreement.

**ANSWER:     Denied as a conclusion of law to which no responsive**

**pleading is required.**

87.     That respondent's asserted deadline for my return-to-work letter did not match the

deadline I or my grandmother had noted was further assurance that we were not on the same

page during mediation.

**ANSWER:     Denied. Defendant is without knowledge or information sufficient to**

**form a belief as to the allegations contained within this paragraph.**

88.     Despite my reasonings, respondent continued to argue the finality of tentative

settlement terms, and on 10/27/2022 asserted that they would pursue me for any and all legal

damages if I did not halt the EEOC investigation that had been reinitiated by our assigned EEOC

mediator.

**ANSWER:     Denied as a conclusion of law to which no responsive pleading is**

**required. By way of further response, the allegations in this paragraph refer to a writing that**

**speaks for itself. To the extent Plaintiff mischaracterizes that writing, Defendant denies those**

**mischaracterizations.**

89.     These threats caused me to feel reasonable distress, in addition to any PTSD I was

facing from recounting my workplace experiences.

**ANSWER:     Denied as a conclusion of law to which no responsive pleading is**

**required. To the extent this averment contains allegations of fact, Defendant is without**

knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.

## COUNT V:

### RACIAL HARASSMENT AS A DISCRIMINATORY CONDITION OF EMPLOYMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000E-2 (A)(1)

120.    As a Black employee, I experienced ongoing and pervasive racial harassment as a condition of my employment at Defendant.

**ANSWER:   Denied as a conclusion of law to which no responsive pleading is required.**

121.    This harassment included:

a)    Enhanced scrutiny from HR and their false accusations me of stealing time and purposefully missing meetings.

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, same are denied.**

b)    Anonymous and direct coworker criticisms of my work attendance, work ethic, bathroom breaks frequency.

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, same are denied.**

c)    Hostile sabotage from coworkers where my access to work tools and equipment, or my ability to get completed build approved were greatly affected.

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, same are denied.**

d)   Written and verbal jokes- including a comic posted on my cubicle about a hypothetical "phizzics" degree, and one employee's joke about me being on the wrong side of the tracks.

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, same are denied.**

122.    Because of the race-specific element to my harassment, my White coworkers did not have to endure it as a condition of employment; it is a discriminant condition and an "unequal pain" that is explicitly written in the purpose of the Civil Rights Act of 1866, 42 U.S.C. §1981 (a).

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required.**

123.    The racial basis of these experience is informed by circumstantial evidence and prevailing racial stereotypes:

a)   Harassment described in paragraph 121 was based on adopted racial stereotypes of Black people being lazy or untrustworthy.

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required. By way of further response, the allegations in this paragraph refer to a writing that speaks for itself. To the extent Plaintiff mischaracterizes that writing, Defendant denies those mischaracterizations. To the extent this averment contains allegations**

**of fact, same are denied.**

b)      Black employees such as me, Omar Jackson, and Julian Jackson were each criticized as lazy on occasions where the reasoning or veracity was inaccurate or disproportionate.

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required. To the extent this paragraph contains allegations of fact, same are denied.**

124.    HR did not act in good faith to investigate or prevent further instances of harassment.

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, same are denied.**

125.    The only person who acted in good faith to alleviate harassment was my supervisor and unfortunately his actions were not sufficient nor was his role designed to alleviate and prevent ongoing racial harassment.

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, same are denied.**

126.    Drawing forth the allegations of my previous counts, the company knowingly and recklessly enabled an environment of racial discrimination by:

a)      Failing to proactively address workplace culture and attitudes before it produced further harassment.

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, same are denied.**

b)      Choosing not to maintain a reasonably nonhostile communication channel

to communicate and address ongoing issues.

> **ANSWER**:   **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, same are denied.**

c)   Knowingly acting to intimidate me from bringing further complaints.

> **ANSWER**:   **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, same are denied.**

127.   This harassment was significant to prompt my having to plan how to document my work and progress for my teammates to view (on the teamwork site, before the company ever transitioned to JIRA), having to send emails to the supply chain through my manager instead of just copying him to the email like my other teammates.

**ANSWER**:   **Denied as a conclusion of law to which no responsive pleading is required. By way of further response, the allegations in this paragraph refer to writings that should be examined for their content. To the extent Plaintiff mischaracterizes those writings, Defendant denies those mischaracterizations.**

128.   The additional labor required for me to perform my role under the condition of enduring racial harassment and caused me sufficient exhaustion in addition to various physical manifestations of anxiety, including nausea, sudden urge to defecate, and fear. This physical and emotional exhaustion also affected my home life: as I started placing my all into preforming under racial pressures, chronic stress caused me to lose interest in things I previously cared about; my previous enjoyment of and capacity to cook dwindled, requiring me to order take out more often (especially for work lunch), if I remembered to eat at all.

**ANSWER**:   **Denied as a conclusion of law to which no responsive pleading is required. By way of further response, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

129.    By intentionally subjecting me to an environment of racial discrimination as a condition of my employment, Defendant violated 42 U.S.C. §2000e-2(a)(1) and is therefore liable for all applicable affirmative action, compensatory and punitive damages as granted under 42 U.S.C §2000e–7, and 42 U.S.C. §1981a(a)(1), as well as any other relief designated by the court.

**ANSWER**:   **Denied as a conclusion of law to which no responsive pleading is required.**

## COUNT VI:

## RACIAL HARASSMENT AS A DISCRIMINATORY CONDITION OF EMPLOYMENT IN VIOLATION OF IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT, 43 P.S. § 955 (A)

130.    43 P.S.§ 955 (a) forbids employers from discriminating on the basis of race with conditions of employment.

**ANSWER**:   **Denied as a conclusion of law to which no responsive pleading is required.**

131.    Drawing forth all previously stated allegations, as a Black employee, I experienced racial harassment as a race-based discriminatory condition of my employment.

