**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ASSATA ACEY, | : | |
| | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| **v.** | : | |
| | : | |
| | : | |
| INDUCTEV, | : | |
| | : | |
| *Defendant.* | : | |
| | : | |
| | : | **No. 2:23-1438** |

**Rule 56 Motion for Summary Judgement**

Letter is to confirm that:

I, Plaintiff, submit this motion for summary judgment of those remaining (undismissed) complaint counts pertaining to retaliation for filing complaints (XVIII, and XIX).

Concurrent Determination of Claims

Regarding concurrent evaluation of state and federal employment discrimination claims, the third circuit's 2002 precedent was upheld again in *Jones v. Se. Pa. Transp. Auth.,* 796 F.3d 323, 327 (3d Cir. 2015):

> " '[T]he PHRA is to be interpreted as identical to federal antidiscrimination laws except where there is something specifically different in its language requiring that it be treated differently,' Fogleman v. Mercy Hosp., Inc., 283 F.3d 561, 567 (3d Cir.2002)"

Applicable Tests

I.   Retaliation Tests

As upheld in *Jones v. Se. Pa. Transp. Auth.,* 796 F.3d 323, 329 (3d Cir. 2015):

> ""A prima facie case of illegal retaliation requires a showing of (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action.' Allstate, 778 F.3d at 449")

Also upheld in *Jones v. Se. Pa. Transp. Auth*., 796 F.3d 323, 326 (3d Cir. 2015):

"first we ask whether the plaintiff has stated a prima facie case of discrimination or retaliation; if she has, we ask whether the employer has advanced a legitimate reason for its conduct; and finally we give the plaintiff an opportunity to prove that the employer's proffered reason is pretextual. See Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir.1994)."

Those precedents upheld by *Jones v. Se. Pa. Transp. Auth*. continue to be upheld by *Minarsky v. Susquehanna Cnty*., 895 F.3d 303 (3d Cir. 2018), *Komis v. Sec'y of the U.S. Dep't of Labor*, 918 F.3d 289, 292-93 (3d Cir. 2019), and *Crosbie v. Highmark Inc.,* 47 F.4th 140, 144 and 146 (3d Cir. 2022)

Proposed Facts and Conclusions of Law

I.  Retaliation counts (XVII, XVIII and XIX)

A)  Test 1

i)  On 05/08/2022, I filed my original dual-filed complaint with EEOC and PHRC against the defendant (pp. 2, 9 Doc 15-5), Appendix p. .

ii)  On 09/19/2022, I attended a virtual mediation session with the Defendant. (Ex 1, Appendix p. )

iii)  On 09/27/2023, my employment was deemed terminated and I was locked out of my employee accounts. (Doc 10-5, Appendix pp ). (Ex. 2, Appendix pp.

iv)  The termination occurred 7 days after mediation and was concurrent with the Defendant's submission of a written contract to resign and dismiss my claims in exchange for $50, 000. (Doc 10-5, Appendix pp. ).

B)  Test 2

i)  The defendant has claimed that they were legally acting on a verbal agreement to resign and drop my claims in exchange for $50,000.

(pp.5-6, Part I of Discussion in 02/28/2024 Memorandum (Doc 49)) Appendix, pp.

ii)  The defendant has failed to produce any compelling evidence of there being a final agreement between myself and the Defendant to release all of my claims and resign in exchange for $50,000.

(pp.5-6, Part I of Discussion in 02/28/2024 Memorandum (Doc 49)) Appendix, pp.

iii)  The only attendees of the mediation on the Defendant's behalf were Alexa Heisler, Patti Rensel and May Mon Post:

19 Okay. So we had a virtual mediation

set up privately, Ms. Acey, you had suggested through -- I don't recall the name -- I only remember the woman's name was Serena that we exchanged information with -- was setup a mediation with Barbara, Tracy, and then I

Page 10

think in attendance on our side was May-Mon

and Ms. Patti Rensel, and myself.

