IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASSATA ACEY<br><br>　　　　　　　Plaintiff,<br>v.<br><br>INDUCTEV<br><br>　　　　　　　Defendant. | Case No.: 2:23-cv-01438<br><br>Judge Paul S. Diamond |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
FRCP 15 MOTION TO AMEND**

Defendant InductEV ("Defendant"), by and through its attorneys, Fox Rothschild LLP, respectfully submits this Opposition to Plaintiff's FRCP 15 Motion to Amend (ECF No. 97) (the "Motion"). Plaintiff's Motion, which seeks to amend Counts XIII, XV, and XVI relating to her claims of disability discrimination under the Americans with Disabilities Act and the Pennsylvania Human Relations Act, should be denied because Plaintiff's proposed amendments are untimely, and any such amendment would be futile.

**RELEVANT FACTUAL BACKGROUND**

Plaintiff initiated this litigation by filing a Complaint in the Court of Common Pleas of Chester County Pennsylvania on or about March 10, 2023 asserting twenty claims for alleged discrimination and/or retaliation in violation of Title VII of the

Civil Rights Act of 1964 (42 U.S.C. § 2000e), Section 1981 of the Civil Rights Act of 1990 (42 U.S.C. § 1981), The Americans with Disabilities Act of 1990 (42 U.S.C. § 12101) ("ADA"), The Pennsylvania Human Relations Act (43 Pa. Stat. Ann. § 962.1) ("PHRA") and one claim for Intentional Infliction of Emotional Distress under Pennsylvania law.  *See* Compl. (ECF No. 1).  On April 14, 2023, Defendant timely removed the Complaint to the Eastern District of Pennsylvania.  *Id.*

On April 27, 2023, Defendant moved to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion to Dismiss") (ECF No. 10).  On February 27, 2024, the Honorable Judge Gene E.K. Pratter issued an order granting in part and denying in part Defendant's Motion to Dismiss.  *See* Feb. 27, 2024 Order (ECF No. 50).  The Court dismissed Counts I, II, III, IV, IX, XIV, and XX of Plaintiff's Complaint with prejudice.  *Id.*  The Court also dismissed Counts XIII, XV, and XVI without prejudice after finding that Plaintiff's "complaint does not sufficiently allege that she is disabled within the meaning of the ADA."  *See* Memorandum (ECF No. 49) at p. 17.  The Court recognized Plaintiff "vaguely averred that in April 2022 she 'experienced an onset of symptoms that would later become a chronic condition."  *Id.* (citing Compl. ¶ 44, Doc. No. 1-2).  The Court further recognized that Plaintiff's complaint "is written in the first person and proceeds to refer to 'my disability'" and "contains vague allegations relating to her putative disability but does not contain sufficient factual

2

matter for the Court to determine whether she qualifies as disabled under the ADA." *Id.*

Accordingly, the Court granted Plaintiff leave to amend on February 28, 2024 to address this deficiency. *See id.* at p. 18. The District Court otherwise denied Defendant's Motion with respect to Counts V, VI, VII, VIII, X, XI, XII, XVII, XVIII, and XIX and the parties proceeded with discovery on those claims. *Id.*

### A. Plaintiff's Proposed Amendments to Counts XII, XV, and XVI Are Futile and Untimely

Rule 15(a) of the Federal Rules of Civil Procedure permits the Court to grant leave to amend "when justice so requires." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing Fed. R. Civ. P. 15(a)). The grant or denial of leave to amend is within the sound discretion of the District Court. *Id.* (citing *Forman v. Davis*, 371 U.S. 178 (1962)). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). "Futility means the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.* "In assessing 'futility,' The District Court applies the same legal standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.*

To survive a motion under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008) (internal quotation marks omitted). A claim is

3

facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In assessing whether plaintiff has stated a claim, the Court is not "compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 582 F.3d 187, 195 (3d Cir. 2007) (internal citation and quotation marks omitted).

To state a claim under the ADA, a plaintiff must show that she is "(1) disabled within the meaning of the ADA, (2) can perform essential functions of her job with or without reasonable accommodation, and (3) suffered an adverse employment action as a result of discrimination based on her disability." *Doe v. Triangle Doughnuts, LLC*, 472 F. Supp. 3d 115, 137 (E.D. Pa. 2020) (internal quotation marks omitted) (quoting *Drummer v. Trustees of Univ. of Pennsylvania*, 286 F. Supp. 3d 674, 682 (E.D. Pa. 2017)). A person qualifies as "disabled" under the ADA if she (1) has a physical or mental impairment that substantially limits one or more of her major life activities, (2) has record of such impairment, or (3) is regarded as having such impairment. *Ramage v. Rescot Systems Grp., Inc.*, 834 F. Supp. 2d 309, 318 (E.D. Pa. 2009). "Generally, claims brought under the PHRA are analyzed under the same standards as their federal counterparts." *Kroptavich v. Pa. Power & Light Co.*, 795 A.2d 1048, 1055 (Pa. Super. Ct. 2002). There are several flaws with Plaintiff's proposed amendments.

