IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASSATA ACEY<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>INDUCTEV<br><br>　　　　　　　　Defendant. | Case No.: 2:23-cv-01438<br><br>Judge Paul S. Diamond |

**SUR-REPLY TO PLAINTIFF'S REPLY**
**To Doc. 101 (Re: motion to amend-Doc 97)**

Defendant InductEV ("Defendant"), by and through its attorneys, Fox Rothschild LLP, respectfully submits this Sur-reply to Plaintiff's Reply to Doc. 101 (Re: motion to amend-Doc 97) to address briefly the issues raised by Plaintiff's Reply (ECF No. 103).

First, Plaintiff underscores Defendant's request for medical records ostensibly to bolster her claims under the Americans with Disabilities Act ("ADA") and Pennsylvania Human Relations Act ("PHRA"). Motion (ECF No. 103) at p. 1. Defendant requested Plaintiff's healthcare records months prior to dismissal of Plaintiff's disability claims when Plaintiff still had disability claims under the ADA and PHRA, which were of an indeterminate nature. Plaintiff's healthcare records are also relative to Plaintiff's damages. However, any medical conditions reflected

in Plaintiff's treatment records are not determinative of Plaintiff's ability to state a claim under the ADA. *See Dreibelbis v. Cnty. of Berks*, 438 F. Supp. 3d 304, 314 (E.D. Pa. 2020) (identifying requirements of ADA claim). Indeed, there are clear elements of what is required to plead—and prove—a claim of disability discrimination under the ADA and PHRA, and as Plaintiff's Motion and reply demonstrate, Plaintiff **<u>cannot</u>** plead **<u>or</u>** prove them.

Second, Plaintiff argues she disclosed to the Court and Defendant during the in-person status hearing her "intent to submit motions to amend/supplement" but no arguments of prejudice were raised by Defendant. Motion (ECF No. 103) at p. 2. There are no objections to statements of intent; nor were Plaintiff's bases for her intended motions to amend or supplement her Complaint during that hearing, as none were supported by the evidence developed in discovery.

Third, Plaintiff suggests that discovery will proceed in the usual course and be served, noticed, and completed by June 12, 2024 (it is June 4). Yet, discovery has already been extended once, closes in 8 days, and the two day of depositions of Plaintiff already exceeded the 7 hour limit of deposition testimony.[1] Since February 28, significant discovery has been conducted beyond Plaintiff's deposition,

---

[1] Simply scheduling Plaintiff's deposition early in the case took substantial effort. Plaintiff initially refused to sit for a deposition without any adequate justification, necessitating significant motions practice and delaying Defendant's deposition of Plaintiff for more than half a year. *See* ECF No. 35-1 at pp. 4-5.

including depositions of Plaintiff's key fact witnesses, Plaintiff's deposition of Defendant's witnesses, and substantial document exchanges including roughly 85,000 text messages between Plaintiff and her husband (produced by Plaintiff only days before his deposition in early April 2024).

In sum, the Court previously dismissed Plaintiff's ADA claims and did so for good reason: Plaintiff has no claim under the ADA or PHRA. Even if she could articulate the elements of a disability claim, this last minute effort to amend her Complaint is prejudicial, untimely, and without justification. Plaintiff should not be permitted to expand this litigation (more than she already has) at the expense of Defendant and the Court's time and resources.[2] Plaintiff's FRCP 15 Motion to Amend (ECF No. 97) should be denied for reasons of both substance and untimeliness.[3]

---

[2] For example, just hours after submitting her Reply, and only days after submitting her FRCP 15 Motion to Amend, Plaintiff filed yet another FRCP 15(d) Motion for leave to Supplement Complaint Counts XVIII and XIX. *See* ECF No. 105.

[3] It is worth noting that Plaintiff attaches exhibits to her reply brief in direct contravention of the Court's rules, which are clear that "[r]eply and sur-reply briefs shall not include declarations of exhibits." *See* Judge Paul S. Diamond *Judicial Practice and Procedures*, at p. 4, VI.(B). Plaintiff's casual disregard of the Court's rules because she is *pro se* (and the Federal Rules of Civil Procedure in general) is nothing new when convenient.

Respectfully Submitted,

**FOX ROTHSCHILD LLP**

<u>*/s/ Randall C. Schauer*</u>
Randall C. Schauer (ID No. 34273)
Alberto M. Longo (ID No. 328893)
Eagleview Corporate Center
747 Constitution Drive, Suite 100
Exton, PA  19341-0673
Tel – (610) 458-7500
Fax – (610) 458-7337
rschauer@foxrothschild.com
alongo@foxrothschild.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 4, 2024, a true and correct copy of the foregoing document was served on all parties via electronic mail per the addresses contained on the docket in this matter.

FOX ROTHSCHILD LLP

*/s/ Randall C. Schauer*
Randall C. Schauer, Esquire
*Attorney for Defendant, InductEV*