IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASSATA ACEY | : |
|         Plaintiff, | : |
| | : |
| v. | :   Civ. No. 23-1438 |
| | : |
| INDUCTEV | : |
|         Defendant. | : |
| | : |

# O R D E R

On February 27, 2024, Judge Pratter (late of this Court) dismissed *pro se* Plaintiff Assata Acey's disability claims without prejudice. (Doc. Nos. 49, 50.) Acey now moves to amend her Complaint to revive those claims and supplement several of her remaining claims. (Doc. Nos. 97, 105.) InductEV opposes her Motions, which I will deny. (Doc. Nos. 101, 106.)

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On March 10, 2023, Acey brought discrimination claims against InductEV in the Philadelphia Common Pleas Court. (Doc. No. 1.) InductEV removed, after which Acey moved for summary judgment, which Judge Pratter treated as a Motion for Default Judgment. (Doc. Nos. 1, 5.) On April 27, 2023, InductEV moved to dismiss all claims. (Doc. No. 10.) Judge Pratter issued a scheduling order, setting the discovery deadline as September 15, 2023. (Doc. No. 14.) The Parties proceeded with discovery, during which the Parties filed numerous discovery motions. (Doc. Nos. 19, 21, 26, 29, 33, 41, 42, 43, 44, 46, 55, 61, 65, 70.) On November 6, 2023, Judge Pratter lifted all pending deadlines. (Doc. No. 36.)

On February 27, 2024, Judge Pratter denied Acey's motion for default judgment ("summary judgment") and granted in part and denied in part InductEV's Motion to Dismiss.

(Doc. Nos. 49, 50.) She dismissed several claims with prejudice, dismissed Acey's three disability claims without prejudice, and granted Acey leave to amend her disability claims. (Id.) Judge Pratter did not, however, provide a deadline for amendment. (Id.) Acey moved for reconsideration, which Judge Pratter denied. (Doc. Nos. 51, 58, 59.) Acey also filed a notice of appeal, which the Third Circuit dismissed for lack of appellate jurisdiction. (Doc. Nos. 67, 68, 107.) On February 29, 2024, Judge Pratter issued an amended scheduling order, requiring discovery be completed by April 12, 2024. (Doc. No. 53.)

On April 22, 2024, Acey moved for leave to amend the claims dismissed with prejudice, which Judge Pratter denied. (Doc. Nos. 84, 87.) On May 6, 2024, Judge Marston held a status hearing on Judge Pratter's behalf, during which she informed Acey that "it's a little late to be amending claims." (Doc. Nos. 88, 93.) Judge Marston issued a second amended scheduling order, extending the discovery deadline to June 12, 2024 and moving the summary judgment deadline for settlement purposes. (Doc. Nos. 90, 93.) The same day, Acey filed a Motion for Partial Summary Judgment, which she has since amended. (Doc. Nos. 89, 92.)

On May 21, 2024, this case was reassigned to me. (Doc. No. 95.) On May 24, 2024, Acey moved to amend the Complaint to revive the disability claims that had been dismissed without prejudice. (Doc. No. 97.) InductEV opposes the Motion. (oc. Nos. 101, 106.) On June 3, 2024, Acey submitted another Motion to Amend, in which she seeks to supplement her existing retaliation claims. (Doc. No. 105.)

## II.     LEGAL STANDARDS

Leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410,

1434 (3d Cir.1997); see Foman v. Davis, 371 U.S. 178, 182 (1962). "[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." Cornell & Co. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978).

### III.   DISCUSSION

InductEV argues that amendment should be denied because amendment would be futile, is unduly delayed, and would be prejudicial. (Doc. Nos. 101, 106.)

### A.  Futility

"[F]utility of amendment is a sufficient basis to deny leave to amend." Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Id. "The standard for assessing futility is the 'same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6).'" Id. (quoting Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000)). "Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." Id.

####   1.    Disability Claims

To make out an ADA discrimination claim, Acey must allege that: (1) she is disabled under the meaning of the ADA; (2) she is otherwise qualified to perform the essential functions of the job, either with or without a reasonable accommodation; and (3) she suffered an adverse employment decision due to the discrimination. Shaner v. Synthes (USA), 204 F.3d 494, 500 (3d Cir. 2000). Pennsylvania courts generally interpret the PHRA in accordance with the ADA.

Judge Pratter dismissed Acey's claims because she did not sufficiently allege that she has

a disability. A plaintiff is disabled under the ADA if she: (1) has "a physical or mental impairment that substantially limits one or more" of her "major life activities"; (2) has "a record of such an impairment"; or (3) is "regarded as having such an impairment." Eshleman v. Patrick Indus., Inc., 961 F.3d 242, 245 (3d Cir. 2020) (quoting 42 U.S.C. § 12102).

In her initial Complaint, Acey repeatedly stated that she had a "disability" without providing any specifics of the disability, its symptoms, and the limitations it caused. (Doc. No. 49 at 17.) Contrary to InductEV's assertions, Acey's proposed amendments remedy this deficiency. She alleges specific symptoms—dizziness, migraines, heat flashes, nausea, vertigo, and pituitary macroadenoma—provides medical records, and identifies particular tasks her symptoms substantially limit. (See Doc. No. 97.) These allegations are sufficient to plead that she is disabled under the ADA.

