IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ASSATA ACEY** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Civ. No. 23-1438 |
| | : | |
| **INDUCTEV** | : | |
| **Defendant.** | : | |
| | : | |

# O R D E R

Before me is yet another discovery motion in this case.  *Pro se* Plaintiff Assata Acey asks me to hold an evidentiary hearing to settle "two discovery disputes."  (Doc. No. 98.)  InductEV opposes her request, which I will deny.  (Doc. No. 102.)

Acey first contends that despite being ordered "to produce hiring/promotion/payroll documents for employees named" in her Complaint, InductEV has withheld these documents, improperly arguing that they are not covered by Judge Pratter's April 22, 2024 Order.  (Doc. No. 98 at 1-2.)  InductEV responds that Acey misstates Judge Pratter's Order, which requires production of hiring records only.  (Doc. No. 102.)  I agree.

On April 22, 2024, Judge Pratter ordered InductEV produce the "'hiring records for Omar Jackson and Seth Wolgemuth' *described in Defendant's* [April 19] *Memorandum*" at page three.  (Doc. No. 85 (emphasis added).)  Page three of the cited memorandum stated that InductEV was "preparing a supplemental production with respect to hiring records" of several individuals that "Plaintiff believes support her claims regarding failure to promote, or properly pay."  (Doc. No. 83 at 3.)  Acey argues that the hiring records she believes support her claims are "all records (including resumes, job offers/applications/descriptions discussions[)]" of hiring."  (Doc. No. 81 at

2.)  She makes no mention of promotion or payroll documents, however, and neither Judge Pratter's Order nor InductEV's Memorandum define hiring records to include employment records beyond the time of hiring.  Accordingly, InductEV has not violated Judge Pratter's Order by failing to produce promotion and payroll files.

Next, Acey urges that InductEV failed to turn over "all" communications, in violation of Judge Pratter's Order and the Pilot Project Initial Discovery Protocol for Employment Cases, which Judge Pratter followed.  (Doc. Nos. 98 at 2, 104 at 3-4.)  In its April 19 Memorandum, InductEV stated that it had produced nearly 18,000 pages of responsive communications and that the remaining voicemails and messages were non-responsive and had nothing to do with this case.  (Doc. No. 83 at 4.)  Judge Pratter's April 22 Order thus made no reference to Acey's requests for communications.  (See Doc. No. 85.)

Moreover, the Protocol requires the production of "[a]ll communications *concerning the factual allegations or claims at issue*" only.  Pilot Project Regarding Initial Discovery Protocols for Employment Cases Alleging Adverse Action, at 7 (November 2011), available at https://www.paed.uscourts.gov/sites/paed/files/docu ments/procedures/prapol3.pdf  (emphasis added).  Because Acey does not attach the referenced screenshots of communications that InductEV has purportedly withheld, I cannot determine if InductEV has violated the Protocol.

In sum, Acey's request is denied.

**AND NOW**, this 10th day of June, 2024, it is hereby **ORDERED** that Acey's Motion (Doc. No. 98) is **DENIED.**

                                                    **AND IT IS SO ORDERED.**

                                                    */s/ Paul S. Diamond*
                                                    Paul S. Diamond, J.