# EXHIBIT 13

| | |
|---|---|
| From: | Assata Acey |
| To: | Post, May Mon |
| Cc: | Patti Rensel; Alexa Heisler; Barbara Foxman; hornigtracy@gmail.com |
| Subject: | Re: Acey v. Momentum |
| Date: | Tuesday, September 27, 2022 4:47:31 PM |

**EXTERNAL EMAIL**

Relevant work samples, as organized and shared with Patti Rensel yesterday evening, have also been submitted.

On Tue, Sep 27, 2022, 2:52 PM Assata Acey <aceyassata@gmail.com> wrote:
> As you are currently aware, this case has been moved to investigation.
> I reject your contract.
>
> In mediation I did agree to
> a verbal agreement in which I would resign and dismiss existing claims(prior to Sep 19) in return for a settlement amount of 50,000 from Momentum Dynamics Corp.
> The execution of this agreement was contingent on a contract that included agreeable material terms. The fact that you requested me to execute terms of an agreement that I had yet to review or sign suggests that we did not resolve the issue.
>
> At no point was resignation agreed to as a requirement to review or receive any agreement. At no point was a deadline agreed to for resignation. The only requirement agreed to as a condition of receiving a contract was that I would provide a letter from my doctor. The deadline given for this letter was September 26 2022. My Grandmother is a witness to my agreements during mediation and can confirm the same.
>
> As of yet, I have not resigned and I consider my immediate lock-out from company databases as a direct attempt to fire me after my complaint, which is to be added to my charge file along with all other documents submitted to Alexa and Pattis Momentum emails this past friday afternoon.
>
> On Tue, 27 Sept 2022 at 14:10, Post, May Mon <maymon.post@bunkerray.com> wrote:
>> Dear Ms. Acey,
>>
>> I am confused by your email below. At the mediation on September 19, 2022, the parties agreed on the following material terms:
>>
>> You agreed to resign from employment with Momentum effective immediately (September 19, 2022) and further agreed to provide Momentum with the said resignation letter on or before September 23, 2022. Therefore, Momentum has accepted your resignation as of that date.



EXHIBIT AA-27

CONFIDENTIAL                                             INDUCTEV INITDISCL000051

Additionally, you agreed to provide Momentum with a verification form from a medical provider, on or before September 23, 2022, returning you to return to work on full duty with or without restrictions.

In addition, you agreed to a general release, non-disparagement and confidentiality, and Momentum agreed to provide a neutral reference.

In exchange for the above, within 30 days of the execution of the settlement agreement by you, Momentum agreed to pay the settlement proceeds in the total amount of $50,000 (less ordinary deductions required by law, if applicable].

I indicated to the mediators that a settlement agreement would be sent to you for execution as soon as it was finalized. To that end, I am attaching it herewith.

Thank you.

**May Mon Post, Esq. | Lead Employment Attorney | Bunker & Ray**

Employees of ACE American Insurance Company, a Chubb Company

436 Walnut St. | WA01A | Philadelphia, PA 19106
(215) 845-6154 (direct) | (267) 372-1240 (mobile)
maymon.post@bunkerray.com

This email (which includes any attachments) is intended to be read only by the person(s) to whom it is addressed. This email may contain confidential, proprietary information and may be a confidential attorney-client communication, exempt from disclosure under applicable law. If you have received this email in error, do not print it, forward it or disseminate or use it or its contents. In such event, please notify the sender by return email (or by phone at the number shown above) and delete the email file immediately thereafter. Thank you for your cooperation.

We strive to be a paperless office. I encourage you to send all correspondence via email instead of U.S. mail when at all possible. If you email a document to me, it is not necessary to send a separate copy via U.S. mail. Thank you.

**From:** Assata Acey <aceyassata@gmail.com>
**Sent:** Friday, September 23, 2022 10:39:46 PM
**To:** Post, May Mon <Maymon.post@bunkerray.com>; Patti Rensel <patti.rensel@momentumdynamics.com>; Alexa Heisler <Alexa.Heisler@momentumdynamics.com>; Assata Acey <Assata.Acey@momentumdynamics.com>
**Subject:** Re: Acey v. Momentum

**EXTERNAL EMAIL**

My collected evidence of inferred bias is proof of discrimination in my hiring decision work classification/failure to promote. This bias consists mainly of experiences I had with HR that were not replicated with my colleagues (accusations of stealing time, asks of if I were pregnant/should see daughter's gynecologist, degree of meeting invite harassment, response to reported bias and harassment incidents at work etc). Failure to classify or promote would be a part of that because the performed tasks were reasonably beyond the scope of my role, requiring skills of a process engineer/beyond technician job description. And not only was HR aware of this through my performance review and subsequent communications, but I specifically mentioned in my performance review that I would be seeking compensation commensurate with the tasks that I was completing.

