UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASSATA ACEY, | : | |
| *Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| INDUCTEV, | : | |
| *Defendant.* | : | |
| | : | No. 2:23-01438-PD |

## Plaintiff's Second Motion for Reconsideration of Doc 109

I plaintiff, in reference to doc 97, 101, 103, 106, and 109, respectfully submit this second motion to reconsider the order of Doc 109 for the following two reasons:

a) The defendants were not ambushed--The documents cited to substantiate the amendment bear proof that these same documents were not only introduced in the amendment-- but were in the defendant's possession throughout the litigation.

b) New evidence shows that the defendant continued to dedicate discovery time and resources to the defense of my Disability claims in 04/2024, months after these claims had been dismissed.

The Defendant contended that they deposed me according to the complaint as it existed, yet nothing stopped them from including claim-relevant documents they already possessed during their deposition.

The defendant never claimed prejudice in preparing for my disability claims, they claimed prejudice over preparing for the "underpinning facts" in my amended disability claims. These facts were presented through disability forms, teams messages and emails. The disability forms were originally submitted to and ultimately reproduced by the defendant during discovery; the emails involved were company emails, each of these "facts" were supported by documents that the Defendant also possessed.

While the court's trial procedure state a disfavor towards one party trying to "ambush" the other (p. 4 of Doc. 129), this amendment is not an ambush. The Defendant's failure to "prepare" further for these facts in discovery is not unlike the failure to review general discovery documents for trial until the trial memoranda deadline.

Further from an ambush, it is not unlike a trial memoranda -- because the defendant's main complaint is not having the documents, but not knowing that I would use them (until 4 months before trial). Yet this type of concern is disinherited in trial procedure, where neither party is guaranteed more reasonable access to all relevant evidence and one week's notice of the evidence the other plans to use at trial.

My possession of these documents for over "2 years" does not overshadow that the defendant possessed and was aware of those same documents from their inception. The defendant's access to my company email and messages is even underscored by their providing most of these documents to me in discovery.

Furthermore, regarding the prejudice of reviving disability claims this late in the process, the court noted the defendant's claim that they deposed me with the focus of non-dismissed claims. However, newly possessed evidence shows that the defendant actively used their depositions to prepare for disability claims at trial.

20 pages of the combined depositions transcripts (where the Defendant deposed me) pertain to my disability claims.
Exhibit 2, 04/18/2024 A. Acey Dep. 26-28, 63-64, 76-85. Exhibit 1, 04/11/2024 A. Acey Dep pp. 49-50, 254-256.

The court reserves the right to refuse an untimely amendment for a myriad of reasons, but it is not obligated to do so without a sufficient and legitimate showing of prejudice to the other party. The court is certainly not encouraged to do so when a refusal would provide binding victory on a technicality as opposed to the merit. Such victories are constantly decried in orders denying default judgements.

Sincerely,

<u>Assata Acey Hackman /s/</u>

Assata Acey (Pro Se)

5121 Brown St,

Philadelphia, PA, 19139

770-231-1017

aceyassata@gmail.com

Date: 09/08/2024

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ASSATA ACEY,** | : | |
| *Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **INDUCTEV,** | : | |
| | : | |
| *Defendant.* | : | |
| | : | |
| | : | No. 2:23-01438-PD |

### **Proposed Order**

**AND NOW** this _____ day of _____, 20_____, **IT IS HEREBY ORDERED** that the Plaintiff's Second Motion to Reconsider Doc 109 is **GRANTED.**

_____