IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASSATA ACEY<br><br>                Plaintiff,<br>v.<br><br>INDUCTEV<br><br>                Defendant. | Case No.: 2:23-cv-01438<br><br>Judge Paul S. Diamond |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S AMENDED RULE 56
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant InductEV ("Defendant"), by and through its attorneys, Fox Rothschild LLP, respectfully submits this Opposition to Plaintiff's Amended Rule 56 Motion for Partial Summary Judgment (ECF No. 92) (the "Motion").[1]

**I.  Introduction**

Plaintiff cites two reasons the Court should grant summary judgment on her retaliation claims (Counts XVII, XVIII, and XIX).  The first is that four days after the parties engaged in mediation, Defendant informed her that she could not use PTO while out on a disability leave. Motion, 1(A)(iii), p. 3. Plaintiff makes no claim of

---

[1] One day prior to filing this Motion, Plaintiff filed a separate Motion for Summary Judgment (ECF No. 89) that Plaintiff later deemed incomplete. *See* Motion (ECF No. 92) at p.1 Accordingly, Defendant responds to Plaintiff's Amended Rule 56 Motion for Partial Summary Judgment only (ECF No. 92).

damages as a result of this alleged act of retaliation because she has none. Motion C, p. 6 – 7. Plaintiff was paid earned but unused PTO following her resignation from employment. The second reason Plaintiff thinks the Court should grant summary judgment is based on the Defendant's treating the employment relationship as ended following her resignation, which Plaintiff says happened seven days after the mediation. This despite her own acknowledgement, and the testimony of her grandmother, that she agreed to resign.

Plaintiff's Motion fails for several reasons. First, Plaintiff cannot establish that she did not resign from employment with Defendant and thus cannot show any adverse action by Defendant (none exists). Second, the documents relied upon by Plaintiff to claim she was told she could use PTO during a paid disability leave, and then retaliated against by being told she could not based on a tortured reading of emails, do not support Plaintiff's factual premise, and certainly not a claim of retaliation. Third, Plaintiff cannot establish a causal connection between her alleged protected activity—filing her PHRC Complaints—and any alleged adverse action by Defendant., Plaintiff's arguments regarding causation are legally insufficient and rely on "facts" about which there are genuine issues.

**II. Plaintiff's Motion for Summary Judgment should be denied as the bases therefore are not supported by law, nor based upon material facts about which there is no issue**

*A. Plaintiff is not entitled to summary judgment on her claim of retaliation for engaging in mediation, and thereafter being: terminated; or refused use of PTO while on disability leave contrary to a prior statement from Defendant's Chief Administrative Officer that she could*

Contrary to Plaintiff's view, it is undisputed that Plaintiff agreed to resign in exchange for $50,000 ***prior*** to leaving Defendant's employ.[2] There can be no retaliation *i.e.*, adverse action by Defendant where Plaintiff resigned from employment—as she admitted in writing—and her own grandmother confirmed during her deposition. *See Green v. Brennan*, 578 U.S. 547, 574 (2016) ("A resignation cannot be deemed the equivalent of an actionable intentional termination of the employer lacks intent to terminate." (Alito, J., concurring) (citing *Staub v. Proctor Hospital*, 562 U.S. 411, 417-418 (2011)). Summary judgment should be entered in Defendant's favor because Plaintiff cannot show that she did ***not*** resign— and she cannot show that Defendant's belief that she did resign was based on anything other than her agreement to do so.

---

[2] Defendant has also filed a Motion For Summary Judgment asking the Court to enforce the parties agreement that Plaintiff agreed to resign and release InductEV of claims in exchange for $50,000. Motion for Summary Judgment (ECF No. 131-2) at p. 21. Defendant incorporates the evidence of record and argument cited therein in response to Plaintiff's Motion.

