IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASSATA ACEY<br><br>    Plaintiff,<br><br>v.<br><br>INDUCTEV<br><br>    Defendant. | Case No.: 2:23-cv-01438<br><br>Judge Paul S. Diamond |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR RECONSIDERATION OF DOC 109**

Defendant InductEV ("Defendant"), by and through its attorneys, Fox Rothschild LLP, respectfully submits this Opposition to Plaintiff's Second Motion for Reconsideration of Doc 109 (Doc. No. 136) (the "Motion").

This is the fourth time the Court has evaluated Plaintiff's disability claim, and the third time it has done so at Plaintiff's request. The first time the Court evaluated Plaintiff's disability claim was Defendant's Motion to Dismiss, where on February 27, 2024 the Court dismissed the Counts containing the disability claim, among others. (Doc. No. 10 & Doc. No. 50). Tellingly, Plaintiff's Motion for Reconsideration filed February 28, 2024, one day after the Court dismissed her disability claims, did not challenge dismissal of the disability claims, but rather

focused on the dismissal of her race and gender claims. (Doc. 51) That motion was denied with prejudice on March 12, 2024. (Doc. 59).

Thereafter, Plaintiff raised the issue of reviving her disability claim in her Motion for Leave to Amend (Doc. 97) (the "Motion for Leave to Amend") which was denied on June 10, 2024. *See* June 10, 2024 Order (Doc. No. 109). Desperate to revive her long-dismissed disability claims, Plaintiff challenged the dismissal of her disability claims a third time when she sought reconsideration of the June 10, 2024 Order of this Court denying her Motion for Leave to Amend. *See* Motion for Reconsideration of Concerning Documents 109 and 110 (Doc. No. 111); August 16, 2024 Order (Doc. No. 128). In denying Plaintiff's last motion for reconsideration, the Court recognized that Plaintiff failed to present (1) any change in controlling law, (2) newly discovered evidence, or (3) clear error of law or fact, recognizing that her motion failed on the merits. *See* August 16, 2024 Order (Doc. No. 128) at p. 2 (denying Plaintiff's first motion for reconsideration and describing it as "meritless"). Plaintiff's fourth effort to have the Court permit her defective disability claims is no different than the others, seeks the same relief without basis, and should be denied accordingly.

### A.   Plaintiff cannot satisfy the legal standard for reconsideration

Understandably absent from Plaintiff's Motion is any meaningful discussion of the standard for reconsideration. "A motion for reconsideration . . . is generally

treated as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e)." *Z&R Cab, LLC v. Phila. Parking Auth.*, 22 F.Supp.3d 509, 513 (E.D. Pa. 2014) (citing *Turner v. Evers*, 726 F.2d 112, 114 (3d Cir. 1984)). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly-discovered evidence." *Id.* (citing *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A party seeking reconsideration "must show at least one of the four reasons: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; (3) the need to correct a clear error of law or fact; or (4) the prevention of a manifest injustice.'" *Id.* Plaintiff's Motion raises several grievances—none of which come close to meeting the standard for reconsideration.

The gist of Plaintiff's Motion appears to be that the word disability is mentioned in her deposition. Plaintiff claims that "new evidence" demonstrates that Defendant "continued to dedicate discovery time and resources to the defense of her disability claims, citing "20 pages of the combined depositions transcripts" to argue that Defendant "actively used [Plaintiff's] deposition to prepare for disability claims at trial." Motion at p. 1. It appears Plaintiff thinks the actual transcripts of Plaintiff's deposition provided to her on August 30, 2024 per the Court's Order are new evidence. Plaintiff is mistaken. In fact, the transcripts better support Defendant's contention that it would be prejudiced by reinserting this claim at this point more

3

clearly than Plaintiff's summary of her deposition testimony did in the prior motion for reconsideration. In short, there is nothing new or material here.

Plaintiff appears to believe that because Defendant elicited deposition testimony from her regarding her short-term disability benefits (as it relates to her claim for wage loss); explored Plaintiff's medical background (as it relates to her claimed damages); explored Plaintiff's claim that she was denied PTO while on disability leave (as it relates to her retaliation claim); or exploring whether Plaintiff believed the accommodations provided to her were somehow inferior to those accorded others because of some racial or gender bias on the part of the Defendant, that the Defendant is prepared to proceed on her putative disability claim. If anything, the transcripts demonstrate that Plaintiff has no disability claims having received permission to work from home as an accommodation, as well as receiving FMLA leave. In fact, the transcript demonstrates that what Plaintiff claims is disability discrimination is her objection to and personal disagreement with being required to take unpaid, rather than paid, time off while on disability leave.  Motion, pp. 14 – 16.  In other words, Plaintiff has no disability claim; rather, as demonstrated by Defendant's Motion for Summary Judgment, just another grievance over various relatively insignificant non-discriminatory events that happened at work.

