IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASSATA ACEY <br><br> Plaintiff, <br><br> v. <br><br> INDUCTEV <br><br> Defendant. | Case No.: 2:23-cv-01438 <br><br> Judge Paul S. Diamond |

DEFENDANT'S REPLY IN FURTHER SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

Defendant InductEV ("Defendant" or "InductEV"), by and through its attorneys, Fox Rothschild LLP, respectfully submits this Reply in Further Support of Defendant's Motion for Summary Judgment (Doc. No. 131).

1. *Plaintiff's failure to promote claim fails because Plaintiff __admits__ she was not qualified for the senior tech role at InductEV*

Plaintiff admits that (1) the "Senior Tech Role at InductEV requires at least 8+ years' experience in a test environment for emerging technology"; (2) she did not possess that experience when she applied for the introduction production technician position; and (3) that she does not qualify for a senior technician role. *See* Plaintiffs' Response to Defendant's Statement (Doc 131-3) -- in Opposition to Defendant's Motion for Summary Judgment (Doc 131) (Doc. No. 141) (the "Response") at p. 8,

¶¶ 26-27, ¶ 29.  Put simply, Plaintiff admits she was not, and is not, qualified for the senior technician role she claims she should have received forming the basis of her Title VII failure to promote claim.  *Id.*

It follows that Plaintiff **_cannot_** establish a prima facie case of discrimination under Title VII, and her failure to promote claim fails as a matter of law.  *See Marley v. CORT Furniture Rental Corp.*, 348 F.App'x 798, 800-801 (3d Cir. 2009) (affirming entry of summary judgment in favor of the defendant where the plaintiff did not have "three years of warehouse experience" to show he was qualified for the position he sought); *Dowdell v. Community College of Philadelphia*, 2017 WL 2506444, at *11 (E.D. Pa. June 9, 2017) (granting summary judgment to defendant in part because plaintiff failed to establish he was qualified for the position sought); *Young v. St. James Mgmt., LLC*, 749 F.Supp.2d 281, 297 (E.D. Pa. 2010) (same).

### 2. *Plaintiff cannot establish a prima facie case of hostile work environment based on race or sex*

To establish a *prima facie* case of hostile work environment under Title VII, Plaintiff must show: "(1) intentional discrimination based on sex [or race]; (2) severe or pervasive conduct; (3) a detrimental effect on the plaintiff; (4) a detrimental effect on a reasonable person in similar circumstances; and (5) the existence of *respondeat superior* liability."  *Carroll v. Guardant Health, Inc.*, 511 F.Supp.3d 623, 657 (E.D. Pa. 2021) (alteration added).  "The Supreme Court has been clear that a plaintiff must point to 'extreme' conduct to support an actionable hostile work environment

claim, 'offhand comments,' 'isolated incidents,' and 'mere utterance[s] . . . do not suffice" even when the utterance is concerning an "ethnic or racial epithet which engenders offensive feelings." *Id.*

Plaintiff points to no evidence of record that comes close to meeting this standard.  In fact, Plaintiff does not even support her Response with any brief or legal argument.  She simply admits or denies the facts in Defendant's Statement of Undisputed Material Facts without directing Defendant or the Court to any facts that support her claims. Nor could she as no such facts exist.

Further, Plaintiff attempts to create issues of fact by relying on her own conclusory allegations.  For example, Plaintiff denies that she failed to produce any "evidence of derogatory jokes by any coworkers" and directs the Court to "Doc 137, pp. 59-61, 211-214" and "Doc 40-2, pp. 1711-1712, 1715-1718." ***There is nothing in either filing that remotely suggests a hostile work environment.***  Plaintiff is citing patently innocuous interactions in the workplace and attempting to manufacture a scenario that simply does not exist.  These are precisely the type of "conclusory allegations" that "simply cannot conjure up a genuine issue of material fact for plaintiff to survive summary judgment." *Parker v. School Dist. of Phila.*, 415 F.Supp.3d 544, 566 (E.D. Pa. 2019).  And even if it were true that Plaintiff experienced derogatory jokes by coworkers—and it is ***not*** true—isolated incidents

(which Plaintiff's cited interactions can hardly be described as) do not suffice. *Carrol*, 511 F.Supp.3d at 658.[1]

Plaintiff also insists that she was called a "bitch" while employed at InductEV, but points to no evidence other than her own conclusion that that is the case. In fact, she denies her own deposition testimony where, when expressly asked whether a coworker used the word "bitch" "to [her] or in front of [her]," Plaintiff responded, "He said it in front of me." Motion for Summary Judgment (Doc. No. 131-3, ¶ 127; *see also id.* (Doc. No. 131-6) at 256:16-23). Plaintiff could have clarified that the word "bitch" was used toward her when asked, but she did not (because it was not). Now she seeks to create an issue of fact, notwithstanding her clear testimony, by claiming "To the extent defendant construes that I said Rosenberg did not call me a "bitch," this statement is denied. " Response, ¶ 127. Plaintiff fails to appreciate that, at this stage of the litigation, she must do more than simply deny facts; rather, to survive summary judgment, Plaintiff must present "facts showing that there is a

