UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASSATA ACEY, | : | CIVIL ACTION |
| *Plaintiff* | : | |
| v. | : | |
| INDUCTEV, | : | |
| *Defendant.* | : | No. 2:23-01438-PD |

### Motion for Judicial Notice of Doc 64

I, plaintiff, submit this Motion for Judicial Notice of Defendants Answer (Doc 64) in deciding the Parties' pending motions for summary judgement.

### Factual Background

On Mar 18, 2024, the Defendant filed its response to my complaint (Doc 64), and in doing so vested doc 64 with all of the assurances of accuracy and earnestness that is required by FRCP 11(b).

Since Mar 18, 2024, no statements have been filed by the Defendant to recant, alter, supplement, or otherwise comment on their filed Answer (Doc 64).

In Doc 64, the defendant responds to 212 paragraphs of my complaint (complaint lines 90-199, 170-174, 205-245 are omitted from Defendant's answer).

For 95 of those 212 sections, the defendant stated they were "without knowledge or

information sufficient to form a belief as to the allegations contained within this [section].".

Inso doing, the Defendant admitted to lacking determinative knowledge concerning a broad range of allegations.

Doc 64, ¶¶ 3-22, 24-27, 29, 34, 36-37, 39-40, 42-44, 46, 48-56, 58-60, 62, 64, 70-72, 75-79, 84, 86-87, 128, 134-138, 140-142, 146-155, 159, 163, 168, 180, 184-185, 246, 248-249, 256-257, 263(h)-263(i), 263(l)-263(n),267, 269, 273-274. [1]

## Argument

In stating their "lack of knowledge and information", the defendant has submitted (to the court, on the record) that the evidence in their possession on Mar 18, 2024 was not sufficient--either to prove or *disprove* 95 complaint allegations. The plaintiff disputes the asserted insufficiency to prove and stipulates to the asserted insufficiency to *disprove.*

Consecutively, because plaintiff accepts the defendant's assertion (insufficient knowledge/information to *disprove* my claims) **there is then a joint stipulation on**

---

[1] As an aside, the defendant gave 11 admissions,12 general denials, 34 denials solely as a conclusion of law, 29 denials alternating solely between conclusion of law and general denials, and 23 denials asserting mischaracterization of materials (with no asserted alternative characterization)

Defendants Denials organized by Denial Type:

Conclusions of Law: ll 3, 5-11 (parties and jurisdiction), ll 120,122, 129-130, 132-133, 164-165, 174, 191-195, 197, 200, 202-204, 254-255, 258, 263(a), 268, 275-277

Blanket Denial ("Denied."): ll 23, 32-33, 74, 139, 144*, 161(a)-161(b), 178, 181-183, 186, 190, 263 (k)

Blanket Denial and Conclusion of law: 28, 30-31, 121, 123(b), 124-126, 131, 156, 158, 160, 161(c), 162, 166-167, 175, 176-177, 179, 187-188, 189, 196, 198, 199, 250-252, 253, 272,

Mischaracterization: ll 35, 38, 41, 45, 47, 57, 65, 80, 82-83, 88, 123(a), 127, 201, 247,259-262, 263 (a), 263 (c)-263(g), 263(l), 264-266, 270-271

**the record to support the Defendant's forfeiture** of **any disputed claim** related (to those 95 complaint sections) and relying solely on information they possessed prior to 03/18/2024.

Therefore, **the record *precludes* the Defendant's use of any disputed claim *related* to the 95 complaint responses and *relying solely* on documents received before 03/18/2024.**

At *least* 8 of the defendants asserted undisputed facts (SUMF) relate back to those 95 responses *while relying solely* on materials received prior to March 18, 2024-- and are thereby forfeited by the defendant:

- SUMF 6: insofar as SUMF 6's reliance on Doc 131-7 (Defendant's Ex. 3) is properly disputed, these statements are related to Doc 64 ¶¶ 71-72, 84, 86(a)-86(d), 263(h)-263(j), and rely on emails (Defendant's Ex. 13) exchanged between myself and the Defendant's counsel on 09/23/2022.

- SUMF 8 and 17 are related to Doc 64 ¶¶ 71-72, 84, 86(a)-86(d), 263(h)-263(j), and rely on emails (Defendant's Ex. 13) exchanged between myself and the Defendant's counsel on 09/23/2022.

- SUMF 31-32 and 68 are related to Doc 64 ¶¶ 34, 140-142, and rely on ECF 20-17 (Defendant's Ex. 15) which was filed 06/16/2023.

- SUMF 90 is related to Doc 64 ¶13, and relies on my complaint filed in state court on 03/14/2023.

- SUMF 107 and 112 are related to Doc 64 ¶ II(3), and rely on Interview

Evaluation Forms (Defendant's Ex. 11) that have been in defendant's possession since 04/2021.

## Conclusion

For these reasons, Plaintiff requests that the court hold the Defendant's to their sworn answers in Doc 64 and take judicial notice that *any* use of SUMF 8, 17, 31-32, 68, 90 107 and 112 was forfeited by Defendant on Mar 18, 2024.

Sincerely,

<u>Assata Acey Hackman /s/</u>

Assata Hackman (Pro Se)

5121 Brown St,

Philadelphia, PA, 19139

770-231-1017

aceyassata@gmail.com

Date: 09/29/2024