# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASSATA ACEY<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>INDUCTEV<br><br>　　　　　　　　Defendant. | Case No.: 2:23-cv-01438<br><br>Judge Paul S. Diamond |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO DEEM FACTS AS UNCONTESTED (DOC. NO. 146)

Defendant InductEV ("Defendant"), by and through its attorneys, Fox Rothschild LLP, respectfully submits this Opposition to Plaintiff's Motion to Deem Facts As Uncontested (Doc. No. 146) (the "Motion").

Plaintiff's latest Motion asks the Court to deem all "proposed facts" in the body of her Amended Rule 56 Motion for Partial Summary Judgment, (Doc. No. 92) (the "AMPSJ") as undisputed due to Defendant's alleged failure to respond to "each of [her] proposed facts" in that filing. Yet Plaintiff's AMPSJ, to which Defendant responded on September 13, 2024 (*see* Doc. No. 145)—does **_not_** contain a concise, separate statement of material facts as required by the Court's rules governing Practice and Procedures and the Standing Order in this case. *See*

Judge Diamond Judicial Practice and Procedures at Section VI., C. Rule 56 Motions; Standing Order (Doc. No. 129) at Section VI., C. Rule 56 Motions.

The Court requires that "[w]hen moving for summary judgment pursuant to Federal Rule of Civil Procedure 56, the moving party shall file a separate, short, and concise statement of material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." *Id*. "Failure to include a statement of material facts may constitute grounds for denial of a motion for summary judgment." *Id.*

Plaintiff is the moving party in her AMPSJ. As the moving party, she is ***required*** to file a separate, short, and concise statement of material facts, in numbered paragraphs, as to which she contends there is no genuine issue to be tried. Plaintiff failed to do so. Despite having failed to comply with the rules, of which Plaintiff is aware, Plaintiff now claims that because the Defendant did not go through her AMPSJ and attempt to first, identify what she thought were facts, and then respond to them, the "facts" should be deemed admitted.[1]

---

[1] A review of Defendant's Response to Plaintiff's AMPSJ demonstrates that the items cited in the AMPSJ that are in the record and which Plaintiff asks be deemed as facts do not support Plaintiff's claims under law, and for the most part only lend additional support for the arguments made in Defendant's Motion For Summary Judgment. *See* Defendant's Motion for Summary Judgment (Doc. No. 131); *see also* Defendant's Opposition to Plaintiff's AMPSJ (Doc. No. 145).

2

Ironically, Plaintiff cites in detail the Court's rules governing the non-moving party's obligations during summary judgment, but conveniently omits the Court's rules requiring Plaintiff to file a "separate short and concise statement of material facts, in numbered paragraphs"—which she failed to do. Plaintiff only cites (and highlights) the Court's rules requiring Defendant to respond "to each numbered paragraph in the statement of the nonmoving party." Motion at p. 2. But nowhere in the AMPSJ, nor anywhere on the docket is there a separate statement of facts available for use in Plaintiff's AMPSJ. Nor does Plaintiff's Motion argue that there is. Plaintiff instead claims that "there is no itemized or otherwise specific reference to communicate specific admission or denial of each labelled [sic] fact asserted in Doc. 92."

A review of Plaintiff's AMPSJ shows that the AMPSJ is a mix of inaccurate legal conclusions with "facts" sprinkled in the mix. There is no separate statement of material facts for Defendant to respond to. The closest thing to one is found buried in Plaintiff's Motion papers (which is not a separate statement of facts), beginning with the title "Proposed Facts and Conclusions of Law" followed by the subheading "Retaliation counts (XVII, XVIII and XIX)" followed by "Test 1." Plaintiff then argues "Adverse Action[s]" and "Causal Connection[s]." *See* AMPSJ (Doc. 92) at p. 2. The list then continues with proposed "facts" mixed with legal argument and exhibits, which is then followed by a section titled "Damages"

before a "Proposed Conclusion." A true gallimaufry, there is **_nothing_** in the AMPSJ that remotely resembles what the Court's rules require: a "concise separate statement of material facts" to which Defendant must respond.

Plaintiff should not be permitted to flout the Court's rules while simultaneously seeking relief under them. Nor can Plaintiff reasonably represent to this Court that she, as a *pro se* Plaintiff, is unfamiliar with the Court's rules given that she has repeatedly cited them in the instant Motion and the numerous other Motions Plaintiff has filed, all having been given careful consideration by the Court, and all but a few universally denied. This Motion should also be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion should be denied. A Proposed Order is attached.

        Respectfully Submitted,

**FOX ROTHSCHILD LLP**

*/s/ Randall C. Schauer*
Randall C. Schauer (ID No. 34273)
Alberto M. Longo (ID No. 328893)
Eagleview Corporate Center
747 Constitution Drive, Suite 100
Exton, PA 19341-0673
Tel – (610) 458-7500
Fax – (610) 458-7337
rschauer@foxrothschild.com
alongo@foxrothschild.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 1, 2024, a true and correct copy of the foregoing document was served on all parties via electronic mail per the addresses contained on the docket in this matter.

                                              **FOX ROTHSCHILD LLP**

                                              */s/ Randall C. Schauer*
                                              Randall C. Schauer, Esquire
                                              *Attorney for Defendant, InductEV*