**ANSWER**:   **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, same are denied.**

132.    By knowingly subjecting me to an environment of racial discrimination as a condition of my employment, Defendant violated 43 P.S. § 955 (a) and is therefore liable for all

applicable affirmative action, as granted under 43 P.S.§ 962, as well as any other relief designated by the court.

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required.**

## COUNT VII:

## DISCRIMINATORILY LIMITED OPPORTUNITY ON

## THE BASIS OF RACE IN VIOLATION OF TITLE VII OF THE CIVIL

## RIGHTS ACT OF 1964, 42 U.S.C. § 2000E-2 (A)(2)

133.    Bringing forth the allegations of Count V, I endured continuous harassment based on my race as a condition of my employment at InductEV.

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required.**

134.    While working for the Defendant, I completed tasks that were formally incorporated into other roles through internal job descriptions sent to internal interviewers during relevant hiring processes.

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

135.    Such duties included:

a.    Review assembly documents, find/report defects, and recommend/document preventative actions (senior quality technician).

b.    Engage conflict resolution, intradepartmental structure, create procedure/implementation plans (project manager).

       c.      Provide theoretical and design background to various products, calculate safety threshold and test concepts, (R&D or electrical engineer).

**ANSWER**:    **Denied. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph. The allegations in this paragraph refer to writings that should be examined for their content. To the extent Plaintiff mischaracterizes those writings, Defendant denies those mischaracterizations.**

136.    I believe there is significant overlap between my duties and the duties described in the job descriptions emailed to internal interviewers (including recruiters Ryan Mackenzie and Jennifer Orloski) for each of those roles.

**ANSWER**:    **Denied. The allegations in this paragraph refer to writings that should be examined for their content. To the extent Plaintiff mischaracterizes those writings, Defendant denies those mischaracterizations. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

137.    Informally, the role of Product Introduction Technician mainly consisted of assembly with or without supporting documentation, provision of verbal feedback, and occasional document redlining.

**ANSWER**:    **To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

138.    During the time of my employment, I created documentation for build progress, feedback for both assembly process and documentation, in addition to creating procedures for

projects including laser, Oztek integration. Due to the level of detail in my documentation, I was chosen instead of PAI (Defendant's product manufacturing partner) to carry out fit checks for a new vendor evaluation.

**ANSWER:** **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations within this paragraph.**

139.     The only other Product Introduction Team member who had authored documentation or procedures was, White male, Rob Rosenburg, and he was not only designated as a Senior Technician but reclassified into the Test department.

**ANSWER**: **Denied.**

140.     Similarly, tasks involving comparative research, material/test design, or compliance calculations were generally given to engineers.

**ANSWER**: **To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

141.     Despite this, I completed comparative research and mathematical calculations on several projects under the designation of "Product Introduction Technician":

   a)     laser classification calculations

   b)     laser lens requirement calculations

   c)     cabinet hole compliance calculations

   d)     ANSI laser compliance research

   e)     substrate chemical consult comparative research

   f)     emergency Stop-Circuit schematic design

   g)     environmental testing and diagnostics procedure design

**ANSWER**:    **To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

142.    The Human Resources Department (HR) was aware of my job tasks and received detailed description of several of them when I submitted my performance review on 12/04/2022.

**ANSWER:    Denied as a conclusion of law to which no responsive pleading is required. By way of further response, the allegations in this paragraph refer to a writing that speaks for itself. To the extent Plaintiff mischaracterizes that writing, Defendant denies those mischaracterizations. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

143.    Around 01/07/2022, my performance review was discussed and signed by both my manager and HR.

**ANSWER**:    **Admitted.**

144.    Despite this, I was not among the four employees reclassified between 12/20/2022 and 03/20/2022, with attention to company needs, and preexisting qualifications, and job tasks: Diana Wilmes (White, female), Taylor Johnson (White, male), Harry Nask (White, male), and Andrea Neff (White, female).

**ANSWER**:    **Denied. Defendant specifically denies that Plaintiff was qualified for reclassification. By way of further response, Defendant specifically denies that the decision not to reclassify Plaintiff was due to race or sex.**

145.    Within 4 years before and sometime after my employment, Bill Gallagher (White, male) was reclassified from his role of Principal Electrical Engineer to Principal Test Engineer,

and Senior Technician, Rob Rosenberger (White, male) reclassified from Product Introduction to the Testing Team and Daniel Schwartz (White male) was promoted to vice president of Supply Chain.

> **ANSWER**:   Admitted.

146.   Similarly on May 31, 2021, I was:

  a)   Presented an offer for a lesser role despite communications given to me and the role description provided to company interviewers to evaluate and approve me through 5 interview rounds.

  b)   Told that the lower role was the basis for limiting my starting compensation.

  c)   Presented an offer for a role with a description identical to Senior Technician description in every way but its titular "Senior" designation.

  d)   Assured that despite the lower title, I would be expected to perform the same duties discussed in interviews for the Senior Technician Role.

> **ANSWER**:   **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

147.   At the time, I held no contextual knowledge to ascertain race as a cause of the decision, but hindsight of my previous racial experiences suggests an interconnection.

> **ANSWER**:   **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

148.   Omar Jackson is a former Black male coworker who, at the time held 20 years of experience and held roles beyond the requirements of the formal role yet was only promoted after controversy surrounding hiring process for a senior technician.

**ANSWER**:     **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

149.     Such a controversy involved an hiring decision stalemate, when, after heated debate and split votes within my team, supervisors Joren Wendschuh and Mark Smith both refrained from giving any collaborative endorsement for selected external Senior Product Introduction Technician finalists.

**ANSWER**:     **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

150.     This controversy was significant enough for CAO to interview product introduction team members individually to determine the cause of stalemate, at which point I disclosed Omar's non-promotion as a part of the conflict.