(p.9 lines 19-24 and p.10 lines 1-2 of Alexa Heisler Deposition Transcript, Appendix p. )

iv)    In her deposition, Ms. Heisler, (who is former counsel for the defendant and who was represented by the defendant's legal counsel) admitted that she was not present for the second half of mediation and had not witnessed any agreement being reached:

Q. Okay. Can you recall any specific words that I spoke conveying an agreement to Induct EV's s terms during mediation?

A. No. I wasn't on the call throughout. So the last part when I was there with the company, and you had not come to an agreement at that time

(p.11 lines 12-18 of Alexa Heisler Deposition Transcript, Appendix p. )

v)    In her Deposition, Ms. Rensel testified that she was not aware of any particular wording or statement used to convey my agreement, and that she was unable to recall several terms in May Mon Post's alleged agreement:

Q. Okay. Do you recall discussion regarding a general release at the mediation between Ms. Acey and Momentum?

A. I do not recall.

Q. Do you recall discussions regarding a non-disparagement -- I'm going to say a

clause -- in the mediation involving Ms. Acey

and Momentum?

A. I don't recall.

Q. Do you recall discussions regarding a

confidentiality clause in the Mediation

between Ms. Acey and Momentum?

A. I don't recall.

(p.22 lines 9-21 of Patti Rensel Deposition Transcript, Appendix p. )

BY MS. ACEY:

Q. Ms. Rensel, do you recall any specific

wording or anything said by me to convey my

agreement during mediation?

A. I do not.

(p.24 lines 17-21 of Patti Rensel Deposition Transcript, Appendix p. )

vi)  The only remaining witness to the mediation is May Mon Post, and the email that alleged a final binding agreement (including terms of resignation, general release, confidentiality etc.) was sent from her email account (Doc 10-5, Appendix ).

vii)  May Mon Post, has not been disclosed on the defendant's witness list and was not called for deposition.

viii)  The morning after mediation, I attended therapy with Chantelle Mallory, of which she made the following note:

**Soho Medical Doctors, PLLC**
**Patient:** Assata Acey
**Provider:** Chantele Mallory, LCSW

**DOB:** ▮▮▮▮▮
**Visit:** 09/20/2022 10:00AM

**Sex:** F
**Chart:** ACAS000002

Therapy Type: supportive, interpersonal
Focus: mood, stressors

Session Note: Patient spoke about recent mediation with job and feeling physically drained. Provider supported patient with exploring emotion related to mediation. Patient seemed to struggle with identification of any feelings of relief due to an unclear resolution. Patient supported with increasing awareness to successes throughout the process and effort placed with self-advocacy.
Patient also reports being placed on a new medication to manage flare-ups related to medical condition.
Patient recognizes an increase in flare-ups when managing stressful situations and recognizes the past few months have been a challenge. Patient was reflective of traumatic experiences and how this impacts her

(Ex. 4, pp. 47-49 of Response to Defendant's Subpoena, Appendix pp.)

C) Damages

    i) At the time of ym termination, the defendant was allowing employees to be paid for time spent completing their virtual osha-40 training.

    ii) I had also been allowed to modify tasks and complete work virtually leading up to my leave of absence.

    iii) After submitting my return to work letter, I continued to received disability benefits due to the Defendant's termination.

    iv) I continued to interview and search for new roles that would accommodate my disability but never received a job offer.

    v) Therapy notes P 200-203 during litigation

    vi) Therapy notes P 53-55 after termination

    vii) Doctors note after deposition/ increased medication

Proposed conclusion:

The defendant's termination of my employment was done in relation to my filing a complaint against them with the EEOC and PHRC. The termination and its aftermath caused more than the garden variety of stress and its execution by legal counsel on the Defendant's behalf demonstrates it as being done with reckless disregard for my legal rights to non-retaliation and warrants punitive damages.

Sincerely,

/s/ Assata Acey Hackman

Assata Acey Hackman (Pro Se)

5121 Brown St,

Philadelphia, PA 19139

aceyassata@gmail.com

770-231-1017

Date: 05/06/2024