4

Construing Plaintiff's *pro se* complaint liberally, the District Court determined that Plaintiff adequately alleged that Defendant "fired Ms. Acey because of her disability." Memorandum (ECF No. 49) at p. 17. The Court noted, however, that "Ms. Acey will need to produce further evidence of discrimination based on disability during the discovery process." *Id*. Despite having the benefit of full discovery, Plaintiff's Motion does not seek leave to amend her allegations with respect to whether she suffered any adverse employment action due to her alleged disability.

As can be seen from the documents cited in the proposed Amendment, Plaintiff was granted to ability to work from home when she raised concerns regarding a medical condition. Plaintiff was freely granted, and never denied, the ability to take time off when needed. Plaintiff's primary complaint is with InductEV's facially non-discriminatory policy that she needed to use PTO for absences she claims resulted from her condition. *See* Motion at p. 1 (at proposed Paragraph 229a). Neither the ADA nor the FMLA require that leave taken under either statute be paid. Plaintiff was also concerned, without basis, that somehow the absences would reduce her work week to under 30 hours and she would lose her health insurance. *Id.* Nor does Plaintiff, two years later, cite any accommodation she requested that was denied, or which she should have been granted. There is no reference to any statements by her, or any other, manager at InductEV reflecting

5

resentment as a result of her request for time off or working from home. When one considers that the period covered by the proposed Amendment is April 8, 2022, the earliest email cited by Plaintiff through April 23, 2022 when Plaintiff went out on disability leave after her MRI Report, the specious nature of this claim is further illustrated.[1]

Moreover, Plaintiff's proposed amendments are largely duplicative of the allegations in her Complaint which Judge Pratter found insufficient to state a claim under Rule 8. For example, Plaintiff proposes to add the following lines before ¶ 229 of her Complaint: "Around April 18, 2022, I experienced an onset of symptoms including dizziness, migraine, malaise, vertigo, and nausea) that not only effected my ability to drive, walk or work, but (those symptoms) later became chronic." Yet, in finding that Plaintiff did **not** adequately allege that she is disabled within the meaning of the ADA, Judge Pratter observed that Plaintiff "vaguely averred that in April 2022 she 'experienced an onset of the symptoms that would later become a chronic condition.'" Memorandum (ECF No. 49) at p. 17. The mere addition of symptoms such as dizziness, migraines, malaise, vertigo, and nausea should not alter the Court's prior conclusion that Plaintiff has failed to plead she is disabled, or suffered any adverse action because of an alleged disability. Nor do Plaintiff's rote

---

[1] Plaintiff remains on disability for the same condition through today, according to her deposition testimony taken April 11, 2024.

references to her MRI results or treatment records add to the original allegation of the Complaint.

The other reason to deny Plaintiff's Motion is her delay in seeking to do so, to the prejudice of the defendant. Plaintiff could have included the facts underpinning those emails and treatment records in her initial Complaint, but she did not. Plaintiff could have amended her Complaint as a matter of course once this matter was removed to federal court, she did not. Plaintiff could have sought leave to amend when Defendant filed its Motion to Dismiss, but she did not. The Court's Order granting the Motion to dismiss with leave to amend was issued February 27, 2024. At that time, the Court also entered an Order calling for fact discovery to conclude on April 12, 2024. Plaintiff's deposition was taken on April 11 and 18 based on the Complaint as it existed at the time of the deposition. Nothing prevented Plaintiff from amending her Complaint in February after the Court ruled on Defendant's Motion to Dismiss, nor does Plaintiff allege anything did.

Now, after multiple scheduling orders and continuances of the original discovery deadline—after thousands of documents have been exchanged, multiple depositions scheduled and conducted, myriad motions and an appeal to the Third Circuit filed (by Plaintiff), a settlement conference scheduled, and this matter slated for trial in October—Plaintiff seeks to amend her Complaint to include facts in her

possession for over two years.[2]  All of this to the prejudice of Defendant who conducted its discovery and Plaintiff's deposition with the Complaint as it exists. Plaintiff's Motion should be denied.

                                                               Respectfully Submitted,

                                                               **FOX ROTHSCHILD LLP**

                                                               */s/ Randall C. Schauer*
                                                               Randall C. Schauer (ID No. 34273)
                                                               Alberto M. Longo (ID No. 328893)
                                                               Eagleview Corporate Center
                                                               747 Constitution Drive, Suite 100
                                                               Exton, PA  19341-0673
                                                               Tel – (610) 458-7500
                                                               Fax – (610) 458-7337
                                                               rschauer@foxrothschild.com
                                                               alongo@foxrothschild.com
                                                               *Attorneys for Defendant*

---

[2] Defendant is aware that this Court's Policies and Procedures require that the Court receive a courtesy copy of any briefs filed in appeals from its decisions.  *See* Judge Paul S. Diamond, *Judicial Practice and Procedures*, at p. 8.  Defendant recognizes that Plaintiff's appeal arises from the decision of Judge Pratter; however, given that this matter recently was reassigned to this Court, Defendant has sent a courtesy copy of Plaintiff's appeal and all related briefing to the Court for its convenience.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 31, 2024, a true and correct copy of the foregoing document was served on all parties via electronic mail per the addresses contained on the docket in this matter.

FOX ROTHSCHILD LLP

*/s/ Randall C. Schauer*
Randall C. Schauer, Esquire
*Attorney for Defendant, InductEV*