InductEV urges that amendment is nonetheless futile because Acey does not amend her allegations that InductEV fired her because of her disability. InductEV conflates Acey's 12(b)(6) burden with her burden on summary judgment. Although Judge Pratter noted that Acey "will need to produce further evidence of discrimination based on disability through the discovery process," she held that Acey adequately alleged that InductEV terminated Acey because of her disability for purposes of a 12(b)(6). (Doc. No. 49 at 17-18.) Additional allegations are thus unnecessary.

In sum, amendment of Acey's disability claims would not be futile.

2. Retaliation Claims

By contrast, amendment of Acey's retaliation claims would be futile or unnecessary. To plead Title VII retaliation, a plaintiff must allege that: "(1) she engaged in a protected activity

under Title VII; (2) the employer took an adverse action against *her*; and (3) there was a causal connection between the employee's participation in the protected activity and the adverse employment action." Barnett v. New Jersey Transit Corp., 573 F. App'x 239, 244 (3d Cir. 2014) (emphasis added).

To the extent that Acey seeks to amend her existing claims to add additional support, amendment is unnecessary. As Judge Pratter already ruled, Acey's retaliation claims were sufficiently pled. (Doc. No. 49 at 18-19.)

Insofar as Acey seeks to bring new retaliation claims, these claims fail. Her husband's termination is not an adverse employment against *her*. See Barnett v. New Jersey Transit Corp., 573 F. App'x 239, 245 (3d Cir. 2014). Moreover, Acey lacks standing to bring these claims *on behalf of* her husband. See id. (plaintiff "lacks standing to bring a discrimination claim on behalf of" her terminated husband). He must bring his own claims of retaliation, presumably in a separate lawsuit.

Accordingly, I will deny Acey's Motion as futile.

**B.     Prejudice and Undue Delay**

"Delay alone is not sufficient to justify denial of leave to amend." Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (citing Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir.1984)). "[H]owever, at some point, . . . delay will become 'undue,' placing an unwarranted burden on the court . . . [and] an unfair burden on the opposing party." Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001). "When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied." Arthur, 434 F.3d at 204; see also Cureton, 252 F.3d at 273 ("[T]he question of undue delay requires that

we focus on the movant's reasons for not amending sooner.").

Acey's Motions to Amend come over one year after she filed her Complaint, and three months after Judge Pratter ruled on InductEV's Motion to Dismiss. Judge Pratter clearly identified the deficiency in Acey's disability claims, and the facts necessary to cure this deficiency were known to Acey long before initiating this action. (Doc. No. 49 at 16-17.) Judge Marston told Acey "it was a little late to be amending claims." (Doc. No. 93.) Yet, Acey moved to amend without providing any explanation or justification for her delayed motions.

Indeed, this is not Acey's first motion to amend since Judge Pratter's ruling; Acey moved to amend on April 22, 2024. (Doc. No. 88.) She could have amended these other claims at that point. She did not. Acey provides no adequate explanation for her "fail[ure] to take advantage of [this] previous opportunit[y] to amend." Cureton, 252 F.3d at 273. Nor does she provide any justification for her failure to submit a new motion until the end of a twice-extended discovery deadline, and until after she filed a since-amended Motion for Partial Summary Judgment. See McCarthy v. Komori America Corp., 200 F.R.D. 507, 509 (E.D. Pa. 2001) (denying motion to amend where facts were known to plaintiffs months before filing motion, twice-extended discovery deadline had passed, and plaintiffs failed to provide justification for delay).

Given this undue delay, InductEV argues that it would be prejudiced by amendment because it conducted discovery, including Acey's deposition, "with the Complaint as it exists." (Doc. No. 101 at 7.) Plaintiff already sat for two days of depositions in April, and thousands of documents have been exchanged. The discovery deadline—which has been extended twice—is less than a week away. Although Acey responds that InductEV already sought discovery from her medical providers on these claims, she does not suggest that additional discovery is unnecessary.

(See Doc. No. 103 at 1.) InductEV sought this information *before* the claims were dismissed. Discovery has progressed, however, and depositions have been taken subsequent to dismissal of these claims. InductEV had no reason to address these issues and seek additional information in the depositions and discovery requests after the disability claims' dismissal. Reviving these claims would thus require me to extend discovery for the third time, resulting in additional costs to InductEV. See Hewlett–Packard Co. v. Arch Assocs. Corp., 172 F.R.D. 151, 155 (E.D.Pa.1997) ("[A]llowing amendment of [defendants'] remaining claims . . . would clearly lead to further delay and an additional round of time-consuming discovery."); McKnight v. Sch. Dist. of Phila., No. 00-573, 2001 WL 74772, at *2 (E.D. Pa. Jan. 29, 2001) ("[B]ecause discovery in this case has closed and the Plaintiff and all relevant witnesses have been deposed, . . . allowing the Plaintiff to now amend his Complaint . . . would significantly prejudice [Defendants'] ability to prepare a defense in this case.").

In light of Acey's unexplained delay and the prejudice to InductEV, I will not allow amendment.

### IV.   CONCLUSION

In sum, I will deny Acey's Motions to Amend as futile, unduly delayed, and prejudicial.

\*            \*            \*

**AND NOW**, this 10th day of June, 2024, it is hereby **ORDERED** that Acey's Motions to Amend (Doc. Nos. 97, 105) are **DENIED**.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.