Regardless of your evaluation of evidenced inferred bias, conspicuous skill gap between my tasks and role, and previous (re performance review) request to be adequately compensated. My claim still holds additional charges of severe harassment and ADA related retaliation. The severe racially/gender impacted harassment of not being allowed to use my cell phone and an evidently unusual/severe reimbursement process (where I was denied from opting out) is supported by the same inferred bias as well as additional bias acts by coworkers( pen markings on a work desk vowing not to "talk about race", comic regarding a fake "phizzics" degree posted outside my cubicle, additional biased/policing behavior of coworkers)

This retaliation would include the onset of my illness when I expressly needed to take time off and was told at the last minute before heading out that the current pay period would not allow me to do unpaid time (as supported by my 5/12 doctors note). Which caused me such severe distress that after returning from two doctor's appointments, I worked until 9:00 PM in pain to make up those pay period hours.

The stress of this ordeal is further documented in my diagnosis of major depressive disorder from both my PCP and therapist as well as therapy sessions where these issues were discussed.

Due to the documentation of this issue, I am convinced that a full investigation will find Momentum Dynamics Corporation in noncompliance of EEOC law with order to pay the full 50,000 amount regardless of whether I resigned--being that resignation would be my right.

Beyond this, I do perceive your emails of this week as attempts to:
a) have this case dismissed

CONFIDENTIAL

INDUCTEV INITDISCL000053

b) convince me to resign (a condition contingent on our "meeting of minds" as demonstrated through a contract) without submitting and written documentation/contract for my review between myself and you to review or sign.

c) change or misconstrue existing and communicated FMLA policy to use PTO payment as a bargaining chip towards part b.

I view these as direct actions to intimidate and retaliate against me for filing this EEOC complaint if not to also interfere with EEOC process by avoiding the need to include your resignation condition in a written unredacted settlement agreement

In the scope of the merit of my claims(existing complaint), right to resign or not, previously noted actions, and supporting documentation, I am now asking for a settlement amount of $130,000, acceptable for review ONLY with receipt legally drafted settlement offer (including ALL material terms: resignation, rehire eligibility, time scale/terms of payment, confidentiality, etc).

Unless/until an agreement is signed detailing resignation, I am an employee of Momentum Dynamics Corp and will be either using PTO or reporting to work.

All supporting documentation has been attached. Please refer any questions, comments, or followup to my email.

On Fri, 23 Sept 2022 at 16:13, Assata Acey <aceyassata@gmail.com> wrote:

> ---------- Forwarded message ---------
> From: **Assata Acey** <aceyassata@gmail.com>
> Date: Fri, 23 Sept 2022 at 16:10
> Subject: Re: Acey v. Momentum
> To: Post, May Mon <maymon.post@bunkerray.com>
>
>
> Thank you for your clarifying email. Please confirm whether the following previous PTO/FMLA/REturn to work policies, as communicated in the attached email PDFs and FMLA form, have been changed to match what you are currently saying. thank you,
>
>
> On Fri, 23 Sept 2022 at 16:01, Post, May Mon <maymon.post@bunkerray.com> wrote:
>
>> Good afternoon, Ms. Acey:
>>
>> I understand that you requested to take PTO for September 22 and 23. Please be advised that you are unable to put in for PTO as you are still on disability leave and you cannot take PTO unless you are back to work. (Also, per your doctor's note, you are not to be released to return until Monday, which is a moot point as you have

[handwritten annotation: "Go to next"]

Case 2:23-cv-01438-PD   Document 131-17   Filed 08/23/24   Page 6 of 7

resigned or will be resigning shortly). However, ==you will be paid the balance of your PTO upon your resignation==. If you resign today through Sunday, you will receive your final pay check on 09/30. If you resign 09/26 – 10/09, you will receive your final pay check on 10/14. Please provide me with a copy of your resignation letter as soon as possible.

Thank you, and please let me know if you have any questions.

**May Mon Post, Esq. | Lead Employment Attorney | Bunker & Ray**

Employees of ACE American Insurance Company, a Chubb Company

436 Walnut St. | WA01A | Philadelphia, PA 19106
(215) 845-6154 (direct) | (267) 372-1240 (mobile)
maymon.post@bunkerray.com

This email (which includes any attachments) is intended to be read only by the person(s) to whom it is addressed. This email may contain confidential, proprietary information and may be a confidential attorney-client communication, exempt from disclosure under applicable law. If you have received this email in error, do not print it, forward it or disseminate or use it or its contents. In such event, please notify the sender by return email (or by phone at the number shown above) and delete the email file immediately thereafter. Thank you for your cooperation.

We strive to be a paperless office. I encourage you to send all correspondence via email instead of U.S. mail when at all possible. If you email a document to me, it is not necessary to send a separate copy via U.S. mail. Thank you.

---

This email (including any attachments) is intended for the designated recipient(s) only, and may be confidential, non-public, proprietary, and/or protected by the attorney-client or other privilege. Unauthorized reading, distribution, copying or other use of this communication is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) should not be deemed a waiver of any privilege or protection. If you are not the intended recipient or if you believe that you have received this email in error, please notify the sender immediately and delete all copies from your computer system without reading, saving, printing, forwarding or using it in any manner. Although it has been checked for viruses and other malicious software ("malware"), we do not warrant, represent or guarantee in any way that this

communication is free of malware or potentially damaging defects. All liability for any actual or alleged loss, damage, or injury arising out of or resulting in any way from the receipt, opening or use of this email is expressly disclaimed.

CONFIDENTIAL

INDUCTEV INITDISCL000056