3

With audacity bordering on lack of candor with the Court, Plaintiff's Motion omits any mention of her written acknowledgement that she agreed to resign—which she referenced as early as the Complaint filed on March 10, 2023, and addressed again when responding Defendant's Motion to Dismiss the Complaint. *See* Complaint (ECF No. 1 at Ex. A, ¶ 266); Defendant's Motion to Dismiss (ECF No. 10) at p. 10). That is, Plaintiff ignores her own September 27, 2022 admission: "*In mediation I did agree to a verbal agreement in which I would resign and dismiss existing claims(prior to Sep 19) in return for a settlement amount of 50,000 from Momentum Dynamics Corp.*" Motion at Ex. 3 (ECF No. 92-2). Nor does she address her grandmother's testimony "[t]here was a verbal agreement that she would resign and dismiss existing claims in return for a settlement amount of 50,000 dollars." Motion for Summary Judgment (ECF No. 132-2) at p. 21. *Id.* Plaintiff has stridently and ineffectively attempted to rationalize her revocation of the settlement and agreement to resign based primarily on what she thought, but not based on the words expressed between the parties. And while Plaintiff attempts to cast doubt on Defendant's reliance on her "verbal agreement" to resign, she presents no evidence creating an issue of material fact that Defendant relied on anything to the contrary. *See id.*

Plaintiff also references the deposition testimony of Alexa Heisler and Patti Rensel ostensibly for the purpose of disproving that any agreement existed—

ignoring her own written acknowledgement and ignoring Ms. Rensel's testimony that a verbal agreement was reached during mediation in which Plaintiff agreed "to resign from employment in exchange for compensation." *See* Motion for Summary Judgment (ECF No. 131-8, at p. 5). Further as Plaintiff indicates, Ms. Heisler was not present for the entire mediation. Motion at p. 4; Ex. A at 11:12-18. But the mere fact that Ms. Heisler was not present for the entire mediation does not mean that a verbal agreement was not reached.

Plaintiff claims that she was retaliated against when, after the mediation, Judy Talis told her she could not take PTO while on a paid disability leave. Plaintiff claims this was done in retaliation for participating in the mediation as it supposedly contradicts an earlier statement from Ms. Talis that Plaintiff could use PTO during paid disability. This convenient, forced reading of Ms. Talis' first message is another example of Plaintiff projecting unlawful intent onto a neutral act based on standard policy.

The initial June 17, 2022 statement of Ms. Talis that Plaintiff could use PTO was communicated in relation to Plaintiff having qualified for FMLA leave as of June 14, 2022, and reflects InductEV's FMLA policy that allowed employees on unpaid FMLA leave to use PTO. Motion I. (B)(ii). It was not in reference to use of PTO during a paid disability leave—which is not a common practice as it encourages malingering. As there are more than 14 weeks between June 14, 2022, when

5

Plaintiff's FMLA began, and Ms. Talis' September 23, 2022 message, Plaintiff's FMLA entitlement had been exhausted. Therefore, when Ms. Talis informed Plaintiff on September 23, 2022 that she is "unable to put in for PTO as you are still on disability leave and you cannot take PTO unless you are back to work" it is because Plaintiff was no longer on FMLA leave, and employees on paid disability leave are ineligible for PTO. Motion I. (B)(i). It is not because of retaliatory or discriminatory reasons, but for the simple fact it is true and is not contradictory to the June 17, 2022 message from Ms. Talis. However, as Plaintiff had decided to disavow her settlement of the case and resignation and look for actions she can cite in support of her claims, she conveniently misreads that June 17, 2022 message as extending the opportunity to take PTO to an employee on paid disability leave. *Id.* Indeed, Plaintiff never cites the respective policies relating to STD or FMLA in support of her claim.

> B. *Setting aside the lack of legal or factual support for Plaintiff's Motion, it also fails as Plaintiff cannot establish causation between her allegedly protected acts, and the allegedly retaliatory acts*

Nor can Plaintiff establish the requisite causation required to maintain her Title VII retaliation claims. To prevail on her retaliation claims, Plaintiff must establish a "causal connection" between her protected activity—filing her administrative complaints—and some adverse action—Plaintiff's alleged termination. *See Jones v. Se. Pa. Transp. Auth.*, 796 F.3d 323, 326 (3d Cir. 2015).

To do so, Plaintiff must prove that her "protected activity was a but-for cause of the alleged adverse action by the employer." *Tomaszewski v. City of Philadelphia*, 460 F. Supp. 3d 577, 599 (E.D. Pa. 2020) (quoting *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013)). This can be established "by showing '(1) an unusually suggestive temporal proximity between the protected activity and the alleged retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link' or (3) 'from the evidence gleaned from the record as a whole' the trier of the fact should infer causation.'" *Kargbo v. Philadelphia Corp. v. Aging*, 16 F. Supp. 3d 512, 533 (E.D. Pa. 2014) (quoting *Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007)). Plaintiff fails to make that showing. Nor can she, given that three months had elapsed between when she filed her administrative complaints and when she claims she was terminated—three months during which Plaintiff remained employed, was granted accommodations, FMLA leave, and except for the two acts cited in her Motion, apparently satisfied with how she was treated.