But even if Plaintiff were correct—and she is not—she provides ***no*** explanation regarding why her Motion for Leave to Amend came more than one year

4

after she filed her Complaint and three months after Judge Pratter ruled on Defendant's Motion to Dismiss (as this Court already recognized). And even when Plaintiff first moved to amend her Complaint *after* Judge Pratter's decision on Defendant's Motion to Dismiss, she did not amend her disability claims with the very facts she acknowledges she possessed since *before* her Complaint was filed. It is simply irrelevant what Defendant explored (or did not explore) during Plaintiff's deposition; Plaintiff, as the party claiming she suffered disability discrimination could have pled facts to support her disability claims in (1) her original Complaint; (2) in an amended complaint filed thereafter; or (3) in her first motion for leave to amend (Doc. No. 84), which she filed on April 22, 2024—months after Judge Pratter's decision of Defendant's motion to dismiss. She did none of those things.

Like her first motion for reconsideration, Plaintiff's second Motion does not even attempt to explain this undue delay. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (recognizing undue delay places an "unwarranted burden on the court" or will place an "unfair burden on the opposing party") (quoting *Adams v. Gould Inc.*, 739 F.2d 858, 863 (3d Cir. 1984) *cert. denied*, 469 U.S. 1122 (1985)). And how could she. Plaintiff's Motion for Leave to Amend (Doc. 97) came months after Judge Pratter's decision on Defendant's Motion to Dismiss—after several filings with the Court (including a separate motion for leave to amend), two discovery extensions, Plaintiff's two-day deposition, multiple fact

witness depositions, and an appeal to the Third Circuit. The Court recognized the untimeliness of Plaintiff's Motion for Leave to Amend in its Order denying it. *See* Order (Doc. No. 109) at p. 6 ("Acey's Motions to Amend come over one year after she filed her Complaint, and three months after Judge Pratter ruled on InductEV's Motion to Dismiss."). The Court also recognized that Plaintiff's Motion for Leave to Amend (Doc. 97) was not Plaintiff's first motion to amend since Judge Pratter's ruling" as she "moved to amend on April 22, 2024. (Doc. No. 88.)" *Id.* After the Court denied her Motion for Leave to Amend, Plaintiff sought reconsideration, which the Court also denied. *See* Order (Doc. No. 128).

But now, after countless opportunities to amend, a failed Motion for Leave to Amend, and a failed motion for reconsideration of the Court's order denying her Motion for Leave to Amend, recently filed summary judgment motions (which remain pending before the Court), and a litany of pre-trial filings by Plaintiff, Plaintiff seeks reconsideration (for the second time) of the Court's order denying her Motion for Leave to Amend. Plaintiff simply ignores the Court's prior order that her motion to amend her Complaint was unduly delayed, ignores that discovery and scheduling has been needlessly drawn out, ignores that there are pending motions for summary judgment, and ignores that this matter is slated for trial on November 19, 2024. Plaintiff also ignores the standard for reconsideration *in toto*.

Despite what Plaintiff thinks, there is no reason (in Plaintiff's Motion or otherwise) for the Court to revisit its prior ruling on Plaintiff's Motion for Leave to Amend. Accordingly, the Court should deny Plaintiff's Motion and if possible, prevent Plaintiff from continuing to clog the docket with baseless motions that result only in the unnecessary expenditure of time and resources on the part of the Court and Defendant. Indeed, this is precisely the type of motion courts consider improper, and counsel suggests, sanctionable. *See Kennedy Indus., Inc. v. Aparo*, 2006 WL 1892685, at * 1 (E.D. Pa. Jul. 6, 2006) ("it is 'improper . . . to ask the Court to rethink what [it] had already thought through'" (quoting *Glendon Energy Co. v. Bor. Of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993))).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion should be denied. A Proposed Order is attached.

    Respectfully Submitted,
**FOX ROTHSCHILD LLP**

*/s/ Randall C. Schauer*
Randall C. Schauer (ID No. 34273)
Alberto M. Longo (ID No. 328893)
Eagleview Corporate Center
747 Constitution Drive, Suite 100
Exton, PA  19341-0673
Tel – (610) 458-7500
Fax – (610) 458-7337
rschauer@foxrothschild.com
alongo@foxrothschild.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 24, 2024, a true and correct copy of the foregoing document was served on all parties via electronic mail per the addresses contained on the docket in this matter.

FOX ROTHSCHILD LLP

*/s/ Randall C. Schauer*
Randall C. Schauer, Esq.
*Attorney for Defendant, InductEV*