---

[1] Just to illustrate the point, Plaintiff's reference to Doc. 40 at p. 1711-1712 refers to a Microsoft Teams group chat where an employee writes: "That SLACKER….his nick name should be PTO." This message—which Plaintiff somehow considers evidence of discrimination based on race—was not even directed toward her; rather it was directed toward her coworker, Omar Jackson, who testified that he did not have a single example where he felt criticized due to race and never witnessed anything he considered to be "pervasive racial harassment" at InductEV. Motion for Summary Judgment (Doc. No. 131-2 at pp. 8-9). Indeed, there is nothing discriminatory about this message. Surely these facts cannot support a hostile work environment claim as a matter of law.

genuine issue for trial." *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 296 (3d Cir. 2018). "[B]are assertions, conclusory allegations, or suspicious will not suffice." *Id.* (alteration added).  No such issue exists here, and Plaintiff fails to present any facts showing that *she* was called a "bitch" at work.

Regardless, in *Moyer v. Kaplan Higher Educ. Corp.*, 413 F.Supp.2d 522, 527 (E.D. Pa. 2006), the Court found "as a matter of law that such cursing, especially when not directed specifically at plaintiff, does not violate Title VII and that no reasonable person in plaintiff's position would have believed that it did."  The Supreme Court recognizes that "Title VII is not a 'civility code' and is not meant to 'purge the workplace of vulgarity.'" *Id.* (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81(1998)).  *Moyer* further held "as a matter of law" that using the terms "blow job" and "slut" in the workplace over the course of several months were "isolated incidents" that "simply do not constitute the type of pervasive and regular harassment forbidden by Title VII and that no reasonable person in plaintiff's position would have believed [such] isolated remarks constituted a hostile work environment." *Id*. (alteration added); *see also Clark County School District v. Breeden*, 532 U.S. 268, 271 (2001) (per curiam) (holding single statement "I hear making love to you is like making love to the Grand Canyon" said in the workplace did not support Title VII hostile work environment claim).

*Moyer* is instructive here, where Plaintiff claims the term "bitch" was used by an employee, once, in the workplace and argues—without any support in the record (and contrary to her own testimony)—that it was directed toward her.  And even if it were true (it is not), such a one off "isolated incident" does not constitute severe and pervasive conduct to support a hostile work environment claim.

### 3. *Plaintiff cannot establish retaliation as a matter of law because InductEV reasonably believed she resigned and she presents no evidence that she did not resign*

Plaintiff denies that she agreed to resign from InductEV notwithstanding record evidence showing that Plaintiff agreed to resign from InductEV.  Response, ¶ 6.  Plaintiff also claims her "email and her grandmother's testimony state that the defendant's production of a contract was a condition precedent" notwithstanding Plaintiff's failure to produce any evidence to that effect.  The argument goes, because Plaintiff and her grandmother said so, it must be true.  Otherwise, Plaintiff points to no evidence that the parties' bargained for and included in their agreement any condition precedent that the agreement be reduced to writing.

Further, Plaintiff denies that she refused to execute the written settlement agreement InductEV *did* send her, claiming it was never "finalized-verbally or otherwise."  Response, ¶ 17.  It is entirely unclear how Plaintiff can deny that she refused to execute the written agreement when the written agreement itself was never executed.

# CONCLUSION

For the foregoing reasons, and the reasons set forth in Defendant's Motion for Summary Judgment (Doc. No. 131), Defendant respectfully requests that the Court enter summary judgment on all counts in its favor and dismiss Plaintiff's claims *with prejudice*.

Respectfully Submitted,

**FOX ROTHSCHILD LLP**

*/s/ Randall C. Schauer*
Randall C. Schauer (ID No. 34273)
Alberto M. Longo (ID No. 328893)
Eagleview Corporate Center
747 Constitution Drive, Suite 100
Exton, PA  19341-0673
Tel – (610) 458-7500
Fax – (610) 458-7337
rschauer@foxrothschild.com
alongo@foxrothschild.com
*Attorneys for Defendant*

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 25, 2024, a true and correct copy of the foregoing document was served on all parties via electronic mail per the addresses contained on the docket in this matter.

**FOX ROTHSCHILD LLP**

*/s/ Randall C. Schauer*
Randall C. Schauer, Esq.
*Attorney for Defendant, InductEV*