**ANSWER**:     **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

151.     To my knowledge, Omar has been the only internally promoted/reclassified Black employee in the company's 12-year history.

**ANSWER**:     **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

152.     It should not take a bachelor's degree, 2.5 times the minimum formal experience requirement AND controversy for Defendant to promote a Black employee for the first time, particularly where such a role also stipulates exchangeable requirements of an associate degree OR technical certification OR equivalent experience.

**ANSWER**:     **To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained**

**within this paragraph.**

153.    Contrastingly, our other White male colleague who was also simultaneously promoted to Senior Technician, held, at the time of promotion, 8.25 year of experience but no education or active certification beyond a high school diploma.

**ANSWER**:    **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

154.    Even if the equivalent experience clause were applied on a year-for year basis, with an associate degree measured at two years, that would leave the employee below the "formal requirements" with a diploma plus two years supplementary experience, and 6.25 total years of additional experience.

**ANSWER**:    **To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

155.    The comparison between Omar's promotion and that of our teammate proves, Defendant's' willing practice of evaluating education and experience on a whole and general basis as opposed to strict adherence to formal requirements-the former being especial common among modern employers.

**ANSWER:**    **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

156.    Further, Omar's initial classification as a product introduction technician instead of a senior technician lends additional circumstantial evidence to:

a)      Defendant's ongoing practice of limiting employees on the basis of their race.

> **ANSWER:**    **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, same are denied.**

b)      The relative insignificance of years of experience when hiring for the Senior Product Introduction Technician; Defendant would not have hired me for the role even if I had additional experience because I still would be Black.

> **ANSWER:**    **Denied as a conclusion of law to which no responsive pleading is required.  To the extent this averment contains allegations of fact, same are denied.**

157.    Comparing further, the highest-ranked Black employee at InductEV, titled, Manager of Project Engineering (hired for the role after possessing 23+ years of experience, an electrical engineering bachelor's degree, Pennsylvania professional engineer certification, master's degree in business and Project Management Professional certification) has also never been promoted in his 3+ years at the company.

> **ANSWER:**    **Admitted.**

158.    HRs indifference towards and participation in racially based harassment provides additional circumstantial evidence to their holding of racial bias and likelihood of practicing intentional discrimination.

> **ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, same are denied.**

159.    I do believe that engineers, as a class of employee at InductEV, enjoy higher salary averages than general technicians.

**ANSWER:    Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

160.    Just as my non-senior designation was used in my hiring negotiation to deny my request of $40 per hour (in favor of the final rate of $35 per hour), my improper designation has broadly limited my negotiating power, thus effecting my overtime pay, and my ability to benefit from annual employee raises (I received a 3.5% raise effective 03/14/2022 for satisfying my role)

**ANSWER:    Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, same are denied.**

161.    In closing, I allege that:

a)    My job classification was incongruent to the formal and or informal associations of my tasks.

**ANSWER: Denied.**

b)    Defendant has an established willingness and ability to reclassify White employees of varied seniority, with and without strict adherence to formal role requirements.

**ANSWER:    Denied.**

c)    Defendant has an established pattern of not promoting Black employees and setting exceeding high standards for Black candidates (compared to other candidates) when hiring above the general technician level.

**ANSWER:    Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, same are denied.**

162.     These allegations support my overarching allegation that Defendant chose not to properly classify me due to their intentional enactment of racial bias against African American employees.

**ANSWER**:     **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, same are denied.**

163.     As a result of this I have sustained damages of self-doubt, lost dignity, performance anxiety, strained relationship with and emboldened racial scrutiny of coworkers, as well as loss of any salary benefits that would have been actualizable under appropriate classification.

**ANSWER**:     **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

164.     By limiting my employment opportunities in discrimination to my race, Defendant intentionally violated 42 U.S.C. §2000e-2(a)(2) and is therefore liable for all applicable affirmative action, compensatory and punitive damages as granted under 42 U.S.C §2000e–7, and 42 U.S.C. §1981a(a)(1), as well as any other relief designated by the court.

**ANSWER**:     **Denied as a conclusion of law to which no responsive pleading is required.**

## COUNT VIII:

## INTENTIONAL UNEQUAL CONTRACTS IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. §1981

165.     As stated in 42 U.S.C. §1981 (b), the equal right to make and enforce contracts as conferred in 42 U.S.C. §1981 (a) is made to include rights to contract modification.

**ANSWER**:     **Denied as a conclusion of law to which no responsive pleading is required.**

166.    Calling forth previous allegations of Count VII, I was denied the privilege of contract modification on the basis of my race when Defendant, through its human resources department (HR), chose not to reclassify my role, despite choosing to do so for several White employees.

**ANSWER**:     **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, same are denied.**

167.    I further allege that my designation as outside of Engineer classification would not be but for my race; in support of which I call forth all previously made allegations in addition to my possessing a bachelor's degree in physics, relevant experience, nature, and performance of tasks during employment.

**ANSWER**:     **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, same are denied.**

168.    As a result of Defendant's actions, I have sustained damages of self-doubt, lost dignity, performance anxiety, strained relationship with and emboldened racial scrutiny of coworkers, as well as loss of any salary benefits that would have been actualizable under appropriate classification.

**ANSWER**:     **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

169.    By following an unwritten policy of intentional racial bias, Defendant limited my

contract benefits and privileges with discrimination to my race; Defendant has violated 42 U.S.C. § 1981, and is therefore liable for all applicable equitable relief, compensatory and punitive damages, as well as any other relief designated by the court.