Plaintiff also argues she was terminated "in response to [her] filing a complaint against [Defendant] with the EEOC and PHRC." Motion at p. 10, ¶ 3. Plaintiff's complaints were served on Defendant on June 22, 2022. *See* Defendant's Motion for Summary Judgment (ECF No. 131-3, ¶ 3).[3] Yet Plaintiff claims she

---

[3] According to Plaintiff's Motion, she "dual-filed" her complaint with the EEOC and PHRC on May 8, 2022. Motion at p. 2, I. A) i).

suffered adverse employment action via termination months later on September 27, 2022. Motion at p. 2 ("On 9/27/2022, my employment was deemed terminated and I was locked out of my employee accounts."). Hence three months (and five days) had elapsed between Plaintiff's alleged protected activity and her alleged termination. The Third Circuit has held that shorter time periods are not unusually suggestive for purposes of establishing causation to support a retaliation claim. *See Williams v. Philadelphia Hous. Auth. Police Dept'*, 380 F.3d 751, 760 (3d Cir. 2004) (concluding that two-month time frame, without more, is not "unusually suggestive" of retaliation and affirming summary judgment in favor of employer), *superseded on other grounds as stated in Petti v. Ocean Cnty. Bd. of Health*, 931 F'App'x 59 (3d Cir. 2020); *see also LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 232 (3d Cir. 2007) (concluding that three-month time frame was not unusually suggestive and affirming summary judgment in favor of employer).

Yet Plaintiff attempts to rely on the timing between the mediation and her request to take PTO while on disability leave (4 days), and the timing between the mediation—during which she agreed to resign—and when she was removed from her employee account (7 days) as unusually suggestive of a causal connection. Plaintiff is reasonably facile with legal research, and may well have been aware of the cases cited in the preceding paragraph in deciding to ascribe protected status to the acts cited, thereby collapsing three months to a week. Plaintiff conflates these

events with her actual protected activity—filing her administrative complaints—to manufacture a causal nexus when none exists.

However, neither participating in a voluntary mediation nor seeking PTO while already on disability leave constitutes protected activity for purposes of a Title VII retaliation claim. *See Moyer v. Kaplan Higher Educ. Corp.*, 413 F. Supp. 2d 522, 526 (E.D. Pa. 2006) ("to demonstrate that she engaged in a protected activity, plaintiff must show that she 1) opposed a practice made unlawful by Title VII or the PHRA, 2) filed a charge of discrimination, or 3) participated in a charge brought by another."). The more obvious (and unrebutted explanation) is that Plaintiff agreed to resign during mediation and Defendant, relying on that resignation and believing she was no longer employed, removed her from her employee account.

Plaintiff attempts to bolster her causation argument by arguing Defendant threatened to sue her to enforce the terms of the settlement agreement after she reneged. Other than this one-off (and natural) response to Plaintiff's refusal to honor the terms of her bargained for agreement—which occurred literally months after she engaged in any protected activity—Plaintiff has no evidence suggesting any "pattern of antagonism" coupled with the timing of Plaintiff's protected activity, or ***any*** evidence from which a jury could infer causation. Indeed, everything Plaintiff relies on suggests that Defendant relied on Plaintiff's agreed-upon resignation—and nothing more—in believing she resigned.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion should be denied, and summary judgment should be entered in Defendant's favor, as Plaintiff cannot establish that she did not resign and cannot as a matter of law establish causation on her retaliation claims.

Respectfully Submitted,

**FOX ROTHSCHILD LLP**

*/s/ Randall C. Schauer*
Randall C. Schauer (ID No. 34273)
Alberto M. Longo (ID No. 328893)
Eagleview Corporate Center
747 Constitution Drive, Suite 100
Exton, PA  19341-0673
Tel – (610) 458-7500
Fax – (610) 458-7337
rschauer@foxrothschild.com
alongo@foxrothschild.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 13, 2024, a true and correct copy of the foregoing document was served on all parties via electronic mail per the addresses contained on the docket in this matter.

**FOX ROTHSCHILD LLP**

*/s/ Randall C. Schauer*
Randall C. Schauer, Esquire
*Attorney for Defendant, InductEV*