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required.**

## COUNT X:

## DISCRIMINATORY CONDITIONS-SEXUAL HARASSMENT

## IN VIOLATION OF TITLE VII OF THE CIVIL

## RIGHTS ACT OF 1964, 42 U.S.C. § 2000E-2 (A)(1)

175.    As a woman employee, I was subjected to a workplace culture and harassment on the basis of my gender.

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, same are denied.**

176.    This harassment included targeted opposition, inappropriate office jokes, and unwanted touching from my colleagues.

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, same are denied.**

177.    Generally, all of Defendant's employee education and communication regarding civil right compliant behavior, policy and practices were relegated to annual 3–6-hour training period and state regulated posters in the breakroom. Defendant abstained from perennial events or communications to advise employees of civil rights compliant behavior, or of any open-door policy or complaints process.

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, same are denied.**

178.    New employees received an identical separate training in lieu of general annual training.

**ANSWER**:    **Denied.**

179.    While the annual meetings satisfy state requirements in frequency and duration, the spirit of the law, and its intent of limiting harassment on bases that included race, was recklessly discarded by the refusal proactively assess and regulate the understanding of employees, even when concerning ideas had been brought in training.

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, same are denied.**

180.    During my new member orientation, Bogdan Proca stated, within a related question (the question was how Defendant dealt with families and couples operating within the company), that romantic involvement between bosses and subordinates was natural.

**ANSWER**:    **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

181.    CAO, as the acting facilitator of company training, gave an impression of condonement to Proca's reasoning when, instead of addressing the inherent bias in same, she affirmed the question with examples of the company spouses and family members.

**ANSWER**:    **Denied.**

182.    In further failure to discourage sexual harassment, and during training section covering sexual harassment, CAO gave an unclear anecdote: A female employee who complained of a male employee staring at her breasts during meetings; after complaining to CAO, the man disclosed his having autism and embarrassment and both parties became the best of friends.

**ANSWER**:   **Denied.**

183.   CAO's anecdote:

    a)   Conveniently left out considerations of employee retaliation, or any other reason why a complaining employee would feel pressure to act as though they forgave a harasser who was aware of their complaints and whom they could not prove was purposefully harassing them.

    b)   Suggested to myself and others that her first method of investigation was to directly confront the person accused.

    c)   Encouraged harassment through its suggestion that the impact and determination of harassment could be constrained to the expressed intent of the person accused.

**ANSWER**:   **Denied. To the extent this averment contains allegations of fact, same are denied.**

184.   Later, during my 90-day check in, I complained of this same employee comparing me to dark chocolate ice cream in front of a colleague, continuously staring, commenting on my physical activity, and even pursuing me from across the lab after hours while asking if we were "the only employees left".

**ANSWER**:   **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

185.   My complaint was given after being admonished to bring sexual harassment concerns to CAO instead of relying on my supervisor.

**ANSWER**:   **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

186.    CAO's response to my complaint was to dismiss my concerns and experiences with the same anecdote from orientation.

**ANSWER:    Denied.**

187.    As a human resources professional who had conducted employee training, they were aware of the seriousness of my claims, my protected right to work without the discriminatory condition of sexual harassment and the related laws.

**ANSWER:    Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, same are denied.**

188.    A reasonable person could expect that unchecked unlawful behavior could continue or become worse.

**ANSWER:    Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact regarding this case, same are denied.**

189.    With conclusion to paragraphs 184-188, CAO acted with reckless and intentional indifference to my rights by choosing:

a)    To discourage further relay of details concerning sexual harassment

b)    To refrain from investigating or thus addressing my complaints of harassment

**ANSWER:    Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, same are denied.**

190.    Being warned not to go to my manager, and having my claims directly dismissed, I had no certain channel to communicate various consequential events of sexual harassment, including when:

a)      Mike Russel went out of his way in a n open corridor to brush against me.

**ANSWER:      Denied.**

b)      Sam G. behaved lewdly towards me in front of another colleague and started lying to other colleagues to pressure me into to attending group lunches with him.

**ANSWER:  Denied.**

191.    CAO did not act in good faith to investigate or prevent further instances of harassment.

**ANSWER**:      **Denied as a conclusion of law to which no responsive pleading is required.**

192.    The only person who acted in good faith to alleviate harassment was my supervisor, who went out of his way to redirect Bogdan when he stared at my backside instead of observing a team member's demonstration and spoke to Sam's supervisor to get him to stop pressuring me. Unfortunately, his actions were not sufficient nor was his role designed to alleviate and prevent ongoing sexual harassment and the warning from CAO made asking him for hep very trepidatious.

**ANSWER**:      **Denied as a conclusion of law to which no responsive pleading is required.**

193.    Calling forth paragraph 6, CAO was Defendant's upper management, HR executive; Defendant acted through CAO, whom, at all times, acted within the scope of her role, with and for Defendant.

**ANSWER**:      **Denied as a conclusion of law to which no responsive pleading is required.**

194.     By knowingly subjecting me to the discriminatory work condition of sexual

harassment, Defendant has intentionally and recklessly violated 42 U.S.C. §2000e-2(a)(1) and is

therefore liable for all applicable affirmative action, compensatory and punitive damages as

granted under 42 U.S.C §2000e–7, and 42 U.S.C. §1981a(a)(1), as well as any other relief

designated by the court.

**ANSWER**:     **Denied as a conclusion of law to which no responsive pleading is**

**required.**

## COUNT XI:

## DISCRIMINATORY CONDITIONS- SEXUAL HARASSMENT

## IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT, 43 P.S. 955(A)

195.     43 P.S.§ 955 (a) forbids employers from discriminating with conditions of

employment on the basis of sex.

**ANSWER**:     **Denied as a conclusion of law to which no responsive pleading is**

**required.**

196.     Drawing forth all previously stated allegations, as a female employee, I

experienced sexual harassment as a sex-based discriminatory condition of my employment and,

despite my complaints, my employer intentionally and recklessly aided in this condition.

**ANSWER**:     **Denied as a conclusion of law to which no responsive pleading is**

**required. To the extent this averment contains allegations of fact, same are denied.**

197.     By knowingly subjecting me to the discriminatory work condition of sexual

harassment, Defendant has violated 43 P.S. § 955 (a) and is therefore liable for all applicable

affirmative action as granted under 43 P.S.§ 962, as well as any other relief designated by the

court. Pleading.

**ANSWER**:     **Denied as a conclusion of law to which no responsive pleading is**

**required.**

## COUNT XII:

### AIDING UNLAWFUL DISCRIMINATION-SEXUAL HARASSMENT

### IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT, 43 P.S. 955(E)

198.    CAO knew or should have known the seriousness of my allegations.

**ANSWER**:    **Denied as a conclusion law to which no responsive pleading is required. To the extent this averment contains allegations of fact, same are denied.**

199.    CAO knew or should have known that uncorrected employee behavior bears risks of continued or escalated behavior.

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact regarding this case, same are denied.**

200.    With reasonable knowledge of the risks, they chose to:

    a)    Dismiss any claims I brought about behavior escalating from the previous behavior that they chose to ignore.

    b)    Admonish me not to share issues with the second most reasonable choice-my manager with the intent of dismissing the majority of my allegations without prejudice.

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required.**

201.    It is pertinent to note that, per the company handbook, any complaints about the CAO, had to be raised to the CEO, and because the HR department consisted of two people, the next most diplomatically favorable option for employees to escalate concerns dismissed by HR, was to continue bringing them directly to HR or have them voiced by their manager.

**ANSWER**: **The allegations in this paragraph refer to writings that should be examined for their content. To the extent Plaintiff mischaracterizes those writings, Defendant denies those mischaracterizations.**

202.    The choice to limit my opposition to harassment was made with knowledge that it would aid my being harassed further.

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required.**

203.    CAO was Defendant's upper management, HR executive; Defendant acted through CAO, whom, at all times, acted within the scope of her role, with and for Defendant.

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required.**

204.    By intimidating me and choosing not to investigate my claims, Defendant knowingly aided the discriminatory condition of workplace sexual harassment; Defendant intentionally violated 43 P.S. § 955(e) and is therefore liable for all applicable affirmative action, as granted under 43 P.S.§ 962, as well as any other relief designated by the court.

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required.**

## COUNT XVII:

## ATTEMPTING TO COERCE UNLAWFUL DISCRIMINATION -CONSTRUCTIVE TERMINATION IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT, 43 P.S. § 955 (E)

246.    I put in a request for PTO days to avoid going to work until chances of settlement could be made clearer, since my FMLA leave had expired.

**ANSWER:**    **Denied. Defendant is without knowledge or information sufficient to**

**form a belief as to the allegations contained within this paragraph.**

247.    In accordance with previous practice, I emailed the new head of HR and my supervisor to make clear my intention/informally state that I was taking these days off.

**ANSWER:    The allegations in this paragraph refer to a writing that speaks for itself. To the extent Plaintiff mischaracterizes that writing, Defendant denies those mischaracterizations.**

248.    I also gave the reason for giving notice informally; I was unable to access the employee PTO request site due to a then-apparent technical issue.

**ANSWER:    The allegations in this paragraph refer to a writing that speaks for itself. To the extent Plaintiff mischaracterizes that writing, Defendant denies those mischaracterizations. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

249.    My initial notice went unaddressed until 09/23/2022, when Defendant advised me that I could not take PTO, citing reasoning that PTO cannot be disbursed for dates before my return to work, and that I had or would be resigning sooner, and if I resigned by 09/25/2022, I would receive payment for all banked PTO within the current pay period.

**ANSWER:    The allegations in this paragraph refer to a writing that speaks for itself. To the extent Plaintiff mischaracterizes that writing, Defendant denies those mischaracterizations. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

250.    Because I had been given explicit written notice that I would be allowed to use

PTO during FMLA leave, the reason provided in paragraph 249 was false, and used as a pretext to deny my PTO.

**ANSWER**:     **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, same are denied.**

251.    This is further confirmed by Defendant's choice to not engage my request for explanation as to how their reasoning aligned with the communications I received regarding leave, which I attached in my clarity seeking email.

**ANSWER**:     **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, same are denied.**

252.    Further, Defendant's intent of coercing my resignation is shown by their insistence that I would be resigning without having received or signed a written contract, as well as the undertone of presenting the payment of eligible yet pretextually denied PTO as a direct benefit my resignation.

**ANSWER**:     **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, same are denied.**

253.    The suggestion of disbursing PTO in timing to a tendered resignation is not solely deciding; by stating a denial of my request, stating the inevitability of resignation, and only spotlighting resignation as a path for disbursement, Defendant constructed a problem and spotlighted resignation as the inevitable solution.

**ANSWER**:     **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, same are denied.**

254.    Under 43 P.S.955(d) prohibits employers from discriminating against employees for having filed a charge.

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required.**

255.    Under this statue, discrimination can be construed to include termination of employment, and, because these actions occurred after a failed mediation, there is a reasonable connection between Defendant's actions and my having filed a charge of discrimination.

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required.**

256.    The pressure of Defendant's coercion caused me to experience confusion, incredulous rage, and fear for how my standing in the case would be affected should they succeed in unconditionally enforcing all of their desired terms for settling my charges against them.

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

257.    As a result of these actions, I suffered additional distress beyond what was already present from processing Defendant's prior harm done to me.

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

258.    By attempting to coerce unlawful discrimination, Defendant has violated 43 P.S. § 955 (e) and is therefore liable for all applicable affirmative action, as granted under 43 P.S.§ 962,

as well as any other relief designated by the court.

**ANSWER**:   **Denied as a conclusion of law to which no responsive pleading is required.**

## COUNT XVIII:

## DISCRIMINATION FOR FILING A CHARGE-WRONGFUL TERMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000E-3(A)

259.    On 09/27/2022, I reported to work virtually, by logging in to the company provided laptop and associated accounts, and informing my supervisor via Teams instant-message that I was available for new tasks.

**ANSWER:**   **Admitted in part; denied in part. It is admitted only that Plaintiff reported for work on 09/27/2022. The remaining averments in this paragraph refer to a writing that speaks for itself. To the extent Plaintiff mischaracterizes that writing, Defendant denies those mischaracterizations.**

260.    That afternoon I received an email asserting that I had "agreed to resign" during the private mediation, and that Defendant "accepts my resignation".

**ANSWER:**   **Denied. The allegations in this paragraph refer to a writing that speaks for itself. To the extent Plaintiff mischaracterizes that writing, Defendant denies those mischaracterizations.**

261.    This was Defendant's provided reasoning for terminating me as an employee; shortly after reading the email, I discovered myself to be locked out of all work accounts.

**ANSWER:**   **Denied as a conclusion of law to which no responsive pleading is required. By way of further response, the allegations in this paragraph refer to a writing that speaks for itself. To the extent Plaintiff mischaracterizes that writing, Defendant denies those**

**mischaracterizations. By way of further response. Plaintiff agreed to resign.**

262.    The way I had reported to work was both ordinary and reasonable because:

    a)    Reporting to supervisor after a break from work had been a normalized procedure.

    b)    There had been a recent email requesting employees to report to work virtually due to parking lot construction.

**<u>ANSWER</u>:    Denied as a conclusion of law to which no responsive pleading is required. By way of further response, the allegations in this paragraph refer to a writing that speaks for itself. To the extent Plaintiff mischaracterizes that writing, Defendant denies those mischaracterizations. To the extent this averment contains allegations of fact regarding this case, same are denied.**

263.    I had not and to this time have not entered any binding agreement to drop charges against or resign from Defendant, as explained below:

    a)    There was not and is not any written agreement between me and Defendant to enforce terms of resignation.

    **<u>ANSWER</u>:    Denied as a conclusion of law to which no responsive pleading is required.**

    b)    Both parties signed an "agreement to mediate" prior to mediation, stipulating that any mediation settlement reached during the session would be compiled, into an agreement form, by the mediator.

    **<u>ANSWER</u>:    The allegations in this paragraph refer to a writing that speaks for itself. To the extent Plaintiff mischaracterizes that writing, Defendant denies those mischaracterizations.**

c)      There was no written agreement created or distributed during the session;
to the contrary, Defendant elected to create its own contract which was
communicated to me on 09/27/2022, 8 days after the failed mediation.

**ANSWER:      Denied as a conclusion of law to which no responsive
pleading is required. By way of further response, the allegations in
this paragraph refer to a writing that speaks for itself. To the extent
Plaintiff mischaracterizes that writing, Defendant denies those
mischaracterizations. It is denied that the mediation was "failed".**

d)      The stipulation of point b dictated one exception that could be relevant to
verbal contracts: verbal signatures were to temporarily take place of
written signatures-- only if "technology access" prevented signing and
returning of documents, electronically or otherwise, in- session.

**ANSWER:      Denied as a conclusion of law to which no responsive
pleading is required. By way of further response, the allegations in
this paragraph refer to a writing that speaks for itself. To the extent
Plaintiff mischaracterizes that writing, Defendant denies those
mischaracterizations.**

e)      During mediation, neither I nor Defendant made any claims of technical
barrier, in contrast, Defendant elected to draw up their own proposal on
the contingency of my providing a return-to-work letter from my primary
doctor.

**ANSWER:      Denied.  The allegations in this paragraph refer to a
writing that speaks for itself. To the extent Plaintiff mischaracterizes**

**that writing, Defendant denies those mischaracterizations. To the extent this averment contains allegations of fact regarding this case, same are denied.**

f)      The contingency stated in part d, asserts that Defendant did not recognize itself as bound to present me with a proposal, much less to adhere to the written terms of such proposal.

**<u>ANSWER:</u>      Denied.  The allegations in this paragraph refer to a writing that speaks for itself. To the extent Plaintiff mischaracterizes that writing, Defendant denies those mischaracterizations. To the extent this averment contains allegations of fact regarding this case, same are denied.**

g)      Defendant's written proposal included a 10-day revocation period during which I could refuse the contract after signing; their written contract is to be taken as the embodiment of their asserted "verbal contract"; the inclusion of this revocation period suggests Defendant's acknowledgement that terms of their asserted "verbal contract" were not final or irreversible.

**<u>ANSWER:</u>      Denied.  The allegations in this paragraph refer to a writing that speaks for itself. To the extent Plaintiff mischaracterizes that writing, Defendant denies those mischaracterizations.**

h)      During mediation, mediators expressed to me that: negotiations were not yet complete; "nobody was forcing me to sign anything [the day of session]"; after receipt of Defendant's proposal, and before signing

anything, I should have everything reviewed by a lawyer.

> **ANSWER:** **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

i) At all times during mediation, I was under the impression that, as an unrepresented employee without a legal license-that my contingency for executing Defendant's proposed terms was fully communicated: I agreed to discussed terms subject to reviewing and processing the final contract.

> **ANSWER:** **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph. To the extent this averment contains allegations of fact, same are denied.**

j) Any verbal agreement stated as tentative, is subject to change and thus cannot be construed as equal to a final written agreement. It is clear that I meant to communicate that our discussions of compensation were tentative and that any agreement would contingent upon review and approval of written terms.

> **ANSWER:** **Denied as a conclusion of law to which no responsive pleading is required. By way of further response, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph. To the extent this averment contains allegations of fact, same are denied.**

k) I was not made aware of all Defendant's desired terms during mediation

(such as provision of a resignation letter or resignation date), and as such had no opportunity to question or negotiate those terms.

**ANSWER:**    **Denied.**

l)    We did not discuss all material terms during mediation; resignation date was a material term for me because it effected my ability to earn income in my final workdays as well as access to company sponsored OSHA-40 training-such training had not been completely organized until after my medical leave of absence.

**ANSWER:**    **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

m)    As a non-participating witness to the mediation, my grandmother confirmed that, neither she nor I heard of any precontract demands of a resignation letter or resignation date, nevertheless, requiring these as pre-contract contingencies would also support point e.

**ANSWER:**    **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph. By way of further response, the allegations in this paragraph refer to a writing that speaks for itself. To the extent Plaintiff mischaracterizes that writing, Defendant denies those mischaracterizations.**

n)    As a non-participating witness to the mediation, my grandmother has

confirmed, during mediation, neither she nor I heard of any agreement

being final or otherwise not subject to the receipt and review of the final

contract.

**ANSWER**:     **Denied as a conclusion of law to which no responsive**
**pleading is required. To the extent this averment contains allegations of fact,**
**Defendant is without knowledge or information sufficient to form a belief as**
**to the allegations contained within this paragraph.**

264.    I believe that these points are reasonably sufficient to establish their lack of

authority to enforce their terms, I also believe that they either knew or should have known that

their assertions were false because Defendant had held full knowledge of points a-g, and I had

done everything in my power to articulate h- n to them.

**ANSWER**:     **Denied as a conclusion of law to which no responsive pleading is**
**required. By way of further response, the allegations in this paragraph refer to a writing**
**that speaks for itself. To the extent Plaintiff mischaracterizes that writing, Defendant**
**denies those mischaracterizations.**

265.    On 10/17/2022, and in response to my communications, Defendant chose to

double down on their claims, including their intent to sue for breach of contract unless I

"memorialize[d] our agreement".

**ANSWER**:     **Denied as a conclusion of law to which no responsive pleading is**
**required. By way of further response, the allegations in this paragraph refer to a writing**
**that speaks for itself. To the extent Plaintiff mischaracterizes that writing, Defendant**
**denies those mischaracterizations.**

266.    This doubling down relied on an emailed statement that I had clumsily and

fearfully made on 09/27/2022: "I did agree to a verbal agreement in which I would resign and dismiss existing claims (prior to Sep 19) in return for a settlement amount of 50,000 from Momentum Dynamics Corp. The execution of this agreement was contingent on a contract that included agreeable material terms."

**ANSWER**:   **The allegations in this paragraph refer to a writing that speaks for itself. To the extent Plaintiff mischaracterizes that writing, Defendant denies those mischaracterizations. To the extent this averment contains allegations of fact, same are denied.**

267.   I am not a lawyer; though clumsily worded and improperly placed into two sentences, the combined meaning of both sentences is the same as communicated in point 263(i).

**ANSWER**:   **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph. By way of further response, the allegations in this paragraph refer to a writing that speaks for itself. To the extent Plaintiff mischaracterizes that writing, Defendant denies those mischaracterizations.**

268.   Defendant's doubling down was not an attempt to enforce the company's rights, but like my unlawful termination, and the coercive action of count XVI, Defendant was yet again attempting to coerce me from exercising my rights.

**ANSWER**:   **Denied as a conclusion of law to which no responsive pleading is required.**

269.   On, 12/27/2022 my FOIA request to view my charge file was granted with the exception of internal investigator notes.

**ANSWER**:   **The allegations in this paragraph refer to a writing that speaks for itself. To the extent Plaintiff mischaracterizes that writing, Defendant denies those**

**mischaracterizations. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

270.     According to this file, at no point did Defendant elect to submit their professed "proof" to our investigator to have the investigation concluded in their favor or determined to be non-jurisdictional— such a submission would have been the natural course of action had they truly believed that their evidence was clear and sufficient.

**ANSWER**:     **Denied as a conclusion of law to which no response is required. The allegations in this paragraph refer to a writing that speaks for itself. To the extent Plaintiff mischaracterizes that writing, Defendant denies those mischaracterizations.**

271.     Defendant's assertion (in paragraph 260) was an intentional prescribing of pretext to a knowingly fraudulent enforcement of unagreed terms.

**ANSWER**:     **Denied as a conclusion of law to which no response is required. By way of further response, the allegations in this paragraph refer to a writing that speaks for itself. To the extent Plaintiff mischaracterizes that writing, Defendant denies those mischaracterizations.**

272.     I affirm that Defendant's presented reason for and committed acts in relation to my termination, prove that my termination held no legitimate basis other than my having filed a charge against them.

**ANSWER**:     **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, same are denied.**

273.     After being terminated, I began to look for work until 12/07/2022 when the demands of managing my health and preparing this complaint became too great.

**ANSWER:**    **Denied. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

274.    As to be expected of anyone under these circumstances, my sudden and wrongful termination caused a stressful initial combination of shock, outrage, and fear-- and these manifested through dizziness, and chest pains, in addition to days-long an inability to concentrate, and physical fatigue.

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required. To the extent this averment contains allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the allegations contained within this paragraph.**

275.    By discriminating against me for filing a charge of discrimination, Defendant violated 42 U.S.C. §2000e-3(a) and is therefore liable for all applicable affirmative action, compensatory and punitive damages as granted under 42 U.S.C §2000e–7, and 42 U.S.C. §1981a(a)(1), as well as any other relief designated by the court.

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required.**

## COUNT XIX:

**DISCRIMINATION FOR FILING A CHARGE-WRONGFUL TERMINATION IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT, 43 P.S. § 955 (D)**

276.    Pennsylvania statute 43 P.S.§ 955 (d) prohibits employers from discriminating against employees for having filed a charge.

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required.**

277.    Bringing forth the allegations of Count XVII, Defendant terminated me on the

discriminatory basis of my having filed a charge; Defendant has violated 43 P.S.§ 955 (d) and is therefore liable for all applicable affirmative action, as granted under 43 P.S.§ 962, as well as any other relief designated by the court.

**ANSWER**:    **Denied as a conclusion of law to which no responsive pleading is required.**

## PRAYER FOR RELIEF

Answering the Prayer for Relief, and all subparts thereto, InductEV denies it is liable to Plaintiff in any manner whatsoever and denies each and every allegation of the paragraphs separately and severally to the extent that these allegations imply any wrongdoing by InductEV

\*\*\*

InductEV denies any allegations in Plaintiff's Complaint not specifically admitted, denied, or otherwise fully responded to herein.

## AFFIRMATIVE DEFENSES

Defendant incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein. Defendant reserves the right to amend or support these affirmative defenses throughout discovery and trial in this matter. The following affirmative defenses are asserted herein. Any inadvertent omission of an affirmative defense shall not be deemed an admission, and Defendant does not waive any rights herein.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action against Defendant upon which relief may be granted.

## SECOND DEFENSE

Plaintiff was not denied any leave or other benefits under the FMLA to which she was allegedly entitled.

## THIRD DEFENSE

Plaintiff's claim for retaliation fails because Plaintiff cannot establish any causal connection between any protected activity in which she may have engaged and any adverse action taken against her.

## FOURTH DEFENSE

Defendant had a legitimate, non-discriminatory business reason for Plaintiff's alleged adverse employment action and the reasons for same are not related to Plaintiff's race, gender, or use the FMLA.

## FIFTH DEFENSE

Plaintiff's claims are barred by the doctrines of settlement and release.

## SIXTH DEFENSE

Defendant's conduct was not outrageous, egregious, malicious, intentional, willful, wanton or in reckless disregard of Plaintiff's rights. Plaintiff is not entitled to, nor does Plaintiff's Complaint state a claim for, liquidated damages or punitive damages.

## SEVENTH DEFENSE

Defendant acted in good faith regarding Plaintiff and had reasonable grounds for believing that any act or omission regarding Plaintiff's employment was not a violation of any law.

## EIGHT DEFENSE

Plaintiff's claims are barred, in whole or in part, because she failed to mitigate her alleged damages.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, based upon the doctrine of unclean hands.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because of her failure to exhaust administrative remedies.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

**TWELFTH DEFENSE**

At all times material hereto, the actions of Defendant were justified under the circumstances and at all times material hereto Defendant acted in a manner that was proper, reasonable, and lawful in the exercise of good faith.

**THIRTEENTH DEFENSE**

Plaintiff's claim for discrimination is barred by Defendant's job-related application of standards, criteria, and policies that are consistent with business necessity and normal business operations.

**FOURTEENTH DEFENSE**

Plaintiff's alleged injuries, sufferings and damages, if any, were caused by Plaintiff's own acts, omissions, or conduct.

**FIFTEENTH DEFENSE**

The Complaint is barred, in whole or in part, because Defendant maintains an appropriate policy and program against discrimination and an effective complaint procedure that was known and available to all employees, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.

## SIXTEENTH DEFENSE

While Defendant expressly denies that any of its employees, officers, or agents acted in any manner that would violate the law, if Plaintiff's rights were violated, any such violation occurred outside the scope of employment or agency of such employee, officer, or agent, and without the consent or knowledge of Defendant. Defendant did not authorize, condone, ratify, or tolerate such actions, and any such conduct may not be attributed to Defendant through principles of agency, respondeat superior, or otherwise.

## SEVENTEENTH DEFENSE

Plaintiff fails to state a claim against Defendant upon which damages including attorneys' fees or costs can be awarded.

## EIGHTEENTH DEFENSE

Plaintiff fails to state a claim upon which an award of punitive damages can be granted.

## NINETEENTH DEFENSE

Plaintiff's claims for punitive damages are barred by the Due Process clause to the United States Constitution.

## TWENTIETH DEFENSE

Plaintiff fails to state a claim upon which an award of compensatory damages can be granted.

## TWENTY-FIRST DEFENSE

Defendant did not act in a willful, wanton, reckless, and/or malicious manner or with reckless disregard of federal law.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred by the Pennsylvania Workers Compensation law.

## TWENTY-SECOND DEFENSE

Any and all adverse employment actions of which Plaintiff complains would have been taken even in the absence of any allegedly discriminatory and/or retaliatory motivation. Defendant denies any discriminatory or retaliatory motive. But, even if it is incorrectly determined that they had a discriminatory or retaliatory motive, this would be a "mixed motive" case. In such a case, regardless of any alleged discriminatory or retaliatory motive, the same result would have occurred.

**WHEREFORE,** Defendant InductEV demands judgment in its favor and against Plaintiff Assata Acey on all claims in her Complaint, along with an award of attorneys' fees, and any other such relief as this Court deems necessary, just, and appropriate.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

_By:  Randall C. Schauer_
Randall C. Schauer, Esq. (ID No. 34273)
Alberto M. Longo, Esq. (ID No. 328893)
Eagleview Corporate Center
747 Constitution Drive, Suite 100
Exton, PA  19341-0673
Tel – (610) 458-4967
Fax – (610) 458-7337
rschauer@foxrothschild.com
alongo@foxrothschild.com
_Attorneys for Defendant, InductEV_

Dated: March 18, 2024

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 18, 2024 a true and correct copy of the foregoing Answer with Affirmative Defenses was served on all parties via the Court's electronic filing system.

**FOX ROTHSCHILD LLP**
<u>*/s/ Alberto M. Longo*</u>
Alberto M. Longo, Esquire
*Attorney for Defendant InductEV*

Dated: March 18, 2024